UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROCA LABS, INC., a corporation;<br><br>ROCA LABS NUTRACEUTICAL USA, INC., a corporation;<br><br>DON JURAVIN, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.; and<br><br>GEORGE C. WHITING, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.,<br><br>Defendants. | Case No.  8:15-cv-02231-MSS-TBM<br><br><br>(Proposed)<br>**STIPULATED TEMPORARY RESTRAINING ORDER WITH OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and moved for a Temporary Restraining Order with Other Equitable Relief and an Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure on September 24, 2015.

The FTC and Defendants Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Don Juravin, and George C. Whiting (collectively, "Defendants"), through counsel, have now stipulated and agreed to entry of this Stipulated Temporary Restraining Order with Other Equitable Relief and an Order to Show Cause Why a Preliminary Injunction Should Not Issue. The Court, having considered the Complaint, declarations, exhibits, memorandum of

law filed in support of the FTC's motion, and other documents filed in the Court's docket, and now being advised in the premises, finds that:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties and that venue in this district is proper as Defendants are all located in or have transacted business within the Middle District of Florida.

2.     The FTC asserts in its Complaint and other filings that there is good cause to believe that Defendants have engaged in, and will continue acts and practices that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, in connection with the advertising and sale of weight-loss products, and in connection with the use of contractual provisions that prohibit purchasers from speaking or publishing truthful or non-defamatory negative comments or reviews about Defendants, their products, or their employees.

3.     Defendants have not admitted to liability as to the causes of action in the Complaint, and their consent to entry of this Stipulated Temporary Restraining Order shall not be interpreted to constitute an admission that they have engaged in violations of the FTC Act or any law or regulation.

4.     No security is required of any agency of the United States for the issuance of a temporary restraining order. *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Stipulated Temporary Restraining Order ("Order"), the following definitions shall apply:

1.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds,

contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Competent and Reliable Scientific Evidence"** means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

3.      **"Individual Defendant"** means Don Juravin and/or George C. Whiting, by whatever name(s) they may be known.

4.      **"Corporate Defendant"** means Roca Labs, Inc., and/or Roca Labs Nutraceutical USA, Inc., their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities or any of them.

5.      **"Covered Product"** means any dietary supplement, food, or drug that contains glucomannan, guar gum, beta glucan, or xanthan gum, including, but not limited to, Roca Labs "Formula," Roca Labs "Anti-Cravings," Roca Labs Gastric Bypass Alternative, Roca Labs Gastric Bypass No Surgery, and any other Roca Labs "Procedure."

6.      **"Defendant(s)"** means the Individual Defendants and Corporate Defendants individually, collectively, or in any combination.

7.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or non-identical copy is a separate Document within the meaning of the term.

8.      **"Material connection"** shall mean any relationship that materially affects the weight or credibility of any endorsement and that would not be reasonably expected by consumers.

9. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

## I.

## TEMPORARY RESTRAINT ON DECEPTIVE AND UNSUBSTANTIATED CLAIMS

**IT IS THEREFORE ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Covered Product, are hereby temporarily restrained and enjoined from making, assisting others in making, including through the use of a product name, endorsement, depiction, or illustration, any representation, expressly or by implication, that:

A.    Use of such Covered Product enables the user to reduce food intake, including by as much as by fifty percent;

B.    Use of such Covered Product enables the user to lose weight, including as much as 21 pounds in one month and as much as 100 pounds in seven to ten months;

C.    A significant percentage of users, including as much as ninety percent of users, of such Covered Product will lose substantial amounts of weight;

D.    Such Covered Product is comparable or superior to bariatric surgery in providing weight-loss benefits;

E.    The efficacy of such Covered Product for achieving weight loss is scientifically proven; or

F.    Such Covered Product is safe and effective for weight loss in children;

unless the representation is non-misleading and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence, that is sufficient in quality and quantity based on standards generally accepted in the scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.

## II.

## TEMPORARY RESTRAINT ON NON-DISPARAGEMENT CONTRACT PROVISIONS

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, are hereby temporarily restrained and enjoined from:

A.   Purporting to bind, including through any notice, warning, threat to enforce or attempt to enforce, any purchaser of a Covered Product—regardless of when purchased—to any contractual provision that purports to prohibit purchasers from speaking or publishing truthful or non-defamatory negative comments or reviews about Defendants, their products, or their employees;

B.   Representing that any purchaser of a Covered Product—regardless of when purchased—owes or has agreed to pay the difference between any purported "discount price," "subsidized price," or other price the purchaser was actually charged at the time of purchase of a Covered Product and the purported "full price" for a Covered Product, if the purchaser speaks or publishes negative comments or reviews about Defendants, their products, or their employees; or

C.   Retaliating, threatening to take, or taking any adverse action against any person who communicates or cooperates with, provides statements, documents, or information to, or testifies on behalf of, the FTC or other party in connection with any law enforcement investigation or filed litigation, including by enforcing or

threatening to enforce any contractual provision that purports to prohibit the

person from speaking or publishing negative or disparaging comments or reviews

about Defendants, their products, or their employees.  Nothing in this

subparagraph, however, shall bar Defendants from filing an action or from taking

any legally required steps to file or maintain an action, provided that the action:

(1) does not violate subparagraphs A or B, above; and (2) is not based upon

cooperation with any law enforcement organization, or any statement made or

information provided in connection with any law enforcement investigation or

filed litigation.

Any person, including any purchaser of a Covered Product, may cooperate with and provide statements to the FTC and any outside party without regard to any existing agreement purporting to limit or prevent purchasers from communicating with any party about Defendants, their products, or their employees.

### III.
### <u>TEMPORARY RESTRAINT ON MISREPRESENTING</u>
### <u>WEBSITES AND FAILURE TO DISCLOSE MATERIAL CONNECTIONS</u>

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained from:

A. misrepresenting that any website, including but not limited to Gastricbypass.me, is an independent, objective resource for research and information related to bariatric surgery and alternatives to bariatric surgery for weight loss, and about Roca Labs products;

B. failing to disclose, or disclose adequately:

1. any material connection, including but not limited to compensation, incentives, refunds, or discounts, when such a connection exists between any

user or endorser of any Covered Product and Defendants or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing such Covered Product; and

2. If applicable, that the content of any website, publication, or testimonial has not been authored by an independent objective source but is in fact an advertisement placed for compensation.

## IV.

## TEMPORARY RESTRAINT ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained from disclosing to any third party any health or medical information consumers submitted in the process of qualification for, or purchase of Defendants' products, unless such disclosure is reasonably necessary to protect the health or safety of any person, is required by law or court order, is made in a non-public court filing, or is provided in response to a discovery request and subject to confidential treatment by the requesting party.

## V.

## ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

A.    Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing, or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the

benefit of, in whole or in part, Defendants, or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur, including reasonable legal expenses. For the duration of this Order, Defendants shall create and maintain an accounting of any withdrawal, transfer, encumbrance, or other dissipation of assets for actual, ordinary, and necessary business or living expenses, The Defendants shall provide a copy of this accounting to the Commission no later than fourteen (14) days after entry of this Order. Defendants shall provide additional copies of this accounting to the Commission within three (3) days of the Commission's request.

B.     The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

## VI.

## FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that within ten (10) calendar days after entry of this Order, or such other deadline as the parties agree to, each of the Defendants shall provide to counsel for the Commission a detailed accounting of:

A.     each Covered Product advertised, marketed, promoted, offered for sale, distributed, or sold by or on behalf of Defendants since January 1, 2010, including a brief description of each product;

B.     gross revenues and net profits (in U.S. Dollars) obtained from the advertising, marketing, or sale of each Covered Product identified in Subsection VI.A, above, from inception of the advertising, marketing, or sale of that product through the date of entry of this Order; and

C.     money that any Defendant paid to, or was paid by, any other Defendant since January 1, 2010, including a brief description of the basis for any payment of $1000 or more.

## VII.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.     Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants, or the business practices or finances of entities directly or indirectly under the control of Defendants; and

C.     Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VIII.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the Commission is granted leave, at any time after entry of this Order to:

    A.    Take the deposition of any person, whether or not a party, for the purpose of discovering the nature and location of:

        1.  Documents relating to the management, ownership, control, contractual relationships, and business activities of any Defendant;

        2.  Documents relating to the creation, testing, production, advertising, marketing, sale, shipment, or substantiation for any Covered Product;

        3.  Documents relating to the current methods by and channels through which any Covered Product is marketed, advertised, or sold and Defendants' expenditures relating to such activities;

        4.  Documents relating to communications between Defendants or any of their agents, employees, or attorneys with purchasers regarding contractual provisions that purport to prohibit purchasers from speaking or publishing negative comments or reviews about Defendants, their products, or their employees; and

        5.  The assets of any Defendant.

    B.    Demand the production of Documents from any person, whether or not a party, for the purpose of discovering:

        1.  The management, ownership, control, contractual relationships, and business activities of each Corporate Defendant;

        2.  Written communications between Defendants or any agents, employees, or attorneys with purchasers regarding contractual provisions that purport to prohibit purchasers from speaking or publishing negative comments or reviews about the Defendants, their products, or their employees;

3. Any substantiation, other than the studies cited in the RocaLabs.com "Letter to Your Doctor" and the Mini-Gastric-Bypass.me "Ask the Doctor, Medical Evidence for Success" pages, for any claims relating to the weight loss efficacy or safety of any Covered Product; and

4. The nature, location, status and extent of the assets of Defendants.

C.     Five (5) days notice shall be deemed sufficient for any such deposition, seven (7) days notice shall be deemed sufficient for the production of any such documents, and three (3) days notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Middle District of Florida, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section X of this Order.

## IX.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their companies, corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them. Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on the Commission an

affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity that said Defendant served with a copy of this Order in compliance with this Section.

## X.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of the Commission, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## XI.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency shall furnish a consumer or credit report concerning any Defendant to the Commission upon service of this Order.

## XII.

## DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on October 28, 2015, at 6:00 p.m. Eastern Time, unless, within such time, for good cause shown, the Order is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XIII.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED,** pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court,  in courtroom 10B of the Sam M. Gibbons

U.S. Courthouse building at 801 North Florida Avenue, Tampa, Florida, on the _____ day of _____, 2015, at _____ __.m. Eastern Time, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and imposing such additional relief as may be appropriate.

**Provided that,** Defendants must file with the Clerk's Office and deliver to the counsel for the Commission any brief responding to the order to show cause why a preliminary injunction should not be entered no later than ten (10) business days before the time scheduled for the hearing.  An evidentiary hearing on the Commission's request for a preliminary injunction is not necessary unless the Court grants express leave to the contrary in advance of the hearing.

**Provided further that,** Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than five (5) days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and Documents shall be delivered so that they shall be received by the other parties no later than 12 pm on the appropriate dates listed in this Section.  If any party to this action intends, after Court approval, to present the testimony of any witness at the hearing on a Preliminary Injunction in this matter, that party shall, at least three (3) days prior to the scheduled date and time of hearing, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit revealing the substance of such witness' expected testimony.

## XIV.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be sent via overnight private delivery service or email and addressed to Carl Settlemyer, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room CC-10528, Washington, DC 20580.  Telephone:  (202) 326-2019.  Email: csettlemyer@ftc.gov.

## XV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED,** this ____ day of _____, 2015, at ___ ___.m.

_____
Hon. Mary S. Scriven
United States District Judge

SO STIPULATED:

JONATHAN E. NEUCHTERLEIN
General Counsel

_____
CARL H. SETTLEMYER, III
(Trial Counsel)
PAUL B. SPELMAN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
202-326-2019, -2487 (Tel.)
202-326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov

Attorneys for Plaintiff

_____
SUZETTE M. MARTENY
(Trial Counsel)
Shumaker, Loop & Kendrick, LLP
Bank of America Plaza
101 E. Kennedy Boulevard
Suite 2800
Tampa, FL 33602
813-227-2272 (Tel.)
813-229-1660 (Fax)
smarteny@slk-law.com

Attorneys for Defendants Roca Labs, Inc.,

14

Federal Trade Commission

Roca Labs Nutraceutical USA, Inc., Don
Juravin, and George C. Whiting

15