**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                                                Case No: 8:15-cv-2231-T-35TBM

**ROCA LABS, INC., a corporation,
ROCA LABS NUTRACEUTICAL USA,
INC., a corporation, DON JURAVIN,
individually and as an officer of Roca
Labs, Inc. and Roca Labs Nutraceutical
USA, Inc., GEORGE C. WHITING,
individually, and as an officer of Roca
Labs, Inc. and Roca Labs Nutraceutical
USA, Inc.,**

    **Defendants.**
_____/

**ORDER ENTERING STIPULATED TEMPORARY RESTRAINING ORDER**

    **THIS CAUSE** comes before the Court for consideration of the Stipulated Temporary Restraining Order with Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. 11), filed jointly by the Parties on September 25, 2015.

    Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter against Defendants, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 53(b), on

September 24, 2015.  (Dkt. 1)   On the same date, the FTC also filed a Motion for Noticed Temporary Restraining Order.  (Dkt. 6)   The Parties now inform the Court that they have stipulated and agreed to the entry of their proposed Temporary Restraining Order with Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue.   (Dkt. 11)

Upon consideration of all relevant filings and being otherwise fully advised, the Court determines that the Parties' Stipulated Temporary Restraining Order with Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. 11) shall be **APPROVED** and **ENTERED**.   This Order is entered on the **STIPULATION** of the parties, not based on any independent review or findings by the Court other than as to venue and jurisdiction.   More specifically and pursuant to Federal Rule of Civil Procedure 65(d)(1)(A) and the Parties' stipulation, this Order is entered to resolve the FTC's Motion for Noticed Temporary Restraining Order.   (Dkt. 6)

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Stipulated Temporary Restraining Order with Other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. 11), attached as an Exhibit hereto and incorporated by reference herein, is **APPROVED** and **ENTERED** by the Court.

2. This case is set for hearing on **Thursday, October 22, 2015, in the Sam Gibbons United States Courthouse, Tampa, Florida, Courtroom 10B at 9:30 a.m.** before United States District Judge Mary S. Scriven.   The Court has set aside **two (2) hours**[1] for this hearing.  Defendants shall be prepared to

---

[1] Should a request be made for an evidentiary hearing, it may be necessary for the Court to extend the length of the hearing.

**SHOW CAUSE**, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and imposing such additional relief as may be appropriate.

3. Defendants shall file their show cause response on or before **October 12, 2015**.

4. The FTC shall be entitled to file a reply and any supplemental legal authority and/or affidavits on or before **October 16, 2015**.

5. An evidentiary hearing on the FTC's request for the entry of a preliminary injunction, to include the calling of witnesses, is not necessary unless the Court grants express leave to the contrary in advance of the hearing.  A request for an evidentiary hearing must be made on or before **October 16, 2015**.  In the absence of same, the Court will resolve the matter after the hearing on the arguments of counsel and affidavits and pleadings filed in the moving papers and the response.

6. Should the Parties resolve the matter in whole or in part such that a show cause hearing is no longer required, they shall immediately notify the Court so that the hearing may be canceled.

7. All persons entering the Courthouse must present photo identification to Court Security Officers.  Counsel are permitted to bring into the courthouse electronic devices in accordance with the procedures set forth in the standing Order of this Court: In re: Possession and Use of Personal Electronic Devices

in Federal Courthouses in the Middle District of Florida, 6:13-mc-94-Orl-22 (October 1, 2013).

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of September, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4