UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**ROCA LABS, INC.**, a corporation; **ROCA LABS NUTRACEUTICAL USA, INC.**, a corporation; **DON JURAVIN**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.; and **GEORGE WHITING**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.<br><br>Defendants. | Civ. No. 8:15-cv-02231-MSS-TBM |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR NOTICED TEMPORARY RESTRAINING ORDER**

Pursuant to this Court's "Order Entering Stipulated Temporary Restraining Order," [Dkt #13] Plaintiff Federal Trade Commission ("FTC" or "Commission") files this reply to the Defendants' Opposition [Dkt #18] ("Opp.") to the FTC's Motion for Noticed Temporary Restraining Order and Memorandum in Support [Dtk #6] ("TRO Mem.").

### I. Introduction

The Defendants do not contest the FTC's evidence of their egregious pre-complaint conduct (TRO Mem. at 11-15). Nor do they refute the FTC's legal analysis (*id.* at 22-28) demonstrating that their non-disparagement provision practices are "unfair" under Section

5(n) of the FTC Act (15 U.S.C. § 45(n)).[1] Instead, they take issue with a purported FTC "agenda to ban the use of non-disparagement clauses" (Opp. at 2 n.2; see also *id.* at 3, 7). However, this case and the FTC's motion are not about the use of non-disparagement provisions in the abstract, or in all circumstances, nor about "[t]he regulation of public comment through on-line reviews." (Opp. at 7). The issue presented in the FTC's motion arises from the unfair use of non-disparagement provisions *by these defendants to suppress truthful comments by purchasers of their weight loss products*.[2] The FTC is not asking this Court to ban permanently "all manner of anti-disparagement clauses." (Opp. at 7). It is asking for a preliminary ban on the Defendants' continued use of them in connection with the sale of their dietary supplements; nothing more and nothing less. Absent this injunctive relief, the Defendants would continue to deprive consumers of truthful, negative information that relates to their health and Defendants' business practices.[3]

---

[1] Section 5 of the FTC Act prohibits acts or practices that "cause[] or [are] likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n).

[2] *See also* Complaint ¶¶ 44-53, 64-66 [Dkt #1]. The draft proposed stipulated preliminary injunction that the parties submitted to the Court on October 14, 2015 includes language agreeable to the FTC and the Defendants as to all other issues relating to the FTC's request for a preliminary injunction. See Draft of Proposed Stipulated Preliminary Injunction [Dkt #19-1] ("Proposed PI").

[3] The preliminary injunction requested by the FTC would prohibit the Defendants' use of contractual provisions to bar purchasers of "Covered Products" from publishing truthful commentary about the Defendants or their products. Proposed PI, ¶ II.A [Dkt #19-1, PageID 1087]. Covered Products means any "dietary supplement, food, or drug that contains glucomannan, guar gum, beta glucan, or xanthan gum," including the Defendants' existing "Roca Labs Formula." [Dkt #19-1, PageID 1085].

## II. Defendants' Non-Disparagement Provision Practices In This Case Are Unfair

The FTC has described and documented, in unchallenged detail, how the Defendants have used non-disparagement provisions and related threats to suppress truthful, negative information about themselves, and about their deceptively marketed weight-loss supplements, to gain an unfair advantage over consumers and distort their decisionmaking. (TRO Mem. at 11-15.) Defendants do not contest the extensive, troubling evidentiary record on this front.

Nor do the Defendants contest the evidence detailing their false and unsubstantiated "Gastric Bypass No Surgery" and similar claims targeted at vulnerable consumers (TRO Mem. at 3-8), their deceptive endorsement practices (*id.* at 8-9), and their deceptive privacy promises (*id.* at 9-11). While the Defendants' decision not to contest these other issues is welcome—and the FTC recognizes that the Court need not directly rule on them at this point—Defendants' use of non-disparagement provisions and related threats cannot be considered in isolation from their product claims and other conduct. The evidence of Defendants' deceptive practices shows why Defendants' customers would have reason to make negative comments, and is relevant to an understanding of why the relief the FTC seeks is appropriate. *Cf. FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 2015 U.S. App. LEXIS 14839, *17 (3d. Cir. 2015) (facts relevant to unfairness and deception claims frequently overlap; "We cannot completely disentangle the two theories here.").

On the legal issue, the Defendants fail to refute the FTC's unfairness analysis. They advance no argument that consumers are not, or are not likely to be, substantially injured by the Defendants' suppression of purchasers' truthful criticism; they effectively concede that

the injury flowing from their practices is not reasonably avoidable by consumers themselves; and they scarcely attempt to explain any countervailing benefits to the practices.

The only specific countervailing consideration they offer is that "on-line review systems likely contain both false positive and false negative reviews," and that "[f]alse or exaggerated consumer reviews can be extremely damaging to a business[.]" (Opp. at 7-8.) However, the Proposed PI language at issue would only bar Defendants from restricting their purchasers from posting truthful information; thus the Defendants' concern with false consumer reviews is misplaced. The Proposed PI is narrowly tailored and would permit them to take legal action against defamatory falsehoods. The Defendants offer no argument—let alone evidence—showing how any benefits from restricting truthful consumer reviews would outweigh the substantial injury that their practices cause or likely cause consumers.

While consumers should approach online reviews critically (see PX 8 (Pavlou Dec.) ¶ 15 [Dkt #6-17, PageID 991]), there is no benefit to consumers or competition from practices that systematically deprive consumers of truthful, negative information that they might otherwise be able to obtain from prior purchasers of the Defendants' weight loss products. Indeed, injury from such practices is likely (see TRO Mem. at 23-26; PX 8 ¶¶14-18 [Dkt #6-17, PageID 991-92]), and stopping them is clearly in the public interest.

### III.  The FTC Is Likely To Prevail On The Merits Of Its Unfairness Claim And The Court Should Issue A Preliminary Injunction

Instead of analyzing the Section 5(n) unfairness factors as they relate to their own conduct, Defendants' main legal contention appears to be that the FTC cannot establish a likelihood of success on its unfairness count "[i]n the absence of any statute, case law,

administrative rule, or other prior administrative action concerning non-disparagement clauses[.]" (Opp. at 5.) The Defendants cite no authority for this assertion. In fact, federal courts have consistently applied Section 5's broad mandate to novel fact patterns, issuing both interim and permanent relief in the process.

As the U.S. Court of Appeals for the Tenth Circuit ruled several years ago in affirming a district court's grant of summary judgment in the FTC's favor, "[t]he FTCA enables the FTC to take action against unfair practices that have not yet been contemplated by more specific laws." *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1194 (10th Cir. 2009) (affirming injunction against sale of telephone records and personal information despite the lack of a pre-existing law specifically prohibiting such conduct). S*ee also FTC v. Neovi, Inc.*, 604 F.3d 1150 (9th Cir. 2010) (affirming injunction barring practices of website that created and delivered checks at the request of users); *FTC v. Windward Mktg., Ltd.*, 1997 U.S. Dist. LEXIS 17114, *21-22 (N.D. Ga. 1997) (noting that a temporary restraining order and preliminary injunction were granted over unfair and deceptive telemarketing practices); *FTC v. Seismic Entertainment Productions, Inc.*, 2004 U.S. Dist. LEXIS 22788, *5 n.2 (D. N.H. 2004) (granting FTC motion for temporary restraining order against unfair internet advertising activities that raised matter of first impression).[4]

---

[4] The Defendants also pose the abstract question of "whether the FTC is empowered to dictate the terms of contracts between private parties," including barring Defendants' use of non-disparagement provisions. (Opp. at 2.) They fail to explain, however, why any practices that injure or are likely to injure consumers through private contracts are beyond the scope of Section 5(n). *Cf. Orkin Exterm. Co., Inc. v. FTC*, 849 F.2d 1354, 1363-68 (11th Cir. 1988) (affirming FTC finding that seller's unilateral breach of consumer contracts was an unfair practice under the FTCA).

In addition, courts have recognized the Commission's discretion to determine how best to remedy deceptive and unfair practices. *See FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 617 (D. N.J. 2014) (choice of whether to proceed by rulemaking or by individual adjudication lies within the informed discretion of the administrative agency), *aff'd*, 799 F.3d 236 (3d Cir. 2015); *Encyclopaedia Britannica, Inc. v. FTC*, 605 F.2d 964, 973-74 (7th Cir. 1979) (the FTC has "wide discretion in selecting its methods of remedying deceptive and unfair practices," which extends "to the decision whether to proceed by rulemaking or adjudication").

To obtain preliminary injunctive relief, the FTC must "show that (1) it is likely to succeed on the merits, and (2) injunctive relief is in the public interest." *FTC v. IAB Mktg. Assoc., LP*, 746 F.3d 1228, 1232 (11th Cir. 2014), citing *FTC v. University Health, Inc.*, 938 F.2d 1206, 1217-18 (11th Cir. 1991). The Eleventh Circuit, in *University Health*, refers to the second prong of this test in terms of balancing the public equities. 938 F.2d at 1217-18, 1224-25. In this context, private equities should be afforded little weight. *See id.* at 1225; *see also FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (noting that public equities receive "far greater weight"). Defendants have not explained or provided evidence of how businesses generally – even their own – would be hurt by the Proposed PI language that the FTC seeks. Thus, the balance of equities clearly weighs in favor of consumers' ability to receive truthful information.

### IV.     Conclusion

The evidence the FTC has submitted in this case, and that the Defendants have not contested, shows that the Defendants deprive prospective purchasers of important and true

information about the efficacy, tolerability, and side effects of Roca Labs products and about Defendants' policies and practices.  Consequently, purchasers have spent, or will likely spend, significant sums of money and may forgo or delay more effective weight-loss measures.  Whether one refers to the Defendants' contractual provisions and related threats as "gag clause practices" or "non-disparagement practices," the bottom line is that their practices are unfair under Section 5(n) of the FTC Act.  Accordingly, the FTC requests that this Court enjoin them through the narrowly tailored language of paragraph II.A. of the Proposed PI pending final resolution of this case.

Date:  October 16, 2015

>*/s/ Carl H. Settlemyer, III*
>Carl H. Settlemyer, Esq.
>Paul B. Spelman, Esq.
>Federal Trade Commission
>600 Pennsylvania Avenue, N.W., CC-10528
>Washington, D.C. 20580
>Tel.:  202-326-2019, -2487
>Fax:  202-326-3259
>Email:  csettlemyer@ftc.gov, pspelman@ftc.gov
>Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on this 16th day of October 2015, I electronically filed the foregoing **Plaintiff's Reply To Defendants' Opposition To Plaintiff's Motion For Noticed Temporary Restraining Order** with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to the following attorney of record:

    Suzette Marteny
    Shumaker, Loop & Kendrick, LLP
    101 E. Kennedy Blvd. Ste. 2800
    Tampa, FL 33602
    smarteny@slk-law.com

                                              s/<u>Carl H. Settlemyer, III</u>
                                              Attorney