UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**ROCA LABS, INC.**, a corporation; **ROCA LABS NUTRACEUTICAL USA, INC.**, a corporation; **DON JURAVIN**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.; and **GEORGE WHITING**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.

Defendants.

Civ. No. 8:15-cv-02231-MSS-TBM

## <u>DEFENDANT DON JURAVIN'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, Don Juravin ("Juravin"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's, Federal Trade Commission ("FTC") Complaint and states as follows:

1.      Admitted that this is an action for alleged violations of Section 13(b) of the Federal Trade Commission Act ("FTC Act") and that the FTC is seeking a variety of remedies. Otherwise denied.

2.      Admitted.

3.      Admitted.

4.      The allegations in paragraph 4 are legal conclusions to which no response is required. Otherwise denied.

5.      The allegations in paragraph 5 are legal conclusions to which no response is required.  Otherwise denied.

6.      Juravin admits that Roca Labs, Inc. ("Roca Labs") is a corporation that does business using the addresses referenced in paragraph 6.  Juravin admits that Roca Labs markets and sells its Formula and Anti-Cravings products directly to consumers primarily via the internet through websites such as RocaLabs.com.  Juravin admits that Roca Labs does business in this district and throughout the United States.  Juravin admits that RLI is the current owner of several United States trademark registrations that are used in connection with the sale of Roca Labs' products.  Otherwise denied.

7.      Juravin admits that Roca Labs Nutraceutical USA, Inc. ("Roca USA") is a corporation having the addresses referenced in paragraph 7.  Otherwise denied.

8.      Juravin admits that he carried out the marketing activities of Roca Labs since 2009; substantially assumed control of its day-to-day activities in 2013; controlled the business activities of Roca USA since 2014 and that such activities were conducted in this judicial district.  Admitted that Juravin owns and controls Juravin, Inc.  Otherwise denied.

9.      Juravin admits that George Whiting is its nominative president, secretary, treasurer and director.  Otherwise denied.

10.     The allegations in paragraph 10 are legal conclusions to which no response is required.  Otherwise denied.

11.     The allegations in paragraph 11 are legal conclusions to which no response is required.  Otherwise denied.

12.     Juravin admits that Roca Labs marketed and sold the Roca Labs Formula and Anti-Cravings, which are dietary supplements marketed as weight loss products. Otherwise, denied.

13.     Juravin admits that Roca Labs lists the Roca Labs Formula ingredients, displays the product label and that the formula is a proprietary combination of various ingredients on RocaLabs.com. Juravin denies the remainder of the allegations in paragraph 13 and states that the information displayed on RocaLabs.com speaks for itself. Otherwise denied.

14.     Juravin admits that Roca Labs' Anti-Cravings product includes Beta Glucan and Fibersol®-2. Juravin denies the remainder of the allegations in paragraph 14 and states that the information displayed on RocaLabs.com speaks for itself. Otherwise denied.

15.     Juravin admits that Roca Labs sells products at various price points. Otherwise denied.

16.     Juravin admits that Roca Labs has advertised, marketed and promoted its products through the Roca Labs Websites using a variety of methods under the trademarks GASTRIC BYPASS NO SURGERY® and GASTRIC BYPASS ALTERNATIVE®. Otherwise denied.

17.     Juravin admits that the substantial majority of Roca Labs' sales are generated through Roca Labs' websites.

18.     Juravin admits that Roca Labs has used a variety of core messages when it advertised and marketed the products. Otherwise denied.

19.     Juravin admits that Roca Labs has used online advertising, such as Google Ads.  Otherwise denied.

20.     Roca Labs is without knowledge as to the truth of the allegations in paragraph 20; therefore denied.

21.     Juravin admits that Roca Labs utilizes banner and text advertisements, and that it uses news releases.  Otherwise denied.

22.     Juravin is without knowledge as to the truth of the allegations in paragraph 22; therefore denied.

23.     Juravin admits that Roca Labs has used the illustration in paragraph 23. Juravin states that the referenced URLs speak for themselves. Juravin is without knowledge as to the truth of the remainder of the allegations in paragraph 23 and therefore denies same.

24.     Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

25.     Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

26.     Juravin admits that Roca Labs has used the advertisement reproduced in paragraph 26.  Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

27.     Juravin admits that Roca Labs has used certain documents describing the benefits of its products on its websites.  Otherwise denied.

28.     Juravin states that Exhibit B and the information on the RocaLabs.com speak for themselves.  Otherwise denied.

29.     Juravin states that Exhibit B, the information on the RocaLabs.com the Terms and Conditions speak for themselves.  Otherwise denied.

30.     Juravin states that the content of its websites speaks for itself.  Otherwise denied.

31.     Juravin admits that Roca Labs uses testimonials.  Juravin states that the content of its websites speaks for itself.  Otherwise denied.

32.     Juravin admits that Roca Labs provides financial incentives to its customers and rewards them from documenting their weight loss using Roca Labs products.  Otherwise denied.

33.     Juravin admits the allegations contained in paragraph 33.

34.     Juravin denies the allegations in paragraph 34.

35.     Denied.

36.     Juravin states that the content of gastricbypass.me and Exhibit C speak for themselves.  Otherwise denied.

37.     Juravin states that gastricbypass.me and Exhibit C speak for themselves.  Otherwise denied.

38.     Juravin states that the content of the quoted websites speaks for themselves.  Juravin admits that Roca Labs sells the Formula and Anti-Cravings at a variety of price points.  Otherwise denied.

39.     Juravin admits that Roca Labs' customers must complete a qualification process to order products.  Exhibit A speaks for itself.  Otherwise denied.

40.     Juravin admits that Roca Labs' customers must complete a qualification process that includes a health application before they are permitted to order products. The health application, the website and the video speak for themselves. Otherwise denied.

41.     Juravin admits that Roca Labs' customers must check a box acknowledging that they have read and agreed to Roca Labs' terms, privacy and return policies. Otherwise denied.

42.     Juravin admits that when Roca Labs ships products to customers, it encloses written documentation.   Juravin states that such written documentation speaks for itself. Otherwise denied.

43.     Juravin states that the Roca Labs Procedure Rules & Diet document speaks for itself. Otherwise denied.

44.     Juravin states that package inserts, contracts and other written documentation speaks for themselves.  Juravin admits that Roca Labs requires purchasers to agree not to publicly disparage Roca Labs.   Roca Labs products are but a few of thousands of supplements on the market; if consumers do not wish to be bound by the terms of Roca Labs' agreements, they are free to purchase any of the other thousands of supplements on the market.  Juravin denies that Roca Labs is using any sort of clause that prohibits or restrains customers from selecting the product of their choice or that harms the public in any way. Juravin admits that Roca Labs has in the past filed lawsuits against customers who have breached their contracts with Roca Labs, and against third parties for tortiously interfering with Roca Labs' contracts with its customers.  Otherwise denied.

45.     Juravin admits that Roca Labs' Terms are generally accessible on its websites. Exhibits D-G speak for themselves. Otherwise denied.

46.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs. Exhibit D speaks for itself. Otherwise denied.

47.     Roca Labs admits that it has required its customers to agree not to publicly disparage Roca Labs. Exhibits E-G speak for themselves. Otherwise denied.

48.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs. Exhibits D, E-G speak for themselves. Juravin states that the referenced "August 2014 court filing . . . verified by Juravin" speaks for itself. Otherwise denied.

49.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs. Exhibits E-G speak for themselves. Otherwise denied.

50.     Juravin admits that Roca Labs provides its customers with a two-page, large print "Summary" document with each order. Juravin states that Exhibit H speaks for itself. Otherwise denied.

51.     Juravin admits that Roca Labs has enforced its contracts and taken action to preserve and enforce its legal rights. Otherwise denied.

52.     Juravin admits that Roca Labs has enforced its contracts and taken action to preserve and enforce its legal rights. Juravin admits that Roca Labs has taken action against an online site that allows companies to sign up to promote themselves by paying to post

unverified customer testimonials about their own products,[1] or to post false, anonymous negative testimonials about competitors' products.  Otherwise denied.

53.     Juravin denies that Roca Labs has published or disclosed any protected health information.  Juravin states that information disclosed in credit card disputes speaks for itself.  Otherwise denied.

54.     The allegations in paragraph 54 are legal conclusions to which no response is required.  Otherwise denied.

55.     The allegations in paragraph 55 are legal conclusions to which no response is required.  Otherwise denied.

56.     The allegations in paragraph 56 are legal conclusions to which no response is required.  Otherwise denied.

57.     The allegations in paragraph 57 are legal conclusions to which no response is required.  Otherwise denied.

**Count I**
**Deceptive Weight-Loss Claims**

58.     Juravin restates and re-alleges his responses to paragraphs 12-40 as if set forth fully herein and denies the remaining allegations in paragraph 58.

59.     Denied.

60.     Denied.

**Count II**
**False Establishment Claim**

---

[1] Pissed Consumer Terms and Conditions, Paragraph 15, from http://www.pissedconsumer.com/tos.txtpay, *accessed* October 19, 2015.

61.     Juravin restates and re-alleges his responses to paragraphs 12-40 as if set forth fully herein and denies the remaining allegations in paragraph 61.

62.     Denied.

63.     Denied.

## Count III
## Unfair Use of Non-Disparagement Provisions

64.     Juravin restates and re-alleges his responses to paragraphs 12-42 and 44-52 as if set forth fully herein.  Juravin admits that Roca Labs requires its customers to agree to refrain from publicly disparaging Roca Labs.  Otherwise denied.

65.     Denied.

66.     Denied.

## Count IV
## Misrepresentations About Gastric Bypass.me

67.     Juravin restates and re-alleges his responses to paragraphs 36-37 as if set forth fully herein.  Otherwise denied.

68.     Juravin states that gastricbypass.me is affiliated with Roca Labs.  Otherwise denied.

69.     Denied.

## Count V
## Failure to Disclose Material Connections

70.     Juravin restates and re-alleges his responses to paragraphs 31-37 as if set forth fully herein.  Otherwise denied.

71.     Juravin admits that Roca Labs did not disclose that customers were rewarded/incentivized for providing their testimonials after losing weight using Roca Labs

products.  Juravin admits that if Roca Labs had disclosed this reward program to prospective customers, it may have influenced more people to purchase the Roca Labs products.

72.    Denied.

## Count VI
## Deceptive Privacy Claim

73.    Juravin restates and re-alleges his responses to paragraphs 38-42 as if set forth fully herein.  Otherwise denied.

74.    Juravin denies that Roca Labs has disclosed customer information in any way that violates any laws or agreements.  Otherwise denied.

75.    Denied.

## Count VII
## Deceptive Discount Claim

76.    Juravin restates and re-alleges his responses to paragraphs 44-53 as if set forth fully herein.  Otherwise denied.

77.    Denied.

78.    Denied.

## Consumer Injury

79.    Denied.

## This Court's Power To Grant Relief

80.    The allegations in paragraph 80 are legal conclusions to which no response is required.  Otherwise denied.  Otherwise denied.

## Prayer for Relief

81.     Juravin denies that the FTC is entitled to any relief and requests that this Court deny all relief requested in this paragraph 81, including subparts A, B and C.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FTC has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The FTC failed to take any action for nearly five years, and therefore its claims are barred by laches.

### Third Affirmative Defense

Damages, if any, were caused by the Plaintiff's failure to act.

### Fourth Affirmative Defense

Plaintiff's claim for Unfair Use of Non-Disparagement Provisions fails because it is unsupported by existing law.

### Fifth Affirmative Defense

Plaintiff's claim for Failure to Disclose Material Connections fails because there is no legal requirement to disclose that customers are rewarded for providing testimonials showing successful use of the Roca Labs products.

### Sixth Affirmative Defense

Plaintiff's claims are barred because it has not and cannot show that consumers sustained any injury or harm.

### Seventh Affirmative Defense

Plaintiff's claims fail because Roca Labs actions did not cause injury to consumers.

## Eighth Affirmative Defense

Plaintiff's claims are barred by 15 U.S.C. § 57b(d).

## Reservation of Right To Add Affirmative Defenses

Roca Labs reserves the right to amend to add additional affirmative defenses as they become apparent.

WHEREFORE, Don Juravin denies that the FTC is entitled to any relief and respectfully requests that this Court find in his favor and against the Federal Trade Commission, deny the FTC's prayer for relief, dismiss this action with prejudice and award him any additional relief as this Court may deem just and proper.

DATED: October 19, 2015.

Respectfully submitted,

s/Suzette Marteny
Suzette Marteny
(Trial Counsel)
FBN: 668591
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd. Ste 2800
Tampa FL 33602
813-227-2272 (Direct)
813-229-7600 (Main)
813-229-1660 (Fax)
smarteny@slk-law.com (primary)
mschwalbach@slk-law.com (secondary)
*Attorneys for Defendants Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Don Juravin, and George C. Whiting*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically serve copies on all

counsel of record.  I further certify that I e-mailed the foregoing to counsel for Plaintiff, Carl H. Settlemyer csettlemyer@ftc.gov and Paul Bryan Spelman pspelman@ftc.gov.

s/Suzette Marteny
Attorney