**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

ROCA LABS, INC., et al.,

      Defendants.

Case No:  8:15-cv-02231-MSS-TBM

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

*Amici curiae* hereby move this Court, pursuant to Rule 19, Fed. R. Cr. P., for leave to file the accompanying brief in support of neither party, relative to Plaintiff's motion scheduled for October 22, 2015.

This matter, and especially the issue of "gag clauses," present policy considerations that go beyond the interests of either party, and such interests are of a national importance.

Amici are consumer advocacy organizations that provide consumer review services to the public.  The public has come to rely upon Amici to receive consumer information, and are thus in a unique position to share their views with the court.  Given that the court is, by necessity, considering the policy implications of injunctive relief, Amici offer their views in support of the view that consumer gag clauses are per se unconscionable and if allowed at all, should be narrowly construed.

### Amicus - Yelp

Yelp, Inc. is a company that provides platforms and services, including Yelp.com, which allows consumers to share information, reviews, photographs, and ratings of businesses.  Yelp is one of the best known consumer review websites in the world, and serves millions of consumers and businesses on a daily basis.

**Amicus - Avvo**

Avvo, Inc. operates the world's leading online lawyer rating and review system. Its mission is simple: to help people make the best decisions for their legal needs, free of charge. In contrast to sites where the only listings are lawyers paying to advertise their services, Avvo profiles and rates every lawyer it can find records for - over 97% of all lawyers in the United States - and it does not delete profiles. Avvo's ratings include both an algorithmic evaluation of a lawyer's background - the "Avvo Rating" - and a client review rating. Avvo has received hundreds of thousands of client review ratings, and while it moderates reviews for compliance with Avvo's Community Guidelines, it does not remove reviews upon lawyer demand (or lawsuit threat), and does not honor claims that a review violates a contractual obligation to not leave online feedback. However, as a consumer information service, Avvo takes the position that "gag clauses" such as the one at issue in this case can pose a grave threat to truthful consumer reviews and to Avvo's business model. Accordingly, Avvo seeks to be heard in this case.

**Amicus - Complaints Board**

Mediolex, Ltd. d/b/a Complaints Board operates an online review website that allows consumers to post reviews on business around the world and read reviews posted by other users. It was established in 2006 and, with more than 3 million registered users, is one of the leading websites in the consumer complaints industry. It helps consumers resolve complaints against companies with which they had negative experiences, and is a valuable source in informing customers about deceptive business practices.

In its Complaint (Doc. #1) and motion, Plaintiff Federal Trade Commission ("FTC") alleges that, collectively, Defendants have engaged in a series of unfair and deceptive practices in violation of Sections 5 and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 52. Parts III(C)(2) (pp. 11-15) and IV(B) (pp. 22-28) of the motion specifically address the use of a "gag clause," in effect a one-sided nondisclosure agreement, as constituting an unfair practice in violation of Section 5. Defendants are alleged to have utilized this contractual clause

to pursue claims against customers and a review website based on negative reviews.  Based upon the concessions in Defendants' opposition (Doc. # 18), this issue appears to be the primary issue remaining to be decided.

Movants and putative *amici* operate review websites and otherwise have an interest in encouraging the free exchange of consumer information, positive and negative.  *Amici* take the position that consumers cannot make informed choices about goods and services if gag clauses proliferate.  They have a strong interest in ensuring that the FTC Act is applied fairly.

District courts in the Eleventh Circuit, are authorized to appoint *amici curiae* under their inherent authority to assist them in cases.  *See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006).  A district court may grant *amicus curiae* status where: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Resources, Inc. v. Philadelphia Housing Authority*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005).

Movants have a special interest in this case.  This appears to be the first case where the Federal Trade Commission has sought to preclude the use of such a one-sided nondisclosure agreement.  Many states, including Florida, have statutes that track the broad language of the FTC Act; in fact, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") requires that "in construing" FDUTPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2001."  Fla. Stat. § 501.204(2).  Thus, the decision here may have broad reaching application in Federal and state courts throughout the country.  Being intimately involved and concerned with consumer reviews, Amici have a special interest in the lawfulness and enforceability of gag clauses.

Although the competency of the FTC is not in question, it is specifically focused on law enforcement.  In doing so, its motion is targeted to likelihood of success on the merits, with slight attention to the public interest.  *See* Doc. # 6 at pp. 28-29 (single paragraph).  To obtain injunctive relief, the FTC must show not only that it is likely to succeed on the merits, but that such relief is in the public interest.  *See FTC v. IAB Mktg. Assocs. LP*, 746 F.3d 1228, 1232 (11th Cir. 2014).  Defendants, over pages, argue that public policy concerns surrounding their gag clauses are not nearly as simple or clear as the FTC suggests.  *See* Doc. # 18 at pp. 6-7.  Neither party provides any formal public policy for the Court's consideration, instead relying on their own *ipse dixit*.  Movants would focus their brief on public policy implications.

Such information is timely and useful.  The hearing is upcoming and the issues addressed therein are part of the determination (public interest) that the Court will have to make.  It was not until Defendants offered their arguments against public policy that Movants deemed it was necessary to address the issue.  Of particular note, Defendants cite to a study regarding incentives to manufacture and manipulate reviews (Doc. # 18 at p. 7 n.5), without even attaching the study.  The conclusion they claim, however, is not the conclusion actually reached:

> Our empirical results show that the hotels are essentially able to self-police so that while they engage in some manipulation, the amount is not big enough to overwhelm the informational value of the site.

**Exhibit A**, at p. 30.  Defendants' mischaracterization of the study but days ago spurred this motion, rendering it timely.

Finally, Movants are not partial.  Whether Defendants are enjoined from committing an unfair practice by enforcing their gag clause even though they may have offered customers a premium discount is not their concern.  They have no interest in the discounts expended by Defendants to secure the absence of negative reviews.

To further explain their position and answer any questions the Court may have, Movants request to participate in the upcoming hearing.

WHEREFORE, Movants respectfully request the Court grant leave to file the enclosed brief as *amicus curiae* and to participate in oral argument at the hearing on the FTC's motion.

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

The parties have met and conferred regarding this motion pursuant to Local Rule 3.01(g). Plaintiff FTC has stated that they neither consent to nor oppose Movants' request. Defendants do not consent to Movants' request.

Dated October 19, 2015.                                 Respectfully Submitted,

                                                        */s/ Marc J. Randazza*
                                                        Marc J. Randazza, Esq.
                                                        Florida Bar No. 625566
                                                        RANDAZZA LEGAL GROUP, PLLC
                                                        3625 S. Town Center Drive
                                                        Las Vegas, Nevada 89135
                                                        Phone:  702-420-2001
                                                        Fax: 305-437-7662
                                                        Email: ecf@randazza.com

                                                        Richard J. Mockler, Esq.
                                                        Florida Bar No. 563986
                                                        217 S. Howard Ave., Suite 201
                                                        Tampa, Florida 33606
                                                        Phone:  813-331-5699
                                                        Email: richard@davismocklerlaw.com

                                                        *Attorneys for Movants*

CASE NO.: 8:15-cv-02234-MSS-TBM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served upon counsel for all parties via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

An employee / agent of
RANDAZZA LEGAL GROUP, PLLC

Motion to File Brief as *Amicus Curiae*