# EXHIBIT 6

Opposition to Motion to Shorten
Time

Doc. # 26

*Roca Labs, Inc. v. Opinion Corp.*

Case No. 8:14-cv-02096

Middle District of Florida

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.,                                     Case No:  8:14-cv-2096-T-33EAJ

        Plaintiff,

    v.

CONSUMER OPINION CORP. and
OPINION CORP.,

        Defendants.

_____/

## OPPOSITION TO MOTION TO SHORTEN TIME

    DEFENDANTS, OPINION CORP & CONSUMER OPINION CORP., hereby

oppose Plaintiff's Motion to Shorten Time (ECF 22).

**I.    Introduction**

    Defendants filed a motion seeking a restraining order to put an end to Roca's acts of

witness tampering and intimidation. ECF 19. The Court has construed ECF 19 as a motion for a

protective order, and has ordered Roca to respond.  ECF 24.  Roca moved to shorten the 21-day

time period required under Fed. R. Civ. P. 11(c)(2) in order to seek sanctions against Defendants

for bringing their motion for a protective order.  ECF 22.  The motion violates the local rules,

and even if it did not, would be futile.

    //

    //

    //

**II.      The Motion Does Not Comply With the Local Rules**

**A.      The Motion Fails to Comply With Local Rule 3.01(a)**

Local Rule 3.01(a) requires a memorandum of legal authority in support of the requested relief.  Roca provided no such memorandum, and cited no authority at all for its requested relief. "The Judges of the Middle District have required, for many years now, each motion or application include 'a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request.'" *Kaplan v. Kaplan*, 2012 U.S. Dist. LEXIS 66114 (M.D. Fla. May 11, 2012).  Failure to comply with this rule is a ground to deny the motion. See *Bradley v. Lorillard Tobacco Co.*, 2014 U.S. Dist. LEXIS 112115 (M.D. Fla. Aug. 13, 2014) (denying *pro se* litigant's motion for failure to comply with L.R. 3.01(a) as well as 3.01(g)); *Washington v. Sch. Bd.*, 731 F. Supp. 2d 1309, 1323 (M.D. Fla. 2010) (Court striking motion *sua sponte* in part because of L.R. 3.01(a) violation).

**B.      The Motion Fails to Comply With Local Rule 3.01(g)**

Local Rule 3.01(g) requires the parties to meet and confer prior to filing most motions. Roca's motion is one of the types that require compliance.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876 (M.D. Fla. 1996).  See also, *Bradley* (also denying *pro se* motion for failure to comply with 3.01(g) in addition to violating 3.01(a)).

**III.     Even if the Motion Complied With the Local Rules, it Would be Futile**

The Motion seeks to shorten the 21-day time period required under Fed. R. Civ. P. 11(c)(2).  Roca wishes to seek sanctions against the Defendants for moving this Court to shield defense witnesses from Roca's harassment and intimidation.  Whether the Rule 11 motion is

filed in three days or 21 days, it could not possibly succeed, and if this is not already obvious, it will be so by October 8.  Presumably, this is why Roca wishes to shorten the time period.

Given that a Rule 11 motion would be futile, there is no cause to shorten the time required in which to bring it.  The Court itself reviewed the Defendants' motion.  See ECF 21 and 24.  Presumably, if the Court found the Motion (ECF 19) to be frivolous, it would have said so.  Instead, the Court construed the Motion as a Motion for Protective Order and referred it to the Magistrate. ECF 21.  In turn, the Magistrate reviewed it and ordered the Plaintiff to file a response.  ECF 24.  Presumably, if the Defendants' motion lacked any reasonable support as to warrant Rule 11 sanctions, one of the learned jurists who reviewed it would have remarked as such.  This is not to say that ECF 21 and ECF 24 make the Defendants' Motion's success something to take for granted.  However, if the Defendants' motion warrants referral to the Magistrate and not an instant denial, and the Magistrate has deemed it worthy an Order for a response, it is (at the very least) not *frivolous*.  Under these facts, it would appear that this Rule 11 motion would be itself a violation of Rule 11.  Rather than waste the Court's time with a Rule 11 motion filed on account of a Rule 11 motion, on a three-day briefing schedule, the Defendants suggest that the Court should deny the Plaintiff's motion to shorten time.  Should the Court grant the Defendants' motion for a protective order, we will have a conclusive determination that it was not frivolous.  Should the Court *not* grant it, perhaps the Court will opine on whether it was a frivolous endeavor.  Again, obviating the need for additional motion practice.  Finally, should the motion fail, there seems to be no reason why the Plaintiff could not move for sanctions *after* it fails, without the aid of Fed. R. Civ. P. 11 and its 21-day handcuffs.  A federal court has the inherent power to sanction bad faith misconduct, even if it could otherwise have been sanctioned under a rule.  *Footman v. Wang Tat Cheung*, 341 F. Supp. 2d 1218, 1223 (M.D. Fla.

2004).  However, when a rule is available, the court should take advantage of the rule, in lieu of its inherent powers.  *Id.*

Nevertheless, this is all academic.  The purpose of the Motion to Shorten Time is transparent.  There is the old saying, "if you can't pound on the law or the facts, pound on the table."  The Plaintiff has brought us little more than table-pounding in this case.

The Plaintiff first tried to bully the Defendants by threatening frivolous litigation under the theory of *it will cost you less to do what we say than to defend yourselves*.[1]  Finding its bullying tactics unsuccessful, Roca filed an unsupportable complaint, along with it, an unsupportable motion for injunctive relief.  Thereafter, Roca began trying to intimidate witnesses.  Then, Roca got even more desperate – submitting an affidavit (ECF 20) that contained demonstrable perjury – that the actor Alfonso Ribeiro ("Carlton" from "The Fresh Prince of Bel Air" and current "Dancing with the Stars" contestant) endorsed the Roca product.  ECF 20 at ¶22.  See Exhibit A, a demand letter from Ribeiro's attorneys attesting to the perjurious nature of Roca's claims that their client approved any such statement.  The desperation continued with Roca threatening *personal* claims against the Defendants' attorney for statements made in the course of litigation.  See Exhibit B.  And now we come to the inevitable result in bad faith litigation of this type – the pound-on-the-table threat of sanctions.  But, this threat is hollow.  The only purpose of it is to unnecessarily multiply the proceedings and to try and continue Roca's desire to intimidate rather than litigate.  The motion should be denied, as the events of October 8 will prove any Rule 11 motion to be a moot point.

//

---

[1] This is a paraphrasing of Roca's "Outside General Counsel's" position, but not a direct quote.

Opposition to Motion to Shorten Time

**IV.**     **Conclusion**

For the aforementioned reasons, the Motion should be denied.

Respectfully Submitted,

*Marc J. Randazza*

_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

RANDAZZA | LEGAL GROUP

Opposition to Motion to Shorten Time

CASE NO.: 8:14-cv-2096-T-33EAJ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_____
An employee / agent of
RANDAZZA LEGAL GROUP

**RANDAZZA** | LEGAL GROUP

Opposition to Motion to Shorten Time

# EXHIBIT A

LAW OFFICES

# JACKOWAY TYERMAN WERTHEIMER
# AUSTEN MANDELBAUM MORRIS & KLEIN

A PROFESSIONAL CORPORATION

1925 CENTURY PARK EAST, 22ND FLOOR

LOS ANGELES, CALIFORNIA 90067-1722

September 30, 2014

MICHAEL A. AUERBACH
KARL R. AUSTEN
SHADI A. AZARPOUR
JEFFREY B. A. BERNSTEIN*
ANDREW L. GALKER
ROBERT S. GETMAN
ANDREW S. HOWARD
JEFFREY R. HYNICK
MATHEW H. INGELS
JAMES R. JACKOWAY*
KIMBERLY M. JAIME
DEBORAH L. KLEIN
ROBERT D. KOCH
RYAN S. LEVINE
JAMES C. MANDELBAUM*
MARCY S. MORRIS
GEOFFRY W. OBLATH
PETER C. SAMPLE*
DARREN M. TRATTNER
BARRY W. TYERMAN
ERIC C. WEISSLER*
ALAN S. WERTHEIMER

*ALSO ADMITTED IN NEW YORK

ARTHUR O. ARMSTRONG (ret.), founder

TELEPHONE
(310) 553-0305

FACSIMILE
(310) 553-5036

CONFIDENTIAL: NOT FOR PUBLICATION OR POSTING

VIA E-MAIL AND FAX

Opinion Corp.
c/o Randazza Legal Group
Attn: Marc Randazza, Esq.
Email: mjr@randazza.com
Fax: (305) 437-7662

Re: Alfonso Ribeiro / Roca Labs – Pissedconsumer.com / Unauthorized Use of Name & Likeness

Dear Marc:

We represent the actor Alfonso Ribeiro ("Ribeiro"). I am writing to you in connection with the deceitful review (the "Review") that infringes upon Ribeiro's personal trademark, name, likeness, and celebrity by falsely implying his endorsement of the weight-loss product Roca Labs (the "Product"). Not only does the Review falsely attribute quotes about the Product to Ribeiro, but also contains unauthorized uses of Ribeiro's photograph to promote the Product. Such review was submitted by "anonymous" (the "User") and posted on your client's website, pissedconsumer.com (the "Website"), at the following URL: http://roca-labs.pissedconsumer.com/alfonso-ribeiro-amazed-by-roca-labs-20140922537342.html.

While it is unclear the User's identity and how the User came to possess the Photographs, Ribeiro has not authorized your client, the Website, the User, or anyone else, to post, sell, license, or otherwise create the Review. Moreover, Ribeiro never granted permission to your client or to the Website to use his name, image, likeness or endorsement. Ribeiro unequivocally is not, has never been and has no intention of ever becoming a paid spokesperson of the Product. Furthermore, Ribeiro has never personally used the Product and in no manner whatsoever endorses the Product.

The unauthorized Review and deceitful use of Ribeiro's name, image, likeness and falsely attributed quotes violates California Civil Code Section 3344, invades Ribeiro's common law rights of privacy and publicity, amounts to unfair competition, is an unfair business practice, and constitutes copyright infringement, among other causes of action. Through hard work and prominent exposure in the media, Ribeiro has developed enormous goodwill in his name and likeness, and reputation as an actor that has become known throughout the world. As a result, Ribeiro has developed extremely important rights in his name and likeness and actively polices unauthorized uses of the same.

Case 8:14-cv-02096-VMC-EAJ   Document 26-1   Filed 10/01/14   Page 3 of 3 PageID 598

LAW OFFICES
**JACKOWAY TYERMAN WERTHEIMER**
**AUSTEN MANDELBAUM MORRIS & KLEIN**

September 30, 2014
Page 2

Additionally, the creation of the Review by the User, and the hosting of the deceitful Review by your client, Opinion Corp., on the Website, is in direct violation of the Pissed Consumer Terms & Conditions ("Policy") located at http://www.pissedconsumer.com/tos.txt, certain relevant parts of which Policy follow:

> "You will NOT post on PC any defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing, racially offensive, spam, or illegal material, or any material that infringes or violates another party's rights (including, but not limited to, intellectual property rights, and rights of privacy and publicity). You will use PC in a manner consistent with any and all applicable laws and regulations."

> "You will not post, distribute or reproduce in any way any copyrighted material, trademarks, or other proprietary information without obtaining the prior written consent of the owner of such proprietary rights and except as otherwise permitted by law."

> "...we reserve the right, but are not obligated, to delete or remove profanity, obscenities, threats of physical violence or damage to property, and private financial information such as social security numbers and credit card information."

In light of the foregoing, all of which legal violations also happen to violate the Policy as noted above, demand is hereby made on behalf of Ribeiro that your client: (i) immediately remove the Review from the Website; (ii) refrain from registering or allowing the existence of any Pissed Consumer account or page which incorporates Ribeiro's name, likeness and/or identity and/or uses his name, likeness and/or identity for misleading, defamatory, libelous and/or other wrongful purposes; (iii) release the User's name and password associated with the User's account to us immediately, (iv) notify the User that he or she may be held liable for substantial damages if he or she attempts to continue to use the name, likeness and/or identity of Ribeiro in any manner as described herein; and (v) confirm to this office in writing within one business day that your client will and has complied with the foregoing. In the event of your client's failure to comply, our client may pursue, without further notice, all of his rights and remedies under the law.

We look forward to hearing from you and resolving this matter promptly. This letter does not purport to constitute a comprehensive or exhaustive statement of all of our client's rights, claims, contentions or legal theories, or the factual basis underlying them. Nothing contained herein or omitted herefrom shall be deemed an admission or construed as a waiver of any of the legal or equitable rights or remedies of our client with respect to these matters, including the right to seek injunctive relief against further invasions of his rights and the right to seek damages, all of which rights and remedies are hereby specifically reserved without prejudice.

**This letter is a confidential legal communication and is not for publication.**

Sincerely,

ANDREW S. HOWARD

cc:     Konrad Leh
        Karl R. Austen, Esq.

Case 8:14-cv-02096-VMC-EAJ   Document 26-2   Filed 10/01/14   Page 1 of 4 PageID 599

# EXHIBIT B

# RANDAZZA
## LEGAL GROUP

Marc Randazza <mjr@randazza.com>

---

## Litigation publicity and defamation
7 messages

---

**Paul Berger Esq.** <legal5@rocalabs.com>                          Fri, Sep 26, 2014 at 2:39 PM
To: Marc Randazza <mjr@randazza.com>

Marc:

It has come to my attention that you have been discussing Roca v. Opinion with the media and furnishing them the pleadings.  You have been quoted in several articles.  This email is to respectfully request that you stop communicating with the press and making what we believe are defamatory statements such as Roca Labs are snake oil salesman and that the product does not work.

As you may be aware providing judicial pleadings to the press, speaking to the media and making pleadings available online has exposed law firms to liability.   You may be familiar with the *Sunstar Ventures, LLC. v. Tigani* and *Barker v. Huang* cases.

Please confirm that you will cease making defamatory comments to the media about Roca Labs.  It is inappropriate to use legal proceeding to further harm a party in the case.  While it is not necessary, please consider this email to be to comply with the notice provision of Florida Statutes Sec. 770.02. I trust that you will refrain from making defamatory comments in the future and clarify your past comments.

Best,

Paul

--
Paul Berger, Esq.
Independent General Counsel
Roca Labs, Inc.
Direct 305-998-6150

---

**Marc Randazza** <mjr@randazza.com>                          Fri, Sep 26, 2014 at 2:58 PM
To: "Paul Berger Esq." <legal5@rocalabs.com>

Do you have a quote that you would like me to retract?

[Quoted text hidden]
--

---

**Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**

3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Fax: 305-437-7662
Email: mjr@randazza.com | Website: www.randazza.com

Las Vegas | Philadelphia | San Francisco | Miami

---

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

---

**Marc Randazza** <mjr@randazza.com>                          Fri, Sep 26, 2014 at 3:01 PM

To: "Paul Berger Esq." <legal5@rocalabs.com>

And, I was not familiar with those cases, but upon looking at them, I am not sure you are.  Perhaps whoever sent the cites to you could clarify what they have to do with this case?

On Fri, Sep 26, 2014 at 2:39 PM, Paul Berger Esq. <legal5@rocalabs.com> wrote:
[Quoted text hidden]


--



**Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Fax: 305-437-7662
Email: mjr@randazza.com | Website: www.randazza.com


Las Vegas | Philadelphia | San Francisco | Miami


\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.


---

**Paul Berger Esq.** <legal5@rocalabs.com>                          Fri, Sep 26, 2014 at 3:08 PM
To: Marc Randazza <mjr@randazza.com>

Specifically where you refer to the company and/or its products as "snake oil" or "snake oil salesman", any statement that the product does not work, that the company bullies or threatens all of our customers, and the following quote: "Roca Labs is desperately trying to force a cone of silence over each and every customer that discovers that Roca Labs' product is not only a specious remedy for their weight issues, but a potential cause of additional health problems. Plaintiff, desperate to sell as many of its tubs of goo to the public as it can before regulatory agencies come knocking, does its best to bully its former customers into silence."

Moreover, we would like your agreement that you will cease making defamatory statements about the Company or its products.

Thank you,

Paul

[Quoted text hidden]

---

**Paul Berger Esq.** <legal5@rocalabs.com>                          Fri, Sep 26, 2014 at 3:10 PM
To: Marc Randazza <mjr@randazza.com>

A little light reading for you over the weekend (see attached).

Paul

[Quoted text hidden]


**AttorneysBeware.pdf**
186K

**Marc Randazza** <mjr@randazza.com>                                      Fri, Sep 26, 2014 at 3:10 PM
To: "Paul Berger Esq." <legal5@rocalabs.com>

> You are referring to a quote that was lifted from my pleadings.   That is not a quote given to a journalist.
> [Quoted text hidden]

---

**Marc Randazza** <mjr@randazza.com>                                      Fri, Sep 26, 2014 at 3:19 PM
To: "Paul Berger Esq." <legal5@rocalabs.com>

> So you would like me to retract that statement from my opposition to the motion for preliminary injunction?

[Quoted text hidden]