# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                              **Case No: 8:15-cv-2231-T-35TBM**

**ROCA LABS, INC., a corporation,
ROCA LABS NUTRACEUTICAL USA,
INC., a corporation, DON JURAVIN,
individually, DON JURAVIN, as an
officer of Roca Labs, Inc. and Roca
Labs Nutraceutical USA, Inc., GEORGE
C. WHITING, individually, and GEORGE
C. WHITING, as an officer of Roca
Labs, Inc. and Roca Labs Nutraceutical
USA, Inc.,**

    **Defendants.**

_____/

## PRELIMINARY INJUNCTION AND ORDER FOR OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and moved for a Temporary Restraining Order with Other Equitable Relief and an Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure on September 24, 2015.  (Dkt. 1, 6)

The FTC and Defendants Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Don Juravin, and George C. Whiting (collectively, "Defendants"), through counsel, stipulated and agreed to entry of a Stipulated Temporary Restraining Order with Other

Equitable Relief and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, which this Court entered on September 29, 2015.  (Dkt. 11, 13)

The FTC and Defendants stipulated and agreed to entry of a Preliminary Injunction and Order for Other Equitable Relief that included Sections I, II.C, II.D, III through VI, and VIII through XIII, below.  (Dkt. 19)  The Court, having considered the Complaint, declarations, exhibits, memorandum of law filed in support of the FTC's motion, and other documents filed in the Court's docket, and now being fully advised in the premises, finds that:

## **FINDINGS**

1.   This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it has jurisdiction over the parties and that venue in this district is proper as Defendants are all located in or have transacted business within the Middle District of Florida.

2.   The FTC asserts in its Complaint and other filings that there is good cause to believe that Defendants have engaged in, and will continue to engage in acts and practices that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, in connection with the advertising and sale of weight-loss products, and in connection with the use of contractual provisions that prohibit purchasers from speaking or publishing truthful or non-defamatory negative comments or reviews about Defendants, their products, or their employees.

3.   Although the Defendants have not admitted to liability as to the causes of action in the Complaint, and their consent to entry of the stipulated portions of this Preliminary Injunction shall not be interpreted to constitute an admission that they have

engaged in violations of the FTC Act or any law or regulation, the Court finds based on the record before it, including stipulations at the hearing on this motion, that:

    A. In the past, Roca Labs has made numerous representations that cannot be scientifically proven, and the FTC is likely to succeed on the merits of a proceeding to establish that statements A through F of Section I of this Order are deceptive and unsubstantiated claims;

    B. In the past, in order to squelch comment and public discourse about its products, Roca Labs has, in fact, pursued and threatened to pursue consumers both by threatening criminal sanctions and civil action and financial loss for their comments; and

    C. As a result, in the context of this case, what is minimally necessary to ensure against Roca Labs' continued practice of making deceptive and unsubstantiated claims while this case is pending is the imposition of a preliminary injunction that constrains Roca Labs' prior practice of pursuing and threatening to pursue consumers for their comments about its products.

4. No security is required of any agency of the United States for the issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For purposes of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.  **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.  **"Competent and Reliable Scientific Evidence"** means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

3.  **"Individual Defendant"** means Don Juravin and/or George C. Whiting, by whatever name(s) they may be known.

4.  **"Corporate Defendant"** means Roca Labs, Inc., and/or Roca Labs Nutraceutical USA, Inc., their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities or any of them.

5.  **"Covered Product"** means any dietary supplement, food, or drug that contains glucomannan, guar gum, beta glucan, or xanthan gum, including, but not limited to, Roca Labs "Formula," Roca Labs "Anti-Cravings," Roca Labs Gastric Bypass

Alternative, Roca Labs Gastric Bypass No Surgery, and any other Roca Labs "Procedure."

6. **"Defendant(s)"** means the Individual Defendants and Corporate Defendants individually, collectively, or in any combination.

7. **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate Document within the meaning of the term.

8. **"Material connection"** shall mean any relationship that materially affects the weight or credibility of any endorsement and that would not be reasonably expected by consumers.

9. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

# I.

## **PROHIBITED DECEPTIVE AND UNSUBSTANTIATED CLAIMS**

**IT IS HEREBY ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Covered Product, are hereby preliminarily restrained and enjoined from making, assisting others in making, including through the use of a product name, endorsement, depiction, or illustration, any representation, expressly or by implication, that:

- A. Use of such Covered Product enables the user to reduce food intake, including by as much as by fifty percent;

- B. Use of such Covered Product enables the user to lose weight, including as much as 21 pounds in one month and as much as 100 pounds in seven to ten months;

- C. A significant percentage of users, including as much as ninety percent of users, of such Covered Product will lose substantial amounts of weight;

- D. Such Covered Product is comparable or superior to bariatric surgery in providing weight-loss benefits;

- E. The efficacy of such Covered Product for achieving weight loss is scientifically proven; or

- F. Such Covered Product is safe and effective for weight loss in children;

unless the representation is non-misleading and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence in the form of adequate, well-controlled, human clinical testing, that is sufficient in quality and quantity based on standards generally accepted by experts in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.

## II.

## PROHIBITED GENERAL NON-DISPARAGEMENT CONTRACT PROVISIONS

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, are hereby preliminarily restrained and enjoined from:

A. Purporting to bind, including through any notice, warning, threat to enforce or attempt to enforce, any purchaser of a Covered Product—regardless of when purchased—to any contractual provision that purports to prohibit purchasers from speaking or publishing truthful or non-defamatory negative comments or reviews about Defendants, their products, or their employees;

B. Defendants may, however, purport to bind, including through notices, warnings, threats to enforce or attempts to enforce, any purchaser of a Covered Product—regardless of when purchased—to a contractual provision that purports to prohibit purchasers from speaking or publishing untruthful and defamatory negative comments about Defendants, their products, or their employees, provided that in any contractual provision the Defendants use after

entry of this Order to restrict future customers from publishing untruthful and defamatory statements, Defendants shall include the entirety of this Order Section II in bold print. In the event that the Defendants believe they have been defamed or that untruthful statements have been made about them in a context that would be actionable under this subsection (B), the Defendants must notify the FTC and give the FTC fourteen (14) days to review said alleged untruthful and defamatory statement in order to determine whether it would object to any pursuit of such statement by the Defendants against such customer, including such action as future litigation against, or submission of any type of warning or cease and desist letter or communication to, such consumer;

C. Representing that any purchaser of a Covered Product—regardless of when purchased—owes or has agreed to pay the difference between any purported "discount price," "subsidized price," or other price the purchaser was actually charged at the time of purchase of a Covered Product and the purported "full price" for a Covered Product, if the purchaser speaks or publishes negative comments or reviews about Defendants, their products, or their employees; or

D. Retaliating, threatening to take, or taking any adverse action against any person who communicates or cooperates with, provides statements, documents, or information to, or testifies on behalf of, the FTC or other party in connection with any law enforcement investigation or filed litigation, including by enforcing or threatening to enforce any contractual provision that purports to prohibit the person from speaking or publishing negative or disparaging

comments or reviews about Defendants, their products, or their employees. Nothing in this subsection, however, shall bar Defendants from filing an action or from taking any legally required steps to file or maintain an action, provided that the action: (1) does not violate subsections A-C, above; and (2) is not based upon cooperation with any law enforcement organization, or any statement made or information provided in connection with any law enforcement investigation, filed litigation or proposed litigation.

Any person, including any purchaser of a Covered Product, may cooperate with and provide statements to the FTC and any outside party without regard to any existing agreement purporting to limit or prevent purchasers from communicating with any party about Defendants, their products, or their employees.

**III.**

**PROHIBITION ON MISREPRESENTING WEBSITES AND FAILURE TO DISCLOSE MATERIAL CONNECTIONS**

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained from:

A. misrepresenting that any website, including but not limited to Gastricbypass.me, is an independent, objective resource for research and information related to bariatric surgery and alternatives to bariatric surgery for weight loss, and about Roca Labs products;

B. failing to disclose, or disclose adequately:

9

1. any material connection, including but not limited to compensation, incentives, refunds, or discounts, when such a connection exists between any user or endorser of any Covered Product and Defendants or any other person manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing such Covered Product; and

2. If applicable, that the content of any website, publication, or testimonial has not been authored by an independent objective source but is in fact an advertisement placed for compensation.

## IV.
## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that:

Defendants and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained from disclosing to any third party any health or medical information consumers submitted in the process of qualification for or purchase of Defendants' products, unless such disclosure is reasonably necessary to protect the health or safety of any person, is required by law or court order, is made in a non-public court filing, or is provided in response to a discovery request and subject to confidential treatment by the requesting party.

# V.
# **ASSET PRESERVATION**

**IT IS FURTHER ORDERED** that:

A. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing, or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the benefit of, in whole or in part, Defendants, or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur, including reasonable legal expenses.  For the duration of this Order, Defendants shall create and maintain a monthly balance sheet and accounting of any income and any withdrawal, transfer, encumbrance, or other dissipation of assets for actual, ordinary, and necessary business or living expenses, and shall provide a copy of this accounting to the Commission no later than ten (10) days after the end of each calendar month.

B. The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

## VI.
## **FINANCIAL REPORTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that on or before November 5, 2015, or such other deadline as the parties agree to, each of the Defendants shall provide to counsel for the Commission, to the extent they have not previously done so, a detailed accounting of:

A. each Covered Product advertised, marketed, promoted, offered for sale, distributed, or sold by or on behalf of Defendants since January 1, 2010, including a brief description of each product;

B. gross revenues and net profits (in U.S. Dollars) obtained from the advertising, marketing, or sale of each Covered Product identified in Subsection VI.A, above, from inception of the advertising, marketing, or sale of that product through the date of entry of this Order; and

C. money that any Defendant paid to, or was paid by, any other Defendant since January 1, 2010, including a brief description of the basis for any payment of $1000 or more.

## VII.
## **REPORT ON PENDING NON-DISPARAGEMENT PROVISION LITIGATION**

**IT IS FURTHER ORDERED** that on or before November 22, 2015, Roca Labs shall provide to counsel for the Commission a list identifying and describing the status of all litigation, wherever pending, that purports to pursue an individual under any non-disparagement contract provision the Defendants used prior to October 23, 2015, and a statement of whether Roca Labs asserts the authority and right to continue to pursue such litigation consistent with Section II of this Order.

# VIII.
## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants, or the business practices or finances of entities directly or indirectly under the control of Defendants; and

C. Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of

the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## IX.
## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their companies, corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them.  Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on the Commission an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity that said Defendant served with a copy of this Order in compliance with this Section.

## X.
## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of the Commission, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## XI.
## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency shall furnish a consumer or credit report concerning any Defendant to the Commission upon service of this Order, said disclosure having been agreed to by Defendants and ordered by the Court to be disclosed as relevant to this case

## XII.
## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be sent via overnight private delivery service or email and addressed to Carl Settlemyer, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room CC-10528, Washington, DC 20580.  Telephone: (202) 326-2019. Email: csettlemyer@ftc.gov.

## XIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of October, 2015.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE