UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>              v.<br><br>ROCA LABS, INC., a corporation;<br><br>ROCA LABS NUTRACEUTICAL USA, INC., a corporation;<br><br>DON JURAVIN, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.; and<br><br>GEORGE C. WHITING, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.,<br><br>              Defendants. | Case No. 8:15-cv-02231-MSS-TBM |

**PLAINTIFF'S UNOPPOSED MOTION FOR RELIEF FROM
LOCAL RULE 9.05(c) SETTLEMENT AUTHORITY REQUIREMENT**

Local Rule 9.05(c) provides: "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement." Pursuant to this Court's Case Management and Scheduling Order (Dkt. 43), a mediation conference is scheduled for March 1, 2016. Plaintiff, the Federal Trade Commission ("Commission" or "FTC") fully intends to participate, but hereby moves that the Court excuse the requirement that attendees possess "full authority to negotiate a settlement."

Good cause exists for the requested relief. The FTC is an independent federal agency. Its procedures for approving settlements in litigation require a vote among all of its Commissioners (there are presently four Commissioners, and one seat vacant), and

1

Commission action can only be taken with affirmative concurrence of a majority of Commissioners. It is not possible for every Commissioner to attend every case mediation session. Moreover, Commissioners cannot formally delegate their authority to decide whether to settle litigation to their staff, so they cannot designate a representative with full settlement authority.

That said, the FTC's lead counsel of record will be present at the mediation, and FTC management will be available for consultation during the conference via telephone. Should agreement be reached during mediation, both FTC counsel and management commit to advocating for approval of such agreement by the Commission. Counsel for the parties have been engaged in substantive discussions about potential settlement for several months, and the parties continue to believe that settlement is likely.

The FTC therefore respectfully requests that the Court's settlement authority requirement be excused, as set forth above.

The parties have met and conferred as required by LR 3.01(g), and Suzette Marteny, counsel for the Defendants, stated that the Defendants do no oppose the requested relief.

Respectfully submitted,

/s/ *Carl H. Settlemyer, III*
CARL H. SETTLEMYER, III
(Trial Counsel)
PAUL B. SPELMAN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
202-326-2019, -2487 (Tel.)
202-326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

# **CERTIFICATE OF SERVICE**

I CERTIFY that on this 12th day of February 2016, I electronically filed the foregoing **Plaintiff's Unopposed Motion for Relief from Local Rule 9.05(c) Settlement Authority Requirement** with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to counsel for all parties of record.

*s/Carl H. Settlemyer, III*
Attorney