UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**ROCA LABS, INC.,** a corporation; **ROCA LABS NUTRACEUTICAL USA, INC.,** a corporation; **MUST CURE OBESITY, CO.,** a corporation; **JURAVIN , INCORPORATED,** a corporation; **ZERO CALORIE LABS, INC.,** a corporation; **DON JURAVIN,** individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Must Cure Obesity, Co., and Juravin, Incorporated; and **GEORGE C. WHITING,** individually and as an officer of Roca Labs, Inc. Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc.,

Defendants.

Case No.:   8:15-cv-02231-MSS-TBM

## DEFENDANT DON JURAVIN'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1.     Admitted that this is an action for alleged violations of Section 13(b) of the Federal Trade Commission Act ("FTC Act") and that the FTC is seeking a variety of remedies. Otherwise denied.

2.     Admitted.

3.     Admitted.

4.     Admitted that the FTC is an independent agency of the United States Government that enforces Sections 5(a) and 12 of the FTC Act.  Otherwise denied.

5.      The statutes references in paragraph 5 speak for themselves.  Otherwise denied.

6.      Juravin admits that Roca Labs, Inc. ("Roca Labs") is a corporation that does business using the addresses referenced in paragraph 6.  Juravin admits that Roca Labs markets and sells its Formula and Anti-Cravings products directly to consumers primarily via the internet through websites such as RocaLabs.com.  Juravin admits that Roca Labs does business in this district and throughout the United States.  Juravin admits that RLI is the current owner of several United States trademark registrations that are used in connection with the sale of Roca Labs' products.  Otherwise denied.

7.      Juravin admits that Roca Labs Nutraceuticals USA, Inc. ("Roca USA") is a corporation having the addresses referenced in paragraph 7.  Otherwise denied.

8.      Juravin admits that Must Cure Obesity, Co. ("MCO") is a corporation with the address listed in paragraph 8.  Otherwise denied.

9.      Juravin admits that Juravin, Inc. ("JI") is a corporation that used to have an address of 4126 Roberts Point Cir., Sarasota Florida and that JI owns various trademark registrations.  Otherwise denied.

10.      Juravin admits that Zero Calorie Labs, Inc. ("ZCL") is a corporation with the address listed in paragraph 10 and that ZCL has paid personnel to perform services for Roca Labs and Roca USA.  Otherwise denied.

11.      Juravin admits that he carried out the marketing activities of Roca Labs since 2009; substantially assumed control of its day-to-day activities in 2013; controlled the business activities of Roca USA since 2014 and that such activities were conducted in this judicial district.  Juravin admits that he had influence over ZCL and MCO.  Juravin admits that he owns and controls Juravin, Inc.  Otherwise denied.

12.     Juravin admits that George Whiting is its nominative president, secretary, treasurer and director of Roca Labs and Roca USA and that Whiting transacted business in this district and in the United States.  Otherwise denied.

13.     The allegations in paragraph 13 are legal conclusions to which no response is required. Otherwise denied.

14.     The allegations in paragraph 14 are legal conclusions to which no response is required. Otherwise denied.

15.     Juravin admits that Roca Labs marketed and sold the Roca Labs Formula and Anti-Cravings, which are dietary supplements, marketed as weight loss products. Otherwise, denied.

16.     Juravin admits that Roca Labs lists the Roca Labs Formula ingredients, displays the product label and that the formula is a proprietary combination of various ingredients on RocaLabs.com.  Juravin denies the remainder of the allegations in paragraph 16 and states that the information displayed on RocaLabs.com speaks for itself.  Otherwise denied.

17.     Juravin admits that Roca Labs' Anti-Cravings product includes Beta Glucan and Fibersol®-2.  Juravin denies the remainder of the allegations in paragraph 17 and states that the information displayed on RocaLabs.com speaks for itself.  Otherwise denied.

18.     Juravin admits that Roca Labs sells products at various price points.  Otherwise denied.

19.     Juravin admits that Roca Labs has advertised, marketed and promoted its products through the Roca Labs Websites using a variety of methods under the trademarks GASTRIC BYPASS NO SURGERY® and GASTRIC BYPASS ALTERNATIVE®.  Otherwise denied.

20.    Juravin admits that the substantial majority of Roca Labs' sales are generated through Roca Labs' websites.

21.    Juravin admits that Roca Labs has used a variety of core messages when it advertised and marketed the products.  Otherwise denied.

22.    Juravin admits that Roca Labs has used online advertising, such as Google Ads. Otherwise denied.

23.    Juravin is without knowledge as to the truth of the allegations in paragraph 23; therefore denied.

24.    Juravin admits that Roca Labs utilizes banner and text advertisements, and that it uses news releases.  Otherwise denied.

25.    Juravin is without knowledge as to the truth of the allegations in paragraph 25; therefore denied.

26.    Juravin admits that Roca Labs has used the illustration in paragraph 26.  Juravin states that the referenced URLs speak for themselves. Juravin is without knowledge as to the truth of the remainder of the allegations in paragraph 26 and therefore denies same.

27.    Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

28.    Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

29.    Juravin admits that Roca Labs has used the advertisement reproduced in paragraph 29.  Juravin states that the referenced URLs speak for themselves.  Otherwise denied.

30.    Juravin admits that Roca Labs has used certain documents describing the benefits of its products on its websites.  Otherwise denied.

31.    Juravin states that Exhibits A and B and the information on the RocaLabs.com speak for themselves.  Otherwise denied.

32.     Juravin states that the content of the Roca Websites, and the Terms and Conditions speak for themselves.  Otherwise denied.

33.     Juravin states that the content of its websites speaks for itself.  Otherwise denied.

34.     Juravin admits that Roca Labs uses testimonials.  Juravin states that the content of its websites speaks for itself.  Otherwise denied.

35.     Juravin admits that Roca Labs provides financial incentives to its customers and rewards them from documenting their weight loss using Roca Labs products, but Juravin denies that Roca Labs pays customers to lose weight.  Customers are only offered financial incentives if they have successfully used the product and meet certain goals.  Otherwise denied.

36.     Juravin states that the content of its websites speaks for itself.  Otherwise denied.

37.     Juravin denies the allegations in paragraph 37.

38.     Denied.

39.     Juravin states that the content of gastricbypass.me and Exhibit C speak for themselves. Juravin states that gastricbypass.me is no longer operational.   Otherwise denied.

40.     Juravin states that gastricbypass.me and Exhibit C speak for themselves and that gastricbypass.me is no longer operational.  Otherwise denied.

41.     Juravin states that the content of the quoted websites speaks for themselves. Juravin admits that Roca Labs sells the Formula and Anti-Cravings at a variety of price points. Otherwise denied.

42.     Juravin admits that Roca Labs' customers must complete a qualification process to order products.  Exhibit A speaks for itself.  Otherwise denied.

43.     Juravin admits that Roca Labs' customers must complete a qualification process that includes a health application before they are permitted to order products. The health application, the website and the video speak for themselves. Otherwise denied.

44.     Juravin admits that Roca Labs' customers must check a box acknowledging that they have read and agreed to Roca Labs' terms, privacy and return policies. Otherwise denied.

45.     Juravin admits that when Roca Labs ships products to customers, it encloses written documentation.   Juravin states that such written documentation speaks for itself. Otherwise denied.

46.     Juravin states that the Roca Labs Procedure Rules & Diet document speaks for itself. Otherwise denied.

47.     Juravin states that package inserts, contracts and other written documentation speaks for themselves.   Juravin admits that Roca Labs requires purchasers to agree not to publicly disparage Roca Labs.  Roca Labs products are but a few of thousands of supplements on the market; if consumers do not wish to be bound by the terms of Roca Labs' agreements, they are free to purchase any of the other thousands of supplements on the market.  Juravin denies that Roca Labs is using any sort of clause that prohibits or restrains customers from selecting the product of their choice or that harms the public in any way.  Juravin admits that Roca Labs has in the past filed lawsuits against customers who have breached their contracts with Roca Labs, and against third parties for tortiously interfering with Roca Labs' contracts with its customers. Otherwise denied.

48.     Juravin admits that Roca Labs' Terms are generally accessible on its websites. Exhibits D-G speak for themselves.  Otherwise denied.

49.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs.  Exhibit D speaks for itself.  Otherwise denied.

50.     Roca Labs admits that it has required its customers to agree not to publicly disparage Roca Labs.  Exhibits E-G speak for themselves.  Otherwise denied.

51.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs.  Exhibits D, E-G speak for themselves.  Juravin states that the referenced "August 2014 court filing . . . verified by Juravin" speaks for itself.  Otherwise denied.

52.     Juravin admits that Roca Labs has required its customers to agree not to publicly disparage Roca Labs.  Exhibits E-G speak for themselves.  Otherwise denied.

53.     Juravin admits that Roca Labs provides its customers with a two-page, large print "Summary" document with each order.  Juravin states that Exhibit H speaks for itself.  Otherwise denied.

54.     Juravin admits that Roca Labs has enforced its contracts and taken action to preserve and enforce its legal rights.  Otherwise denied.

55.     Juravin admits that Roca Labs has enforced its contracts and taken action to preserve and enforce its legal rights.  Juravin admits that Roca Labs has taken action against an online site that allows companies to sign up to promote themselves by paying to post unverified customer testimonials about their own products,[1] or to post false, anonymous negative testimonials about competitors' products.  Otherwise denied.

56.     Juravin denies that Roca Labs has published or disclosed any protected health information.  Juravin states that information disclosed in credit card disputes speaks for itself.  Otherwise denied.

---

[1] Pissed Consumer Terms and Conditions, Paragraph 15, from http://www.pissedconsumer.com/tos.txtpay, *accessed* October 19, 2015.

57.    The allegations in paragraph 57 are legal conclusions to which no response is required. Otherwise denied.

58.    The allegations in paragraph 58 are legal conclusions to which no response is required. Otherwise denied.

59.    The allegations in paragraph 59 are legal conclusions to which no response is required. Otherwise denied.

60.    The allegations in paragraph 60 are legal conclusions to which no response is required. Otherwise denied.

## Count I
### Deceptive Weight-Loss Claims

61.    Juravin restates and re-alleges his responses to paragraphs 15-43 as if set forth fully herein and denies the remaining allegations in paragraph 58.

62.    Denied.

63.    Denied.

## Count II
### False Establishment Claim

64.    Juravin restates and re-alleges his responses to paragraphs 15-43 as if set forth fully herein and denies the remaining allegations in paragraph 64.

65.    Denied.

66.    Denied.

## Count III
### Unfair Use of Non-Disparagement Provisions

67.    Juravin restates and re-alleges his responses to paragraphs 15-45 and 47-55 as if set forth fully herein. Juravin admits that Roca Labs requires its customers to agree to refrain from publicly disparaging Roca Labs. Otherwise denied.

68.    Denied.

69.    Denied.

## Count IV
### Misrepresentations About Gastric Bypass.me

70.    Juravin restates and re-alleges his responses to paragraphs 39-40 as if set forth fully herein.  Otherwise denied.

71.    Juravin states that gastricbypass.me is affiliated with Roca Labs and is no longer operational.  Otherwise denied.

72.    Denied.

## Count V
### Failure to Disclose Material Connections

73.    Juravin restates and re-alleges his responses to paragraphs 34-40 as if set forth fully herein.  Otherwise denied.

74.    Juravin admits that Roca Labs did not disclose that customers were rewarded/incentivized for providing their testimonials after losing weight using Roca Labs products.  Juravin admits that if Roca Labs had disclosed this reward program to prospective customers, it may have influenced more people to purchase the Roca Labs products.  Otherwise denied.

75.    Denied.

## Count VI
### Deceptive Privacy Claim

76.    Juravin restates and re-alleges his responses to paragraphs 41-45 as if set forth fully herein.  Otherwise denied.

77.    Juravin denies that Roca Labs has disclosed customer information in any way that violates any laws or agreements.  Otherwise denied.

78.     Denied.

## Count VII
## Deceptive Discount Claim

79.     Juravin restates and re-alleges his responses to paragraphs 47-56 as if set forth fully herein.  Otherwise denied.

80.     Denied.

81.     Denied.

## Consumer Injury

82.     Denied.

## This Court's Power To Grant Relief

83.     The allegations in paragraph 83 are legal conclusions to which no response is required.  Otherwise denied.

## Prayer for Relief

84.     Juravin denies that the FTC is entitled to any relief and requests that this Court deny all relief requested in this paragraph 84, including subparts A, B and C.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FTC has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The FTC failed to take any action for nearly five years, and therefore its claims are barred by laches.

### Third Affirmative Defense

Damages, if any, were caused by the Plaintiff's failure to act.

### Fourth Affirmative Defense

Plaintiff's claim for Unfair Use of Non-Disparagement Provisions fails because it is unsupported by existing law.

### Fifth Affirmative Defense

Plaintiff's claim for Failure to Disclose Material Connections fails because there is no legal requirement to disclose that customers are rewarded for providing testimonials showing successful use of the Roca Labs products.

### Sixth Affirmative Defense

Plaintiff's claims are barred because it has not and cannot show that consumers sustained any injury or harm.

### Seventh Affirmative Defense

Plaintiff's claims fail because Roca Labs actions did not cause injury to consumers.

### Eighth Affirmative Defense

Plaintiff's claims are barred by 15 U.S.C. § 57b(d).

### Reservation of Right To Add Affirmative Defenses

Roca Labs reserves the right to amend to add additional affirmative defenses as they become apparent.

WHEREFORE, Don Juravin denies that the FTC is entitled to any relief and respectfully requests that this Court find in his favor and against the Federal Trade Commission, deny the FTC's prayer for relief, dismiss this action with prejudice and award him any additional relief as this Court may deem just and proper.

**SHUMAKER, LOOP & KENDRICK, LLP**

s/*Suzette Marteny*
Suzette Marteny
(Trial Counsel)
FBN: 668591

101 E. Kennedy Blvd. Ste. 2800
Tampa FL 33602
813-227-2272 (Direct)
813-229-7600 (Main)
813-229-1660 (Fax)
smarteny@slk-law.com (primary)
mschwalbach@slk-law.com (secondary)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2016, a copy of the foregoing was served upon all parties receiving notice through the Court's CM/ECF system.

s/*Suzette Marteny*
Attorney