UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>          v.<br><br>ROCA LABS, INC., a corporation; ROCA LABS NUTRACEUTICAL USA, INC., a corporation; MUST CURE OBESITY, CO., a corporation; JURAVIN, INCORPORATED, a corporation; ZERO CALORIE LABS, INC., a corporation; DON JURAVIN, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Must Cure Obesity, Co, and Juravin, Incorporated; and GEORGE C. WHITING, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc.<br><br>     Defendants. | Case No.  8:15-cv-02231-MSS-TBM |

**PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT JURAVIN'S
MOTION TO PERMIT ATTENDANCE AT DEPOSITION**

Plaintiff, the Federal Trade Commission ("FTC") submits this memorandum in opposition to Defendant Don Juravin's ("Juravin") Motion to Permit Attendance at Deposition [Dkt. 81]. As noted in Defendant's motion, the FTC does not oppose Juravin's attendance by telephone at the deposition of Jenna Antico noticed for September 8, 2016. The FTC opposes the attendance of Juravin or his wife at the deposition in person because, in light of his previous conduct toward Ms. Antico, their presence would be upsetting at best, and intimidating at worst [see Dkt.69-2, PageID 1833 ¶19]. Juravin presents no sound reason or evidence favoring their in-person attendance. He can participate by phone, and be

1

competently represented by his counsel in person. The Court should not, on the eve of her deposition, modify the TRO to which Juravin stipulated two weeks ago [Dkt. 75],[1] and possibly jeopardize the reliability of Ms. Antico's testimony, simply because he prefers to attend in person. His course of conduct during this litigation shows that the Court should not indulge this preference.

### A. Juravin's Documented Use of Hardball Litigation Tactics and Emotional Manipulation

It is important that the Court bear in mind with whom it is dealing, and assess Juravin's motion in the context of his overall course of conduct. As discussed in the FTC's motion for a temporary restraining order and preliminary injunction at the outset of this case, Juravin has a well-documented history of using the legal system to harass and intimidate people who criticize or stand up to him. See, e.g., [Dkt. 6, PageID 178] (describing Defendants' intrusive and vexatious subpoenas to purchaser witnesses, citing PX 2, Att. I [Dkt. 6-4 and 6-5, PageID 483-485]). Indeed, this Court found in the Preliminary Injunction that the Defendants have pursued and threatened to pursue consumers by threatening criminal sanctions, civil actions, and financial loss for their comments. [Dkt. 38 at 3, PageID 1567]. Ms. Antico is well aware of these tactics, and as she explained in her declaration, she is personally afraid of Juravin. [See Dkt. 69-2, PageID 1833, ¶19].

Juravin's conduct thus far has done nothing to alleviate that concern. In fact, his subpoena to Ms.Antico underscores his scorched-earth approach to anyone who opposes him. Though touching on some relevant topics, the subpoena portends an attack wrapped in a fishing expedition. The Defendants asked her to produce numerous categories of documents,

---

[1] See also Dkt. 76, PageID 1877 ("Mr. Juravin has no interest in continued contact with Ms. Antico, whether by him, through his agents, or otherwise.").

dating back to 2010. Some categories are sweepingly broad, while other have no discernable relevance to her work for Juravin or the matters in her Declaration and appear designed solely to humiliate her. See Exhibit 1, hereto, Defendants' August 19, 2016 Subpoena to Jenna Antico, specifications 4-8; 31-38. (E.g., "Documents evidencing any applications for public assistance, Medicaid, welfare, or other public assistance programs.").

Furthermore, as Juravin's motion itself illustrates, he took advantage of the brief period—in between when the FTC moved [Dkt. 69] to bar him from contacting Ms. Antico and the time his counsel and the FTC could file a stipulation to that effect—to email Ms. Antico and attempt to emotionally manipulate her, by implying that her testimony against him "was some kind of mistake," and an action that would hurt his children. The text of his full email to Ms. Antico (sent August 15, 2016 at 4:13pm) [Dkt. 81-1, PageID 1889], states:

> Subject: Shocked but still care and love
>
> I want you to know that have always fully trusted you like no one else in my business life. I have never invested in someone and cared so much as I do with you. Actually, you and Nick.
>
> I was in the frame of mind that you will run the business, as I told you several times.
>
> The funny (and unexplained) part is that I still care deeply about you and your family, regardless of the shock that you brought us to. Ania and the girls are crying[2] and we still hope to know that it was some kind of a mistake...
>
> My trust in you has not changed. I do not believe that you are capable of hurting us so badly as our family has to deal with criminal charges now.

---

[2] Ms. Antico taught and cared for the Juravin children for several years. Dkt. 69-2, PageID 1828 ¶2.

> You should come and see for yourself the damage and how the girls are crying. As if I have not been through enough. I am not going to fight with you as I still care deeply for you, Nick and your family. I will also not stop trust people.
>
> Don J.

This email was completely inappropriate, particularly since Juravin was aware that Ms. Antico was afraid of him and did not want him to contact her. The only "care" it evinces is for Juravin himself.

### B. Juravin's Conduct in this Case Shows that He is Not Entitled to the Benefit of the Doubt

Moreover, Juravin has demonstrated that he is not entitled to the benefit of any doubts the Court may have about his intentions, or ability to comply with the Court's orders or discover rules. In addition to violating the Preliminary Injunction's asset preservation provisions, Juravin also violated Section VIII.C of the order by "[c]reating, operating, or exercising control over any business entity, whether newly-formed or previously inactive . . . without first providing the Commission with a written statement disclosing" the entity's name, contact information, participants, and "a detailed description of the business entity's intended activities." [Dkt. 38 at 13-14, PageID 1577-78]. Juravin clearly violated this obligation to communicate to the FTC his formation and control of Jugaad Co.

Juravin also has not been entirely truthful in his discovery responses. For instance, on February 26, 2106, he signed a verification of his answers to the FTC's First Interrogatories. When asked to name everyone he employed or retained relating in any way to his Roca Labs business, he neglected to mention Ms. Antico. See Exhibit 2, hereto, Defendant Don Juravin's Responses to Plaintiff's First Interrogatories, Response to Interrogatory No. 3 and

Verification. This omission happened on the exact same date that Ms. Antico, at his instruction, established Jugaad Co. Declaration of Jenna Antico Dec. ¶4 [Dkt. 69-2, PageID 1282]; Colbert August 12, 2016 Declaration. Att. B [Dkt. 69-3, PageID 1842-43].

And, on August 31, 2016, Juravin contacted Ms. Antico's husband, Nick Peters, via email, even though the Court enjoined Juravin from directly contacting Ms. Antico or her family members, including by email. See Exhibit 3, hereto (email addresses redacted). While this contact does not appear to have been in bad faith or an attempt to influence testimony, it further demonstrates that Juravin has difficulty complying with this Court's directives.

## CONCLUSION

From the FTC's perspective, Juravin has indeed "been through enough": enough opportunities to manipulate Ms. Antico, and enough opportunities to comply with his obligations to the Court. Enough is enough. Juravin's counsel is more than competent to represent him, and can adequately represent him by deposing Ms. Antico while Juravin and his wife attend by phone.

Respectfully submitted,

Dated:  September 7, 2016        /s/ *Carl H. Settlemyer, III*
CARL H. SETTLEMYER, III (Trial Counsel)
PAUL B. SPELMAN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
(202) 326-2019, -2487 (Tel.)
(202) 326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

## CERTIFICATE OF SERVICE

I CERTIFY that on this 7th day of September 2016, I electronically filed the foregoing "Motion to Permit Attendance at Deposition" and supporting exhibits with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to counsel for all parties of record. I FURTHER CERTIFY that I have sent a copy of the foregoing via email to Defendants' counsel

>  SUZETTE M. MARTENY
>  Shumaker, Loop & Kendrick, LLP
>  Bank of America Plaza
>  101 E. Kennedy Boulevard
>  Suite 2800
>  Tampa, FL 33602
>  smarteny@slk-law.com

and via email to Jenna Antico's counsel

>  PETER D. AIKEN
>  Aiken, O'Halloran & Associates
>  2060 Ringling Blvd.
>  Sarasota, FL 34237
>  peterdaiken@gmail.com

>  s/Carl H. Settlemyer, III
>  Attorney