**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

      **Plaintiff,**

**v.**                                                                  **Case No. 8:15-cv-2231-T-35TBM**

**ROCA LABS, INC., et al.,**

      **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the Court on Defendant Don Juravin's **Motion to Permit Attendance at Deposition** (Doc. 81). Therein, Mr. Juravin seeks an Order permitting him to be present at the deposition of Jenna Antico on September 8, 2016. Mr. Juravin notes that although Ms. Antico has stated she is afraid of him and fears for her safety, he "has expressed that he still care[s] about Ms. Antico, even though she provided a damaging affidavit in this case." Mr. Juravin's counsel represents that Plaintiff objects to the request, but does not object to Mr. Juravin participating in the deposition via telephone.

Plaintiff agrees with that representation, but files a written response to reiterate that it opposes the in-person attendance of Mr. Juravin or his wife at the deposition because "their presence would be upsetting at best, and intimidating at worst." According to Plaintiff, allowing Mr. Juravin and/or his wife to be present at Ms. Antico's deposition would require the Court to modify the Stipulated Temporary Restraining Order (TRO) entered August 22, 2016, because it includes a provision barring Mr. Juravin from "directly contacting" Ms. Antico, and possibly would jeopardize the reliability of her testimony. Plaintiff urges the Court to not modify the TRO because Mr. Juravin has not presented a sound reason to attend

the deposition in person, he and his wife can participate by telephone, and his course of conduct shows he is not entitled to the benefit of the doubt.  (Doc. 84).

Parties generally have the right to attend depositions.  *See Picard v. City of Woonsocket*, No. CA 09-318S, 2011 WL 3740673, at *3 (D. Rhode Island Aug. 23, 2011) ("Absent a court order to the contrary, parties may attend depositions . . ."); *Visor v. Sprint/United Mgmt. Co.*, No. CIV.A-96-K-1730, 1997 WL 567923, at *2 (D. Colo. Aug. 18, 1997) (stating parties have presumptive right to participate in depositions).  Under Rule 26(c)(5), a court may exclude a party from attending a deposition only in "extraordinary circumstances."  8 Wright, Miller & Cooper, Fed. Prac. & Proc. § 2041; *see also Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (providing that the court may exclude a party from a deposition, but "such an exclusion should be ordered rarely indeed."); *Hines v. Wilkinson*, 163 F.R.D. 262, 265-66 (S.D. Ohio 1995) ("The involuntary exclusion of a party from [deposition] is only justified under particularized circumstances that comport with due process."); *Kerschbaumer v. Bell*, 112 F.R.D. 426 (D. D.C. 1986) ("most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances.").  The party or person seeking to exclude a party from a deposition must show good cause under Rule 26(c).[1]  *See* Fed. R. Civ. P. 30(c) advisory committee's note to 1993 amendment (stating *witnesses* are not automatically excluded from a deposition simply by the request of a party, but exclusion can be ordered under Rule 26(c) if appropriate);[2] *In re*

---

[1] Under Rule 26, discovery may be conducted with no one present except persons designated by the court upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1)(E).

[2] Federal Rule of Civil Procedure 30 provides that, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. . . ."  Fed. R. Civ. P. 30(c)(1).  Federal Rule of Evidence 615 establishes the right of any party at trial to request that the court "order *witnesses* excluded so that they cannot hear the testimony of other witnesses."  Fed. R. Evid. 615.  It

*Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (providing that exclusion . . . requires that the court grant a protective order pursuant to Rule 26(c)(5)."); *BCI Commc'ns Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 159 (N.D. Ala. 1986) (finding that parties seeking exclusion no longer can invoke sequestration under Federal Rule of Evidence 615 as a matter of right in depositions).

Upon consideration, the Motion (Doc. 81) is **GRANTED**.[3] Mr. Juravin, a party in this action, is not precluded from attending Ms. Antico's deposition in person as long as he maintains appropriate decorum.[4] While Plaintiff opposes his presence at deposition, it has not moved for entry of a protective order pursuant to Rule 26(c). Nor has Ms. Antico. This Order in no way alters the Stipulated TRO, which remains in full force and effect, and prohibits Mr. Juravin from otherwise having direct contact with Ms. Antico. *See* (Doc. 75 at 6).

**Done and Ordered** in Tampa, Florida, this 7th day of September 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

does not, however, "authorize excluding a party who is a natural person." Fed. R. Evid. 615(a).

[3] Contrary to the requirements of M.D. Fla. R. 3.01, however, Mr. Juravin did not include a memorandum of legal authority in support of his request. Aside from referencing the terms of the Stipulated TRO, neither did Plaintiff.

[4] Mr. Juravin shall sit out of this witness's line of sight during the entire conduct of the deposition. Mrs. Juravin, a nonparty, may not attend the deposition.