**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:15-cv-2231-T-35TBM**

**ROCA LABS, INC., et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court for a Report and Recommendation on **Plaintiff's Motion for an Order to Show Cause Why the Preliminary Injunction Should Not Be Modified** (Doc. 69). A hearing on this matter was held on September 12, 2016.

The FTC initiated this action on September 24, 2015, alleging that Defendants engaged in, and will continue to engage in, acts and practices that violate Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52, in connection with the advertising and sale of weight-loss products and the use of contractual provisions that prohibit purchasers from providing negative commentary on the same. (Doc. 1). At the same time, the FTC also moved for a temporary restraining (TRO) prohibiting Defendants and their agents from making certain representations related to their products, and requiring them to provide an accounting of revenues and profits obtained from the sale of those products and any financial transfers by and among the

Defendants. (Doc. 6). The next day, the FTC filed a proposed Stipulated TRO (Doc. 11), which the Court approved and entered on September 29, 2015. (Doc. 13).

A Show Cause/Preliminary Injunction Hearing was held on October 22, 2015. At the close of the hearing, the Court granted the FTC's Motion for Preliminary Injunction and directed the parties to submit a proposed preliminary injunction that included the additional provisions discussed at hearing. (Doc. 31, 32). On October 29, 2015, the FTC filed the parties' proposed Preliminary Injunction and Order for Other Equitable Relief, which the Court approved and entered. (Docs. 37, 38). The Preliminary Injunction included an asset preservation provision (Doc. 38 at 11), but it did not expressly include an asset freeze provision. *See* (Doc. 38 at 11, sec. V).

On February 19, 2016, the FTC filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief, naming three additional corporate defendants. (Doc. 48). Thereafter, the parties engaged in significant settlement negotiations, during which time the case management deadlines were stayed. *See* (Docs. 65-68). After approximately four months, the parties' were unable to negotiate a settlement.

On August 15, 2016, the FTC filed its instant Motion for Temporary Restraining Order With Other Equitable Relief and an Order to Show Cause Why the Preliminary Injunction Should Not be Modified (Doc. 69). In short, the FTC alleged that Defendant Don Juravin or a corporate defendant had improperly transferred assets in an effort to conceal them. Additional allegations suggested that Mr. Juravin had threatened or made improper attempts to influence witness Jenna Antico. Among other things, the FTC sought entry of a TRO freezing the business and personal

assets of Mr. Juravin and the corporate defendants, requiring Mr. Juravin to surrender his passport temporarily, and barring Mr. Juravin from having direct contact with Ms. Antico and her family. (Doc. 69). The Motion was referred to the undersigned. (Doc. 70).

After additional discussions, the parties resolved a portion of the Motion and filed their Joint Motion for Entry of Stipulated TRO With Other Equitable Relief on August 19, 2016. (Doc. 74). On August 22, 2016, the Court approved and entered the Stipulated TRO, but lengthened its duration to twenty-five days. (Doc. 75).

The remaining portion of the FTC's Motion, namely, the request For an Order to Show Cause Why the Preliminary Injunction Should Not be Modified with respect to the asset freeze and other requested relief, was calendared for hearing on September 12, 2016. Shortly before the hearing commenced, the parties filed a proposed Stipulated Preliminary Injunction Freezing Assets With Other Equitable Relief. (Doc. 86). According to counsels' representations, the proposed stipulation satisfactorily addresses the concerns of each side up to this point in the litigation.

**II.**

Upon review of the parties' proposed Stipulated Preliminary Injunction Freezing Assets With Other Equitable Relief (Doc. 86) and based on the representations of opposing counsel at the hearing, it is **RECOMMENDED** that the Court **APPROVE** the Stipulated Preliminary Injunction Freezing Assets With Other Equitable Relief (Doc. 86). Such may be **ENTERED** without delay as the parties have waived any period of objection. It is **RECOMMENDED**

further that **Plaintiff's Motion for an Order to Show Cause Why the Preliminary Injunction Should Not Be Modified** (Doc. 69) be **DENIED as moot**.

                                                Respectfully submitted on this
12th day of September 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Mary S. Scriven, United States District Judge
Counsel of Record