# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**v.**                                 **Case No. 8:15-cv-2231-T-35TBM**

**ROCA LABS, INC., et al.,**

        **Defendants.**

_____/

## ORDER

THIS MATTER is before the court on **Defendants' Motion to Hold Non-Party Nicholas Peters in Contempt and for Sanctions for Failing to Comply with Subpoena Duces Tecum** (Doc. 98) and Nicholas Peters' response in opposition (Doc. 103).[1] Defendants filed a supplement indicating that some, but not all, production has been made by Nicholas Peters. (Doc. 99). A hearing on the motion was conducted January 12, 2017.

The subpoena duces tecum at issue was served on non-party Nicholas Peters on November 28, 2016, seeking production of 15 categories of documents on December 7, 2016.

---

[1]Defendants filed a motion to strike Peters' response as untimely. (Doc. 104). The motion argues the response was filed 34 days after the motion was filed and no explanation for the lateness was given. The Defendants' supplement (Doc. 99) acknowledges that production was mailed the day after it was due, and Peters' response (Doc. 103) states a second production was made on December 20, 2016. At the hearing, counsel for Peters represented no response was filed because significant production was made on two occasions, which Peters believed mooted the motion. While a more timely response would have been appropriate, based on counsel's representation, Defendants' motion to strike Peters' response (Doc. 104) is **denied**.

(Doc. 98-2).  When no response was received, Defendants filed the instant motion on December 8, 2016. (Doc. 98).  On December 15, 2016, Defendants filed a notice indicating that Peters had mailed some responsive documents to defense counsel, which were received by counsel on December 9, 2016.  The production consisted of bank statements, a contract, and a type-written list of responses.  The notice contended the production remained incomplete.  (Doc. 99).  Peters' response reflects that additional production had been made and that bank records, invoices, and communications had been produced as had Pay Pal records which were produced in electronic and hard copy format on December 20, 2016.  (Doc. 103).  Regarding the requests for personal documents pertaining to monies received from relatives and information related to the application process for their three special needs foster children who were subsequently adopted, Peters submits the requests are irrelevant, immaterial, and harassing.

Initially, I find no cause to hold Mr. Peters in contempt.  It is now apparent that Peters, a non-party, has made reasonable efforts to comply with the requests not objected to. Indeed, defense counsel acknowledges that all Pay Pal records, bank statements (personal and business), and most emails sought have now been produced.  Counsel for Peters states that one email may be outstanding which will be produced and it is agreed that Mr. Peters will again search his email accounts and produce any additional emails related to any relevant issue in this case.  As for business emails, Peters' counsel represents Peters has produced everything he had access to, but he no longer has access to those accounts.  Peters' counsel further represented that Peters has produced everything in his possession related to USA

2

Distributors Service Inc. ("USA Distributors"), and the company's business records are now all in Orlando and out of his control.

Rule 45 authorizes the court to hold in contempt or otherwise sanction a person who fails without adequate cause to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g).  In light of the production made by Peters, even if a few days late, I find no basis for contempt sanctions against Mr. Peters, and accordingly, Defendants' Motion to Hold Non-Party Nicholas Peters in Contempt and for Sanctions for Failing to Comply with Subpoena Duces Tecum (Doc. 98) is **denied**.

Insofar as the Motion is construed as a motion to compel additional production under the subpoena, the Motion is **granted in part and denied in part**.

At the hearing, Defendants complain that despite Peters' production of documents, the production is still incomplete.[2]  Counsel have conferred and agree to revisit the matter of emails related to USA Distributors.  I find all communications between Peters and the company and Peters and others on behalf of the company are relevant and appropriate for

---

[2]Discovery of non-parties by subpoena is governed by Rule 45.  Fed. R. Civ. P. 45.  If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production.  Fed. R. Civ. P.  45(c)(2)(B).  The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.  Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendments.  While Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. As such, a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. *See id.* ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

production as are any records Peters may possess or control reflecting monies he received from the company or monies he paid out to others from company funds which were not recorded on the company books, for the period from January 1, 2014, through the date of the subpoena.  Accordingly, *to the extent such has not already been produced*, Mr. Peters is hereby **ordered** to search for such evidence of monies received by him and to again conduct a search of his personal email account(s) and those business account(s) he has access to and produce for inspection to Defendants any such responsive documents or communications.

As for the document requests related to Peters' personal and family finances which have not been produced and are objected to - job applications, documents revealing debts owed, income information, applications stating his income including applications related to his [now adopted] children, evidence of receipt of gifts or money in excess of $100, and documents showing monies received from his wife Jenna Antico or her family - I find such requests overly broad, intrusive and unrelated to the claims and defenses in this case.  While Defendants argue such matters are necessary to test Peters' and his wife's credibility concerning their financial status and to reveal whether Peters inappropriately used funds from USA Distributors for his personal use, the requests appear more a fishing expedition on matters collateral to this litigation.  Peters concedes that he used *his* company's funds to pay personal obligations such as his car payment but urges such was appropriate and part of his compensation from the company.  While ownership of USA Distributors may be in dispute, I find it unnecessary on this motion that Peters be compelled to produce back-up documentation for his financial dealings and circumstances, which are otherwise documented and/or not disputed.  Moreover, I find no relevance to the demand for Peters' income records,

4

not already produced, job applications, adoption or foster care applications or evidence of receipts of gifts and benefits from family members or relatives during the stated period. If Mr. Peters is deposed, some reasonable inquiry into such matters may be appropriate, but the demand that he produce documentation as to these matters, at present, appears beyond the appropriate scope of discovery. As to these matters, Peters' objections are presently sustained, and Defendants' motion seeking to compel the same is **denied**.

Production required hereunder shall be made within twenty (20) days from the date of this Order. Mr. Peters is under a continuing duty to timely produce responsive documents hereafter discovered consistent with Rule 26(e).

In any and all other respects, the Motion is **denied.**

**Done and Ordered** in Tampa, Florida, this 13th day of January 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record