UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>ROCA LABS, INC., a corporation; ROCA LABS NUTRACEUTICAL USA, INC., a corporation; MUST CURE OBESITY, CO., a corporation; JURAVIN, INCORPORATED, a corporation; ZERO CALORIE LABS, INC., a corporation; DON JURAVIN, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Must Cure Obesity, Co., and Juravin, Incorporated; and GEORGE C. WHITING, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc.<br><br>        Defendants. | Case No. 8:15-cv-02231-MSS-TBM |

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION
TO DEFENDANTS' MOTION TO RECONSIDER ORDER
GRANTING MOTION TO WITHDRAW**

Plaintiff Federal Trade Commission ("FTC") hereby opposes Defendants' Motion to Reconsider the Court's Order Granting former counsel Shumaker, Loop & Kendrick, LLP's ("SLK") Motion to Withdraw (Dkt. 122). Defendants' main argument is that their new counsel has not had sufficient time to prepare and needs to delay case deadlines an additional

90 days.[1]  However, this is a situation that Defendants created.  Dispositive and *Daubert* motions are due next week, and there is no justification to reconsider the order or to extend the case deadlines at this late stage.  First, Defendants' new counsel had ample opportunity to correct the "error" they now cite as a basis for reconsideration.  At the time counsel entered an appearance, on February 28, both the scheduling order (Dkt. 83, entered September 6, 2016, which clearly specified the discovery deadline, dispositive motion deadline, and trial schedule), and SLK's motion to withdraw (Dkt. 110, which was filed February 1), were on the public docket.  SLK's motion to withdraw plainly cited the existence of substitute counsel.  The FTC's response to SLK's motion to withdraw, filed February 2, was also available, and made clear the FTC's objection to withdrawal until after discovery closed, citing the likelihood of continuance or delay.  (Dkt. 111.)  Defendants' new counsel could have reviewed the pending motion and corrected the record if the representation about standby counsel did not apply to him, or to anyone else doing legal work on this case behind the scenes for Defendants.

Second, based on the public docket, Defendants' new counsel knew or should have known that:  he was entering the case after the close of discovery, dispositive motions were due in less than a month, and the FTC was objecting to any extensions of time due to the potential attorney withdrawal.  If counsel had any concerns about his ability to effectively represent Defendants in this procedural posture, those should have been addressed with the

---

[1]  The FTC assumes Defendants are seeking only to extend the dispositive motion deadline for opposition briefs, and the pretrial and trial schedule, not to reopen motion or discovery deadlines that have already passed.  But the FTC objects to any change in the current schedule.

client before entering an appearance.  Given that Defendants' new counsel filed an 11-page substantive motion five days after appearing in the case (Dkt. 115), which he solely prepared and signed without prior counsel SLK, it was reasonable for the Court to rely upon Defendants' representations that new counsel was ready and willing to proceed with the case as scheduled.

Third, Defendants had more than the 10-day notice required by the Local Rule 2.03(b) to secure new counsel.  Moreover, under L.R. 2.03(c), "[i]f a party discharges an attorney it shall be the responsibility of that party to proceed *pro se* or obtain the appearance of substitute counsel in sufficient time to meet established trial dates or other regularly scheduled proceedings as the Court may direct."  SLK's motion to withdraw cited Defendants' failure to substantially meet their obligations since at least mid-January (Dkt. 110); in fact, Defendants had apparently failed to pay SLK's legal bills since before January 3 (Dkt. 122-1, ¶¶ 10, 14).  Defendants' choice not to pay SLK and yet pay a successor attorney should be seen for what it is – a discharge of the firm – and the Court should treat it accordingly.  None of these circumstances establishes "manifest injustice" requiring an exception to this Court's dispositive motion and trial schedule.  (Dkt. 83 at 5.)

Fourth, the timing of this request ensures prejudice to the FTC.  The motion to reconsider was filed on March 10, just 14 days before the dispositive and *Daubert* motions deadline.  Defendants then contacted the Court seeking a hearing prior to the FTC's response date.[2]  The FTC has made clear to Defendants' prior and current counsel that it intends to file

---

[2]  The FTC's response to this motion was therefore due on the same day as dispositive motions, March 24.  L.R. 3.01(b) (opposition briefs due 14 days after service).

a summary judgment motion. That was one of the reasons that the FTC objected to Defendants' counsel's withdrawal, and only acceded to it under the condition that no deadlines would be changed; the FTC anticipated that Defendants might attempt this exact delaying tactic. At this point, with fact and expert discovery completed and the FTC imminently filing for summary judgment, the case is on track to be tried within two years of filing the complaint, per Local Rule 3.05(c)(2)(E). The Court should reject this attempt to manipulate the Local Rules and the established schedule.

Finally, despite claiming unfamiliarity with the record, Defendants' new counsel filed a substantive motion almost immediately after entering an appearance, to reopen the previously settled issue of the stipulated asset freeze. This not only raises questions about Defendants' purported need for more time, but about their planned use of any extra time. For example, Defendants' new counsel stated in a telephone conversation with the undersigned that Defendants were considering countersuing the FTC. The FTC is concerned that Defendants will use any additional time to try to relitigate discovery issues or other aspects of this case 18 months after it was filed. Instead, as the Court expected when it set this schedule in September, the parties should now focus on determining Defendants' liability for their deceptive and unfair practices and the need for injunctive and monetary relief.

Perhaps most significantly, Defendants are seeking to benefit from a "problem" they created. Allowing them to delay the case would reward Defendants for generating a conflict with their own counsel, creating a perverse incentive for a client to stop paying counsel when a litigation delay could prove beneficial. After causing the withdrawal of their counsel who worked the entire case from filing through close of discovery, Defendants are not entitled to

start over again with new counsel.  They have not shown good cause to continue the trial schedule, L.R. 3.09, and their motion should be denied.

Respectfully submitted,

*/s/ Carl H. Settlemyer, III*
CARL H. SETTLEMYER, III
(Trial Counsel)
PAUL B. SPELMAN
MICHAEL J. DAVIS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
202-326-2019, -2487, -2458  (Tel.)
202-326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov
mdavis@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 15th day of March, 2017, I electronically filed the foregoing **Plaintiff Federal Trade Commission's Opposition to Defendants' Motion to Reconsider Order Granting Motion to Withdraw** with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to counsel for all parties of record.

*/s/Carl H. Settlemyer, III*
Attorney