UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

        Plaintiff,

      v.                          Case No.: 8:15-cv-02231-MSS-TBM

**ROCA LABS, INC.,** a corporation; **ROCA
LABS NUTRACEUTICAL USA, INC.,** a
corporation; **MUST CURE OBESITY, CO.,**
a corporation; **JURAVIN, INCORPORATED,**
a corporation; **ZERO CALORIE LABS,
INC.,** a corporation; **DON JURAVIN,**
Individually and as an officer of Roca Labs,
Inc., Roca Labs Nutraceutical USA, Inc., Must
Cure Obesity, Co., and Juravin, Incorporated;
and **GEORGE C. WHITING,** Individually
and as an officer of Roca Labs, Inc., Roca Labs
Nutraceutical USA, Inc., and Zero Calorie
Labs, Inc.,

        Defendants.

_____/

## DEFENDANTS' MOTION FOR RELIEF FROM FAILURE TO TIMELY RESPOND, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND

Defendants, ROCA LABS, INC. ROCA LABS, INC., ROCA LABS

NUTRACEUTICAL USA, INC., DON JURAVIN, GEORGE C. WHITING, MUST CURE

OBESITY CO., JURAVIN INCORPORATED, AND ZERO CALORIE LABS, INC.

(collectively, "Defendants" or "Roca Labs"), by and through their undersigned counsel and by

and through its undersigned counsel and pursuant to rules 36(b) hereby moves this Honorable

1

Court for Relief from Technical Admissions, and as grounds states:

## **BACKGROUND/FACTS**

1.      On or about January 20, 2017, Plaintiff propounded its First Request for Admissions on Defendants Don Juravin, Juravin, Incorporated, Roca Labs, Inc., Must Cure Obesity Co., Roca Labs Nutraceuticals USA, Inc., and Zero Calorie Labs, Inc., and George Whiting.

2.      On or about January 24, 2017, Plaintiff propounded its Second Request for Admissions on Defendants Don Juravin, Juravin, Incorporated, Roca Labs, Inc., Must Cure Obesity Co., Roca Labs Nutraceuticals USA, Inc., and Zero Calorie Labs, Inc.

3.      The number of Requests for Admissions propounded by Plaintiff on Defendants totalled 4,091.

4.      On January 31, 2017, Defendant's counsel of record at the time, Suzette Marteny, filed a Motion to Withdraw as Counsel.

5.      On February 28, the undersigned filed his Notice of Appearance on behalf of Defendants in this matter.

6.      Contrary to the assertions of Ms. Marteny, Defendants did not previously have counsel, in house or otherwise, who had been heavily involved in this litigation.

7.      Despite still being the attorney of record at the time the responses to the Requests for Admissions were due, Ms. Marteny failed to submit a single response or objection to the Requests for Admissions for any of the Defendants.

8.      On or about April 7, 2017, Defendants filed their Responses to Plaintiff's Request for Admissions. A true and correct copy of the Responses to Request for Admissions is attached

hereto as Exhibit "A".

9.      Plaintiff has sought a Motion for Summary Judgment on the merits of the case pursuant to the admissions.

## ARGUMENT

The Rule governing requests for admissions requires the admission to continue unless, on motion … relief from the effect of the failure to timely respond is granted. *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005); *Collins v. Turner*, 2015 U.S. Dist. LEXIS 183929 (M.D. Fla. 2015); Fed. R. Civ. P. 36(b).

The liberal standard of Rule 36 favors amendment in most cases to allow disposition on the merits. A court "may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002).

Courts have relied upon language in Perez to apply a two-prong test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Perez*, 297 F.3d at 1264; Fed. R. Civ. P. Rule 36(b) (A district court abuses its discretion in denying a motion to withdraw or amend admissions when it applies some other criterion beyond foregoing two-part test or grossly misapplies the two-part test in making its ruling.)

First, the Court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Smith v. First Nat'l Bank*, 837 F.2d 1575,

1577 (11th Cir. 1988). Upholding the admissions would practically eliminate any presentation of the merits of the case. Overwhelmingly, the admissions address the case on the merits with heavy reliance in excess of 425 citations within the Plaintiff's motion for summary judgment. A brief but poignant sampling of said admissions includes the following:

**Excerpt from**
**Plaintiff's First Request for Admissions**

381. In order to establish proof of weight loss claims about a particular product or method, experts in the field of obesity treatment and weight loss would require well-designed and properly conducted clinical trials.

382. Such a trial should be placebo-controlled and double-blind (neither the participants nor the testers should be aware which people are assigned to which group).

383. Trial participants should be randomly assigned to placebo and active groups, but the two groups should not differ greatly at baseline in terms of starting weight, age, or gender distribution.

384. A valid trial should also have enough participants so that its results that can be extrapolated to a wider audience or to the general population.

385. Typically, a weight-loss trial should have at least 80 participants, 40 for the active group and 40 taking a placebo.

386. Study participants should reflect the population targeted by the claims at issue. So, for instance, claims about a substance's efficacy in treating diabetes should be tested on diabetics, and claims about a product's efficacy for children should be substantiated by trials that include children.

387. A trial must be long enough that its results can be extrapolated to a comparable or lengthier time period, and there should be a close correlation between the length of a study and the duration cited in the claims made for a product.

388. Typically, a weight-loss trial should be at least three months long, and preferably six months or longer. In general.

389. The results of a trial should also be statistically significant, and

4

should be submitted and published in a respected peer-reviewed journal.

390. To provide competent and reliable scientific evidence of a product's efficacy for human use, a trial's results should also be clinically significant, meaning that the product's effects should make a meaningful difference to a person experiencing them.

391. A trial will not provide competent and reliable scientific evidence for weight loss claims unless it focuses on whether people who use a particular substance actually lose weight.

392. Trials about eating and weight-related factors, such as cravings and satiety, glucose or insulin levels, glycemia, cholesterol, or diabetes, do not provide competent and reliable scientific evidence for weight loss claims, no matter how encouraging the results.

393. Ideally, a clinical trial should consist of the delivery form (i.e., tablet, powder, liquid, etc.) in which a substance will be given or used, and on the precise substance for which the claims are made, rather than on one or more of that substance's individual ingredients, tested separately.

Each of the foregoing requests received the following response on April 7, 2017:

Denied. The Plaintiff is attempting to forcibly instill a higher standard that what the FDA requires for supplements. Additionally, Defendant objects to this admission due to its compound and conclusory nature. Plaintiff seeks a factual and legal conclusion that is in dispute.

The admissions essentially address the necessary elements of the Plaintiff's claims. As such, Defendants assert that by allowing a withdrawal or an amendment of the admissions, only then does the presentation of the merits be subserved.

The second prong is also met as the Plaintiff would not be prejudiced by the withdrawal or amendment of admissions.

The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the

> sudden need to obtain evidence with respect to the questions previously
> answered by the admissions.

*Perez*, 297 F.3d at 1266 (quotation omitted).

This facts in this case relating to this issue are strikingly similar to those in *Collins v. Turner*, 2015 U.S. Dist. LEXIS 183929 (M.D. Fla. 2015). The defendants in *Collins* responded to requests for admissions over one year after they were propounded. The Plaintiff argued he would suffer prejudice if the admissions were withdrawn as they were submitted only two days before the discovery deadline and ***after*** plaintiff filed a motion for partial summary judgment relying on the technical admissions. The court found these were "not sufficient reasons to deny withdrawal according to the Eleventh Circuit in *Perez*. As the Eleventh Circuit stated, as long as 'a trial on the merits ha[s] not begun,' a district court should 'simply extend the discovery deadlines' to enable a party to prove its case." *Id*. at *5-6 (quoting *Perez*, 297 F.3d at 1268). Collins argued that because the defendants had failed to respond to any discovery requests, including not appearing for deposition, that he would be prejudiced by the withdrawal of the admissions. However, he did not indicate that a key witness would be available or that he would be prejudiced if the discovery deadline was extended; therefore, the court found that Collins' argument did not "rise to the level of prejudice requiring a denial of the Motion to Withdraw, as it merely addresses the 'inconvenience of having to gather evidence.'" *Id*. at *6 (quoting *Perez*, 297 F.3d at 1268). The court then granted defendants' motion to withdraw admissions and denied plaintiff's motion for summary judgment relying on the technical admissions without prejudice.

In the present case, Plaintiff has had and will continue to have the opportunity to prepare their case for trial without any prejudice as a result of the withdrawal or amendment of the admissions. Since Plaintiff has been aware from the beginning of this case that it would have to

prove the elements of its case that are now deemed admitted, it will not suffer any prejudice if the Court allows a withdrawal or amendment. Granting of this motion for relief to withdraw or amend the admissions would certainly aid in the "'ascertainment of the truth and the development of the merits.'" *Smith,* 837 F.2d at 1577.

Defendants have conferred with the Plaintiff's counsel and they do not agree to this Motion.

Based on the foregoing, Defendants respectfully request this Honorable Court grant the Defendants' Motion for Relief or in the Alternative, Motion for Extension of Time to allow the case to be adjudicated on the merits and denying Plaintiff's Motion for Summary Judgment without prejudice.

WHEREFORE, Defendants respectfully request that this motion be GRANTED in its entirety and for any other relief this Honorable Court deems just and proper.

> *s/ Glenn A. Reid*_____
> GLENN A. REID
> Attorney for the Defendants
> Florida Bar # 0629898
> Post Office Box 950554
> Lake Mary, Florida 32795
> (386) 235-1920
> glenn@thereidlawoffice.com
> attorneygreid@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court utilizing the CM/ECF this the 10th day of April, 2017 and which will electronically transmit an electronic copy to:

Carl H. Settlemyer, III, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: csettlemyer@ftc.gov
Attorney for the Plaintiff

Paul B. Spelman, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: pspelman@ftc.gov
Attorney for the Plaintiff

_/s/ Glenn A. Reid_____
GLENN A.REID