UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ROCA LABS, INC., a corporation; ROCA
LABS NUTRACEUTICAL USA, INC., a
corporation; MUST CURE OBESITY, CO.,
a corporation; JURAVIN,
INCORPORATED, a corporation; ZERO
CALORIE LABS, INC., a corporation;
DON JURAVIN, individually and as an
officer of Roca Labs, Inc., Roca Labs
Nutraceutical USA, Inc., Must Cure
Obesity, Co., and Juravin, Incorporated; and
GEORGE C. WHITING, individually and
as an officer of Roca Labs, Inc., Roca Labs
Nutraceutical USA, Inc., and Zero Calorie
Labs, Inc.,

Defendants.

Case No.  8:15-cv-02231-MSS-TBM

**PLAINTIFF FEDERAL TRADE COMMISSION'S
OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM
FAILURE TO TIMELY RESPOND, OR IN THE ALTERNATIVE,
MOTION FOR EXTENSION OF TIME TO RESPOND**

## **TABLE OF CONTENTS**

**I. PROCEDURAL POSTURE** ............................................................................ 2

   A.    Discovery is Closed and Summary Judgment Motions are Pending ........................ 2

   B.    Defendants' Request to Withdraw is Part of a Deliberate Disruptive,  New

         Litigation Strategy ................................................................................................. 3

**II. ARGUMENT** ................................................................................................ 6

   A.    Defendants Fail to Satisfy Both Prongs of the *Perez* Test ........................................ 6

      1.    *Perez* is Not a License for Gamesmanship ............................................................ 6

      2.    Defendants' Proposed Responses Do Not Further Presentation of the Merits ....... 8

      3.    Defendants' Untimely Withdrawals Prejudice the FTC ...................................... 11

      4.    The Reasoning of Other Opinions Leads to Denial of the Motion ...................... 12

   B.    If the Court Allows Withdrawal, Nearly All the Responses Should Be Deemed

         Admissions Because They Are Improper Under Rule 36 ........................................ 14

      1.    Defendants Saturate Nearly All of Their Responses with

         Improper Objections That Should Be Deemed Admissions ................................. 14

      2.    If the Court Grants Withdrawal, the FTC Should Have Time to

         Supplement its Summary Judgment Papers ........................................................ 17

**III.  CONCLUSION** ......................................................................................... 18

i

## **TABLE OF AUTHORITIES**

**Cases**

*Chavez v. Secretary Florida Department of Corrections*,

    647 F.3d 1057 (11th Cir. 2011) ....................................................................... 9

*Collins v. Turner*, No. 3:13-cv-1068-J-34MCR,

    2015 U.S. Dist. LEXIS 183929 (M.D. Fla. May 12, 2015)....................... 7, 8, 10

*Commodities Futures Trading Comm'n v. Int'l Fin. Svcs., Inc.*,

    323 F. Supp. 2d 482 (S.D.N.Y. 2004)............................................................ 14

*FTC v. H.N. Singer, Inc.*, No. C-80-3068 RFP,

    1982 U.S. Dist. LEXIS 15622 (N.D. Cal. Oct. 26, 1982)................................. 9

*Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:08-cv-536-LSC,

    2012 U.S. Dist. LEXIS 91253 (N.D. Ala. July 2, 2012).............................. 13, 17

*In re K-Dur Antitrust Litig.*, No. 1-1652 (JAG),

    2007 U.S. Dist. LEXIS 96066 (D.N.J. Jan. 2, 2007) .............................. 10, 15, 16

*Interland, Inc. v. Bunting*, No. 1:04-cv-444-ODE,

    2005 U.S. Dist. LEXIS 36112, at (N.D. Ga. Mar. 31, 2005)....................... 15, 16

*Perez v. Miami-Dade County, 297 F.3d 1255 (2002)*..................................... passim

*Praetorian Ins. Co. v. Site Inspection, LLC*,

    604 F.3d 509 (8th Cir. 2010) ..................................................................... 13, 17

*Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. 88-9752,

    1992 U.S. Dist. LEXIS 20249 (E.D. Pa. Dec. 29, 1992)....................... 13, 16, 17

*United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987)................................... 15

*Wagner v. St. Paul Fire & Marine Ins. Co.*,

    238 F.R.D. 418 (N.D. W.Va. 2006) ................................................................ 16

*Whitaker v. Annamalai (In re Hindu Temple Community*
  *Center of Georgia, Inc.)*, Bankr. No. 09-82915,
  2012 WL 10739278 (Bankr. N.D. Ga. Jan. 6, 2012) .............................................. 12, 13, 14

*Wilson v. Comlux Am.*, No. 1:11-cv-980-RLY-MJD,
  2013 WL 593974 (S.D. Ind. Feb. 14, 2013) ...................................................... 14


**Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 26 ......................................................................... 16

Federal Rule of Civil Procedure 26(g)(1) .......................................................... 5, 14

Federal Rule of Civil Procedure 30(b)(6) ............................................................ 12

Federal Rule of Civil Procedure 36 ............................................................. 1, 14, 17

Federal Rule of Civil Procedure 36(a) ................................................................. 13

Federal Rule of Civil Procedure 36(a) Advisory Committee's
note to 1970 Amendment ................................................................................ 9, 16

Federal Rule of Civil Procedure 36(a)(3) ............................................................. 2

Federal Rule of Civil Procedure 36(a)(4) .................................................. 10, 15, 16

Federal Rule of Civil Procedure 36(a)(6) ...................................................... 13, 17

Federal Rule of Civil Procedure 36(b) .............................................................. 6, 7


**Local Rules**

Middle District Discovery (2015) .......................................................................... 9

Middle District of Florida Rule 3.01(a) ................................................................. 9


**Other**

7-36 Moore's Federal Practice - Civil § 36.11, at 5c (2016) .................................... 17

Plaintiff Federal Trade Commission (FTC) hereby opposes Defendants' Motion for Relief from Failure to Timely Respond, or in the Alternative, Motion for Extension of Time to Respond [Dkt. 154]. Defendants' motion is the latest in a line of many recent, meritless motions attempting to slow and derail the case, and should be denied. It essentially seeks to substitute for building-block admissions a host of untimely boilerplate objections and proposed responses that flout the fundamental requirements of Fed. R. Civ. P. 36.

Since successor counsel appeared in this case recently, Defendants have lit up the docket with motions attempting to re-visit previously resolved matters. This motion is no different. While Defendants correctly identify *Perez v. Miami-Dade County* as controlling authority on the question of withdrawing admissions, they superficially misapply its two-prong test. Defendants' current admissions would not "practically eliminate any presentation of the merits" of their case, as the *Perez* panel worried. Rather, they are proper, succinct responses that clarify issues not in dispute and expedite resolution of the case on the merits. Defendants' prior counsel appears to have strategically chosen this course by deliberate silence, perhaps in order to avoid unnecessary litigation expenses or focus on different aspects of their defense. Now that Defendants have had weeks with the FTC's motion seeking summary judgment against all Defendants on all seven counts, they seek to reverse course. They should not be permitted to do so.

1

I.      **PROCEDURAL POSTURE**

A.      **Discovery is Closed and Summary Judgment Motions are Pending**

This civil litigation is in its 19th month.[1] The FTC has alleged that seven Defendants operated a common enterprise and engaged in multiple violations of the Federal Trade Commission Act through their sales of a weight-loss product to consumers. Defendants conducted fact and expert discovery, including sending requests for documents and interrogatories to the FTC, sending subpoenas, retaining an expert, and deposing six witnesses. The FTC also served discovery, retained experts, and deposed seven witnesses.

In January 2017, the FTC served requests for admission (RFAs) on Defendants: 660 RFAs to Defendant Don Juravin and each of the five corporate Defendants, and 131 RFAs on Defendant George Whiting.[2] Discovery closed on February 24, 2017, and Defendants had not responded to any of the RFAs. Pursuant to Fed. R. Civ. P. 36(a)(3), their admissions became operative prior to the discovery cutoff.[3] Defendants' prior counsel had opportunities to respond to the RFAs, or request more time, but did not. As explained in the declaration of FTC attorney Carl Settlemyer, filed herewith, prior defense counsel was fully aware of the unanswered RFAs. Exhibit 1, Carl Settlemyer Apr. 24, 2017 Decl. at ¶¶3-7, 9,

---

[1] The original complaint was filed on September 24, 2015 [Dkt. 1], and the First Amended Complaint on February 19, 2016 [Dkt. 48]. The Amended Case Management and Scheduling Order was filed on September 9, 2016 [Dkt. 83].

[2] FTC's 660 RFAs to the six Defendants were identical in all respects [Dkts. 141-31 to -34]. Whiting's RFAs, a subset of the 660, are filed at Dkt. 141-30. These are part of the FTC's summary judgment filing, as is FTC attorney Carl Settlemyer's declaration [Dkt. 141-29] giving background on service of the RFAs.

[3] In their motion, Defendants concede that the requests were deemed admitted [Dkt. 154 at 2].

14, 15. Settlemyer expressly stated, during a telephone conference in early March 2017 with both prior *and* present counsel, that with Defendants' RFAs deemed admitted, the FTC no longer needed Defendants to provide certain interrogatory answers they had promised but failed to deliver. *Id*. Defendants never corrected or changed the FTC's understanding (and never provided the undelivered interrogatory answers) [*Id*. at 11-13], and this long silence, in the face of reminders, plainly indicates a deliberate litigation strategy.

In March, Defendants' prior counsel was allowed to withdraw one week after successor counsel appeared and two weeks after discovery closed [Dkts. 114, 116]. Both sides filed summary judgment motions on March 24. The FTC's motion was extensive, seeking judgment on liability on all seven counts against all Defendants, citing many of their admissions [Dkt. 141]. Two weeks later, Defendants moved to withdraw all their deemed admissions and substitute proposed responses [Dkt. 154].

**B.    Defendants' Request to Withdraw is Part of a Deliberate Disruptive, New Litigation Strategy**

New defense counsel's arrival in late February 2017 has coincided with a notable increase in motions practice. Most of the recent motions have sought to undo matters previously resolved, inject new theories late into the case, or delay the proceedings.[4] The main reason given for this slew of new motions is that current counsel disagrees with prior counsel's strategic decisions.[5] The instant motion is part of this trend. Six of the seven

---

[4] Compare Defendants' five opposed motions during the first 17 months of this case [Dkts. 81, 94, 98, 104, 110] with the 16 opposed motions in just the past seven weeks [Dkts. 112, 115, 128, 129, 130, 131, 132, 133, 134, 135, 136, 139, 143, 146, 154, 156].

[5] *See, e.g.,* Dkt. 128 at 2 ¶4 (same point on page 2 at ¶4 in Dkts. 129 – 136); Dkt. 156 at 5 ("correct the work of previous counsel").

Defendants now propose to substitute highly defective responses for nearly all 660 deemed admissions. Defendant Whiting would substitute similarly defective responses for dozens of his 131 RFAs. The six Defendants' responses are verbatim identical in all respects, other than identifying the responding Defendant.

As discussed below, these 660 responses do not expedite resolution of the merits by clarifying which matters are disputed and which are admitted, but rather contain few succinct denials and admissions, and a tremendous number of improper responses and objections. In addition to 23 meaningless, boilerplate "General Objections," more than **90 percent** of Defendants' responses contain one or more of five improper, boilerplate objections (while other responses contain less-frequently used improper objections). To illustrate the five most-used objections, Defendants' responses can be grouped accordingly:

**1. "The Defendant has produced documents" (400 responses)**
Responses:  30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 59, 60, 61, 62, 63, 64, 65, 72, 73, 74, 75, 77, 84, 85, 91, 92, 103, 113, 114, 115, 123, 124, 125, 126, 127, 128, 129, 135, 136, 142, 143, 144, 150, 151, 152, 153, 155, 163, 164, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 189, 190, 191, 192, 193, 194, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 278, 280, 291, 292, 293, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 399, 400, 401, 402, 403, 404, 405, 408, 409, 413, 414, 415, 416, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 430, 431, 432, 433, 434, 435, 443, 444, 445, 446, 447, 448, 449, 450, 451, 454, 455, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 559, 560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 628, 629, 630, 631, 632, 633, 634, 635, 636,

637, 638, 639, 640, 641, 642, 643, 644, 647, 648, 651, 652, 655, 656, 657, 658, 659, 660.

**2.  Someone has "provided deposition testimony" (108 responses)**

Responses:  5, 82, 83, 85, 86, 87, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, 111, 112, 116, 139, 140, 141, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 403, 404, 405, 408, 409, 410, 413, 414, 415, 416, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 430, 431, 432, 433, 434, 435, 443, 444, 445, 446, 447, 448, 449, 504, 505, 506.

**3.  "Legal and factual conclusion in dispute" (221 responses)**

Responses:  9, 12, 13, 14, 19, 22, 25, 26, 27, 28, 29, 48, 53, 54, 68, 69, 76, 145, 156, 157, 158, 159, 160, 161, 165, 166, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 195, 196, 197, 198, 199, 200, 201, 202, 237, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 289, 290, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 305, 306, 307, 308, 309, 310, 311, 312, 314, 336, 337, 338, 339, 340, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 396, 397, 398, 440, 441, 448, 449, 452, 453, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555.

**4.  Something "speaks for itself" (145 responses)**

Responses:  1, 2, 3, 5, 6, 7, 8, 10, 11, 16, 17, 18, 20, 21, 23, 24, 118, 119, 120, 121, 122, 137, 138, 146, 147, 148, 149, 154, 203, 204, 205, 206, 207, 208, 209, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 268, 269, 270, 271, 272, 273, 274, 275, 276, 406, 407, 411, 412, 472, 473, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 646, 647, 648, 650, 651, 652, 654, 655, 656, 657, 658, 659, 660.

**5.  Some other person is the "best" source of information (71 responses)**

Responses:  123, 124, 125, 126, 127, 128, 129, 143, 144, 452, 453, 455, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496,

497, 498, 499, 500, 501, 502, 503, 507, 508, 509, 510, 511, 512, 513, 514, 515, 518, 519, 520, 521, 522, 556.[6]

## II.   ARGUMENT

While Defendants are correct that *Perez* is the controlling authority on late withdrawals of admissions, their application of *Perez* to the facts at issue here is fatally flawed. *Perez* does not grant a license for late withdrawal of building-block admissions to enable wholesale substitution with boilerplate evasions, and gives no safe harbor to Defendants' gamesmanship.

### A.   Defendants Fail to Satisfy Both Prongs of the *Perez* Test

#### 1.   *Perez* is Not a License for Gamesmanship

In *Perez*, an Eleventh Circuit panel held that while district courts are entitled to broad discretion in managing pretrial discovery, it was an abuse of discretion for the district court to deny withdrawal of admissions without applying the two-part test delineated in Fed. R. Civ. P. 36(b).  *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1266 (2002).  The test directs a court to consider whether withdrawal will subserve[7] presentation of the merits and whether withdrawal will prejudice the party who obtained the admissions. *Id.* at 1264.

The Eleventh Circuit applied the two-part test and concluded that withdrawal of the admissions should have been granted. *Id.* at 1266-68. First, the defendants' deemed admissions did not subserve presentation of the merits. *Id.* at 1266. The plaintiff's RFAs

---

[6]  The responses are also unsigned, in violation of Fed. R. Civ. P. 26(g)(1).

[7]  Fed. R. Civ. P. 36(b) now uses the term "promote" instead of subserve but the meaning is unchanged.

were used not to relieve the time and expense of disputing facts that would not be disputed at trial, but rather were used in the "wild-eyed hope" that defendants would fail to respond. *Id.* at 1268. The plaintiff could then use deemed admissions as a weapon to establish liability on critical facts and issues that the defendants had disputed from the start. *Id.* Thus "granting the motion to withdraw the admissions would have certainly aided in the ascertainment of the truth and the development of the merits." *Id.* at 1266 (internal quotation marks and citations omitted).

Second, according to the Eleventh Circuit, the *Perez* plaintiff would not suffer prejudice should the admissions be withdrawn, since he had known all along that he would have to prove the disputed elements of his case, and had been actively engaging in discovery. *Id.* at 1267-68. "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* at 1266.

It is clear from *Perez,* and the authority cited in that opinion, that a court must conduct the two-part test specified in Fed. R. Civ. P. 36(b). It is also evident that in evaluating the first part, the court must look at the relevant requests for admission, and determine whether those seeking withdrawal of their admissions can satisfy their burden by showing that "upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* As for the second part, prejudice, the litigants must discuss, and

courts must decide, whether the admissions' withdrawal does more harm than merely require additional labor on the non-movant's part.

Defendants discuss only one other opinion, *Collins v. Turner*, No. 3:13-cv-1068-J-34MCR, 2015 U.S. Dist. LEXIS 183929 (M.D. Fla. May 12, 2015). As in *Perez*, certain deemed admissions in *Collins* would have conclusively established liability under plaintiff's negligence theory. *Id.* at *4. The court undertook *Perez's* two-step analysis, but, significantly, the plaintiff conceded that withdrawal of the deemed admissions would subserve presentation of the merits. *Id.* That is not so here, where, as shown below, Defendants' improper rote responses would frustrate presentation of the merits.

The context here is vastly different from *Perez* and *Collins*, and does not satisfy the two-part test. The FTC's RFAs were well designed to narrow the issues for trial, and, in contrast to *Perez,* Defendants' counsel did not make an inadvertent mistake, but rather apparently made a deliberate and strategic decision to allow the admissions into evidence as a way to expedite presentation of the merits. Now, armed with new counsel, Defendants hope to reverse that strategy. Instead of aiding in a full presentation of the merits, their new responses—should they be allowed—would do the opposite.

### 2. Defendants' Proposed Responses Do Not Further Presentation of the Merits

Defendants suggest, but barely argue or analyze, that their substitute responses in lieu of deemed admissions will subserve presentation on the merits. The FTC's requests were not a slap-dash restatement of already-answered complaint allegations. Nor were they case-ending traps, like in *Perez* and *Collins*. Rather, they were proper building blocks to aid in

resolving the case. Defendants' improper proposed responses do the opposite of subserving a presentation on the merits, and would instead slow and needlessly complicate this litigation.

Defendants nearly ignore *Perez's* first step entirely. They summarily address just 13 of the 660 total requests,[8] a series of building-block statements that flesh out the contours of scientific substantiation that should underpin weight-loss advertising claims of the type made by Defendants. Requests 381 to 393 go directly to Counts I and II in the FTC's First Amended Complaint (Complaint) [Dkt. 48]. They are direct and specific; however, neither individually nor collectively would they, if admitted, "practically eliminate any presentation of the merits of the case." If all were admitted, these 13 requests would simply save the Court time at trial by making incremental (and scientifically technical) facts definite. These admissions are nothing like the requests that were so fatal in *Perez*. Instead, they would fulfill what the 1970 Rules Advisory Committee called the "vital purpose[s]" of proper requests: facilitating proof as to issues that cannot be eliminated, and narrowing the issues by eliminating those that can be. Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment.[9]

---

[8] Defendants do not challenge the number of requests. Indeed, in a multi-defendant (here, seven), multi-year (2009-2017) and multi-count case, the number of requests is reasonable. *See, e.g., FTC v. H.N. Singer, Inc.*, No. C-80-3068 RFP, 1982 U.S. Dist. LEXIS 15622 , at *7 (N.D. Cal. Oct. 26, 1982) (570 requests for admission).

[9] Defendants chose to ignore all requests beyond these 13 in their perfunctory analysis. They have forfeited their opportunity to withdraw the other 647 deemed admissions through their choice not to argue the merits. The Court and the FTC cannot be expected to locate and assess other requests that Defendants may not like. *See Chavez v. Sec'y Fla. Dep't Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."); M.D. Fla. R. 3.01(a) (allowing 25 pages for moving briefs); *see generally* Middle District Discovery (2015) at 5 ("A party responding to discovery should make a diligent effort to provide a response that . . . imposes no unnecessary burden or expense on the requesting party."), https://www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf.

In light of such modest requests, Defendants must show that their proposed responses would subserve presentation on the merits. Defendants fail to do this here because they do not fairly and succinctly meet the substance of each request as they must under Fed. R. Civ. P. 36(a)(4). Their responses, all identical for the 13 requests, begin with a denial but then shift into evasion verbiage [Dkt. 154 at 5]. Under Rule 36, Defendants must not muddy the waters by swirling objections around a substantive response. *See, e.g., In re K-Dur Antitrust Litig.*, No. 1-1652 (JAG), 2007 U.S. Dist. LEXIS 96066, at *36-37 (D.N.J. Jan. 2, 2007) (respondents "cannot have it both ways"). Here, Defendants commit that error in all 13 proposed responses: they follow a succinct denial with a string of meritless objections (compound, conclusory, legal conclusion, matter in dispute). Even Defendants' apparent explanation sentence muddies the water. After each denial, Defendants state: "The Plaintiff is attempting to forcibly instill a higher standard that [sic] what the FDA requires for supplements." At best, this sentence is a rote non sequitur, but also shows that Defendants are not "fairly responding to the substance of the matter." Fed. R. Civ. P. 36(a)(4). None of the FTC's 660 requests refers to the FDA; Defendants' Answers (including their affirmative defenses) to the complaint do not mention the FDA, and the FDA has no role in this litigation. Consequently, Defendants' pat denials and irrelevant qualification show that they did not fairly consider each request and tailor their responses accordingly. These unserious responses have no analog in *Perez* or *Collins* and they are contrary to parties' duty to make reasonable inquiries and answer on the specific substance requested. These defects alone

show that Defendants fail to satisfy step one under *Perez*; thus, their deemed admissions should not be withdrawn.[10]

Moreover, of the Defendants' proposed responses to the other 647 RFAs that they did not discuss in their motion, **91 percent** include improper objections such as: a document "speaks for itself so no response is required;" someone "provided deposition testimony on this matter so no response is required;" someone "produced documents on this matter so no response is required;" the request "seeks a legal and factual conclusion that is in dispute;" and someone else "is the best person to answer this request." Defendants encrust nearly every denial and all their non-answers in one or more of these improper objections—the five most frequently used objections appear in their responses *945 times*. Such disregard for their obligations on the vast majority of requests does not subserve a presentation on the merits; indeed it causes more confusion, by making it impossible to determine what issues are truly in dispute. It is tantamount to an abuse of the discovery process and smacks of bad faith, which the *Perez* panel had no occasion to bless. Thus, Defendants fail to satisfy step one under *Perez* and the Court should deny their motion on that basis alone.

### 3.     Defendants' Untimely Withdrawals Prejudice the FTC

The FTC's motion for summary judgment [Dkt. 141] includes many citations to Defendants' admissions. These citations were generally a succinct way to refer to points

---

[10] Defendants do not, indeed cannot, credibly point to certain RFAs as case-ending. The RFAs are not a sloppy or wild-eyed verbatim restatement of the complaint, in stark contrast with counsel's condemned strategy in *Perez, i.e.*, to issue as requests a "verbatim copy of the complaint." 297 F.3d 1258, 1268-69. The charging language of the Complaint's seven counts appears in none of the RFAs, nor were Defendants asked to deny their affirmative defenses. Rather, the FTC's requests relate to discrete building blocks that help the FTC mount its case and would otherwise be time-consuming to put on at trial.

otherwise established in more lengthy deposition testimony and exhibits. The FTC cited

admissions, along with other record evidence, on many points to amplify those points. On

other points, it cited only admissions, and no other record evidence, for brevity. Withdrawal

of the admissions would entail the need for the FTC to replace or supplement its motion for

summary judgment to add citations and exhibits, or edit the associated text in the brief to

ensure accuracy. This process would be cumbersome, would cause delay, and would largely

prove to be a make-work exercise of requiring the FTC to state at greater length, and with

more voluminous exhibits, the points the admissions reflect far more concisely. There are

also points as to which the FTC reasonably believed it could forego moving to compel

written discovery responses from Defendants because the RFAs were admitted. *See* Exhibit 1

¶¶9-16. Moreover, Defendants have operated a decentralized business, largely via online

platforms that have allowed Defendant Don Juravin to coordinate with many independent

contractors, frequently located overseas. *Id.* at ¶16. Withdrawal of the deemed admissions –

particularly those for which Defendants' new responses do not fairly meet the subject matter

of the request – would deprive the FTC of information known to Defendants that is

unavailable to the FTC as a practical matter, *e.g.*, information about activities conducted

from Pakistan, India, and the Philippines. *Id.*

### 4.    The Reasoning of Other Opinions Leads to Denial of the Motion

The case at bar is more akin to the facts presented in *Whitaker v. Annamalai (In re*

*Hindu Temple Community Center of Georgia, Inc.)*, Bankr. No. 09-82915, 2012 WL

10739278 (Bankr. N.D. Ga. Jan. 6, 2012). In that case, a bankruptcy-trustee plaintiff moved

for summary judgment in an adversarial proceeding against defendants who allegedly

12

participated in fraudulent transfers. *Id.* at *1-2. The trustee relied on deemed admissions, but defendants moved to withdraw (or "undeem") those admissions, citing Fifth Amendment concerns. *Id.* The bankruptcy judge, following step one of *Perez*, found that defendants failed to explain how withdrawing their deemed admissions would lead the court to "reach different factual conclusions than it would otherwise reach" based on the deemed admissions. *Id.* at *3.

That is the same problem that Defendants present here. Their very few succinct admissions and denials are overwhelmed by their hundreds of improper denials-plus-objections and objection responses. Such evasive responses will fail to aid the Court in adjudicating this case on the merits. They violate Fed. R. Civ. P. 36(a) and as such are tantamount to second-generation deemed admissions. *See, e.g.*, *Praetorian Ins. Co. v. Site Inspection, LLC,* 604 F.3d 509, 519 n.9 (8th Cir. 2010); *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:08-cv-536-LSC, 2012 U.S. Dist. LEXIS 91253, at *25 n.8 (N.D. Ala. July 2, 2012); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. 88-9752, 1992 U.S. Dist. LEXIS 20249, at *15, *17 (E.D. Pa. Dec. 29, 1992); Fed. R. Civ. P. 36(a)(6).

Moving on to step two of *Perez*, the *Hindu Temple* court considered prejudice. 2012 WL 10739278, at *13. As noted, the defendants' proposed untimely responses consisted of an improper blanket claim to constitutional rights, similar to Defendants' untimely, improper objections that nullify 91 percent of their responses here. The court's reasoning, in finding prejudice, is equally applicable to the case at bar:

> [The defendants'] motion to undeem admissions does not seek to permit them to make appropriate responses to the requests for admissions. Instead, the motion, if granted, would in effect validate their refusals to respond based on a blanket claim of

> Constitutional privilege, shifting to Plaintiff the burden of compelling them to
> respond to each individual request. This would stand Rule 36 on its head.

*Id.* at *4. *See also Wilson v. Comlux Am.*, No. 1:11-cv-980-RLY-MJD, 2013 WL 593974, at

*3 (S.D. Ind. Feb. 14, 2013) (movant found himself in "essentially a bed of [his] own

making" upon denial of his motion to withdraw); *Commodities Futures Trading Comm'n v.

Int'l Fin. Svcs., Inc*., 323 F. Supp. 2d 482, 506 (S.D.N.Y. 2004) (allowing withdrawal of

deemed admissions would result in "further delaying the resolution of this action and the

payment of restitution to the victims").

The FTC should not be required to brief an unnecessary motion to deal with

Defendants' clearly abusive and improper responses, while the Commission should be

preparing for trial.

### B.  If the Court Allows Withdrawal, Nearly All the Responses Should Be Deemed Admissions Because They Are Improper Under Rule 36

If the Court does allow withdrawal, the vast majority of Defendants' responses should

be deemed admitted. Out of 660 requests, there are only 8 succinct admissions and 20

succinct denials—the remaining proposed responses violate Fed. R. Civ. P. 36.[11]

### 1.  Defendants Saturate Nearly All of Their Responses with Improper Objections That Should Be Deemed Admissions

From start to finish in their proposed responses, Defendants coat their submission

with improper objections. Courts routinely strike the "global guard tactics" like Defendants'

23 "General Objections" as contrary to Fed. R. Civ. P. 36(a)(4). *See, e.g., Interland, Inc. v.

Bunting*, No. 1:04-cv-444-ODE, 2005 U.S. Dist. LEXIS 36112, at *29 (N.D. Ga. Mar. 31,

---

[11] All of the proposed responses violate Fed. R. Civ. P. 26(g)(1) because they are unsigned.

2005). These general objections preview the vast majority of individual responses:  evasive, rote, and improper specific objections. Defendants fail to discuss and justify their responses, other than the 13 defective responses discussed in Part II.A.2 above, and for good reason. Like those 13 responses, the vast majority of their 647 other responses are improper. The following five improper objections coat 598 out of 660 responses – that is, **91 percent** of their responses.[12]

Defendants constantly object that no response is required because the responding Defendant "has produced documents" that should be consulted and/or a certain witness's "deposition testimony" may contain the answer. Defendants rely on these two tactics 400 times and 108 times, respectively. Each use is a dodge showing, among other things, blatant disregard for Defendants' duty to make reasonable inquiry per Fed. R. Civ. P. 36(a)(4). *See, e.g., In re K-Dur*, 2007 U.S. Dist. LEXIS 96066, at \*48-49 ("access to documents" is an improper objection); *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) (referring to deposition testimony, the court held that the "use of an alternative form of discovery does not eliminate the requirement" to answer RFAs).

Defendants also object to one-third of the requests, saying (221 times) that they call for "a legal and factual conclusion" in dispute. But parties have long been on notice that application of law to fact, even if disputed, is a legitimate way to facilitate proof and narrow the issues. *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423-24 (N.D. W.Va. 2006); Fed. R. Civ. P. 36(a) advisory committee's note to 1970 amendment. Further,

---

[12] Each of the 598 responses contains at least one of these top-five improper objections.  Many include more than one. Several other responses also contain other improper objections, such as "Defendant is not able to testify to another's" credentials, raising the total number of improper responses to 610.  *See* footnote 15 below.

Defendants object that no response is required because the subject of the request "speaks for itself." They rely on this evasion 145 times showing, *e.g.*, refusal to engage with many documents that deal directly with Defendants' own weight-loss business. *Interland*, 2005 U.S. Dist. LEXIS 36112, at *28 ("speaks for itself" is not a proper objection).

Rounding out the top five improper objections, Defendants refuse to answer 71 times by stating that some other person is the "best person to ask" or "best source of information." This is another blatant dodge. *In re K-Dur,* 2007 U.S. Dist. LEXIS 96066, at *98-99; *see also Interland*, 2005 U.S. Dist. LEXIS 36112, at *28-29 (duty of reasonable inquiry).[13] Defendants continue their objection-saturation campaign with multiple other dodges, *e.g.,* "Defendant is not able to testify to another's" credentials, records, or actions.[14] As with their other responses, Defendants have forfeited their argument as to them by not making any argument. *See, e.g., Wagner*, 238 F.R.D. 423 (waiver of untimely objections); 7-36 Moore's Federal Practice - Civil § 36.11, at 5c (2016). These objections do not comply with Fed. R. Civ. P. 36 and transfer the burden of argument and assessment onto the FTC and the Court, respectively. At this late stage of the litigation, this epitomizes both bad faith and abuse of the process.

---

[13] Another related tactic that Defendants frequently use is the improper combination of an admission or a denial, together with an objection(s), creating confusion as to whether they have taken a position or not. Responses 9, 156, 180, 195, 216, 235, 245, and 256 are just a few examples. *See, e.g., In re K-Dur,* 2007 U.S. Dist. LEXIS 96066, at *36-37, *83-84 (respondents "cannot have it both ways").

[14] Defendants use this dodge 22 times, in Requests 281, 282, 283, 284, 285, 286, 289, 290, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 306, 308, 440, 441. *See, e.g., Interland*, 2005 U.S. Dist. LEXIS 36112, at *19-20 (Fed. R. Civ. P. 26 requires candor and effort beyond cursory assertion of lack of personal knowledge); *Rhone-Poulenc*, 1992 U.S. Dist. LEXIS 20249, at *6-9 (Parties have a duty to make reasonable inquiry, including of co-defendants); Fed. R. Civ. P. 36(a)(4).

Very few responses remain that are not coated with improper, evasive, or confusing responses. Specifically, in the six Defendants' 660 responses, the only ones that appear to comply with Fed. R. Civ. P. 36 are:

8 Admit: 52, 130, 277, 304, 313, 428, 429, 437.
2 Partial Admit/Deny:  4, 394.
40 Deny:  15, 45, 46, 47, 49, 50, 51, 55, 56, 57, 58, 66, 67, 70, 71, 79, 80, 81, 88, 89, 117, 131, 132, 133, 134, 162, 287, 288, 360, 417, 436, 438, 442, 557, 558, 625, 626, 627, 649, 653.

And among Defendant Whiting's 131 responses, the only facially proper ones are:

1 - 11, 19, 22 - 25, 35 - 57, 59, 66, 70 - 92, 94, 96 - 106, 114 - 115, 121, 127, 129, 130.

Apart from these facially proper responses, the Court should deem the remainder to be admitted.[15] *See, e.g., Praetorian,* 604 F.3d at 519 n.9; *Mercedes Benz,* 2012 U.S. Dist. LEXIS 91253, at *25 n.8; *Rhone-Poulenc*, 1992 U.S. Dist. LEXIS 20249, at *15, *17; Fed. R. Civ. P. 36(a)(6).

## 2.    If the Court Grants Withdrawal, the FTC Should Have Time to Supplement its Summary Judgment Papers

In light of Defendants' abrupt desire to withdraw all of their admissions, the FTC should be permitted to file, within a ten-day window, a revised version of its summary judgment materials (to include, for example, updated record excerpts and citations), if the Court orders withdrawal. Deemed admissions comprise many factual citations in the original filing, and they are typographically very short. Their withdrawal would unfairly prejudice

---

[15] For a clear record later at trial, the FTC requests that the Court order Defendants to sign and date as of April 7, 2017, the proposed responses (which lack dates and signatures currently), without making any other changes. They should be ordered to serve the same on the FTC within seven days of any order granting withdrawal.

FTC unless it is permitted to insert replacement record citations, which will occupy more lines of the motion. The FTC was constrained to meet the original 45-page limit [Dkt. 119 (order setting page limit at 45 pages)]; thus, the FTC also requests an expanded page limit from 45 pages to 50 pages to accommodate far lengthier citations.

## III.    CONCLUSION

Defendants have failed to justify the untimely withdrawal of their deemed admissions so their motion must be denied.

Respectfully submitted,

*/s/ Michael J. Davis*
CARL H. SETTLEMYER, III
(Trial Counsel)
PAUL B. SPELMAN
MICHAEL J. DAVIS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
202-326-2019, -2487, -2458  (Tel.)
202-326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov
mdavis@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 24th day of April, 2017, I electronically filed the foregoing

Plaintiff Federal Trade Commission's Opposition to Defendants' Motion for Relief from

Failure to Timely Respond, or in the Alternative, Motion for Extension of Time to Respond

with the Clerk of the Court by using the CM/ECF filing system, and this document will be

served electronically through same to counsel for all parties of record.

*/s/Michael J. Davis*
Attorney

19