UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ROCA LABS, INC., a corporation;
ROCA LABS NUTRACEUTICAL
USA, INC., a corporation; MUST
CURE OBESITY, CO., a corporation;
JURAVIN, INCORPORATED, a
corporation; ZERO CALORIE LABS,
INC., a corporation; DON JURAVIN,
individually and as an officer of Roca
Labs, Inc., Roca Labs Nutraceutical
USA, Inc., Must Cure Obesity, Co., and
Juravin, Incorporated; and GEORGE C.
WHITING, individually and as an
officer of Roca Labs, Inc., Roca Labs
Nutraceutical USA, Inc., and Zero
Calorie Labs, Inc.,

Defendants.

Case No.  8:15-cv-02231-MSS-TBM

## PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS AND PRODUCTION OF DOCUMENTS RELATING TO SALE OF FROZEN VEHICLE

Plaintiff Federal Trade Commission ("FTC") hereby moves this Court for an order,

pursuant to Fed. R. Civ. P. 37(a) and Local Rule 3.04, compelling Individual Defendant Don

Juravin ("Defendant Juravin" or "Juravin") to answer FTC interrogatories about the nature,

location, and status of his frozen 2014 Mercedes SL550 and any proceeds of its sale, and to

produce all payment records relating to its sale.[1]

---

[1] This asset discovery was served on August 15, 2017 pursuant to this Court's Asset Freeze Order (Dkt. 90), which authorizes this limited discovery, even though ordinary fact discovery has closed and the remaining case deadlines are stayed.

These discovery requests seek information about Juravin's sale of his frozen 2014 Mercedes SL550, for which he has sought retroactive Court authorization to sell [see Dkt. 180 and 182]. Juravin served responses on August 29, 2017, comprised primarily of baseless and boilerplate objections to all the interrogatories and the request for production. He did not answer the interrogatories at all, and produced only the documents previously attached as exhibits to his August 16, 2017 motion [see Dkt. 180-1] for retroactive authorization. While the FTC has obtained (via subpoena to the car dealership) documents relating to the sale of the SL550 [see Dkt. 182-5], it is entitled to sworn answers from Juravin and all responsive documents that are in his possession, custody, or control. The FTC needs this discovery to determine whether he has concealed or dissipated assets, in violation of court orders in this case, and to address issues raised in Defendants' pending motion for authorization  and contemplated reply in support of that motion [see Dkt. 183].

In accordance with Fed. R. Civ. P. 37(a)(1) and Local Rule 3.01(g), the FTC certifies that it conferred in good faith with counsel for the Defendants. The undersigned emailed Defendants' counsel, Mr. Reid, on September 18, 2017 detailing how Juravin's responses were deficient and advised that if Juravin did not answer the interrogatories and produce all responsive documents, the FTC would move to compel. The undersigned spoke by phone with Mr. Reid on Monday, October 2, 2017 (after leaving voice messages for him on September 26 and 29), who agreed to advise the FTC by Wednesday as to whether Juravin would answer the interrogatories and produce all responsive documents. The undersigned has not received any communication from Mr. Reid since Monday, and believes that Juravin opposes the relief requested.

**A.  Background and Court Authorization for the FTC's Asset Interrogatories**

In its October 5, 2017 Motion to Compel answers to interrogatories about certain PayPal transactions [Dkt. 184], the FTC set out the procedural history that led to the Court's September 13, 2016 Asset Freeze Order [Dkt. 90] that granted the FTC leave to, at any time, conduct limited expedited asset discovery. The FTC incorporates that discussion [Dkt. 184, PageID 7690-91] by reference here. One frozen asset was the 2014 Mercedes SL550 [see Dtk. 182, PageID 7592] that is the subject of the interrogatories and request for production at issue in this motion, and in Defendants' pending motion for authorization [Dkt. 180].

**B.  FTC Discovery to Which Juravin Has Objected**

The following are the FTC's request for production and Juravin's objections:

*1.     All documents comprising records of payment (including payment of cash, credit, assets, discount, or other valuable consideration) to or for the benefit of Don Juravin, or any company he owns or controls, from his sale of the Mercedes SL550.*

*Response:*

*Defendant objects to the Response as "sale" has not been defined in this Request for Production from the Plaintiff. This term is vague and ambiguous and it calls for information that relies upon the definition of "sale", for which there is no mutual understanding of the connotation and/or denotation of said word and said word is not addressed by Plaintiff's "Definition", section. Defendant objects to the Response as being overbroad and unduly burdensome. Defendant also objects to the response as the documents sought in the request is equally available to the parties and a matter of public record. Subject to and without waiving the foregoing objections and applicable general objections above, the Defendant has attached the same documents which are currently part of the court filing for the Plaintiff.*

The following are the FTC's interrogatories and Juravin's objections:

*1.     State the dates on which Don Juravin sold and transferred title to the Mercedes SL550, and identify any dealer or intermediary used to facilitate the sale, and identify your primary contact person for such dealer or intermediary.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

2.      *State the price paid by the buyer of the Mercedes SL550, identify all persons receiving proceeds (including cash, credit, assets, discounts, or other valuable consideration) from the sale, and state the amount and nature of the proceeds each person received.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

3.      *Identify the persons to whom title to the Mercedes SL550 was transferred and, if different, the persons who paid (including by cash, credit, assets, discounts, or other valuable consideration) any part of the price for the vehicle.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

4.      *State the relationship, including whether there is any contractual, employment, familial, or fiduciary relationship, between Don Juravin or any company he owns or controls, and any person who took title to, and any persons who paid (including by cash, credit, assets, discounts, or other valuable consideration) any part of the price for, the Mercedes SL550.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

5.      *Identify any documents proposing, advertising, memorializing, signed in connection with, or exchanged in negotiating, Don Juravin's sale of the Mercedes SL550, and any records of payments to for the benefit of Don Juravin relating to the sale.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

> 6.       *Identify the custodians of any documents proposing, advertising, memorializing, signed in connection with, or exchanged in negotiating, Don Juravin's sale of the Mercedes SL550, and any records of payments to or for the benefit of Don Juravin relating to the sale.*

*OBJECTION. The information sought in the interrogatory is equally available to the parties and a matter of public record.*

*OBJECTION. The information sought in the interrogatory has already been provided by Defendant in question.*

## C.  Juravin Should be Compelled to Answer and Produce Responsive Documents

A party may file a motion to compel against another party who fails to answer an interrogatory submitted under Rule 33 or fails to produce documents within its possession, control, or custody. *See* Fed. R. Civ. P. 33(b), Fed. R. Civ. P. 34(a)(1), and Fed. R. Civ. P. 37(a)(3)(B)(iii-iv); *Gov't Emples. Ins. Co. v. Clear Vision Windshield Repair, LLC*, No. 16-cv-2077, 2017 U.S. Dist. LEXIS 61569, *9, 2017 WL 1438426 (M.D. Fla. Apr. 24, 2017). The FTC's interrogatories are limited in scope and are reasonably calculated to lead to discovery of information about the nature, location, status, and extent of Juravin's assets, as authorized by the 2016 Asset Freeze Order.[2]

---

[2] The FTC can serve asset discovery "at any time" during the litigation, require interrogatory responses on five days' notice, serve interrogatories outside the Fed. R. Civ. P. 33(a)(1) numerical limit for discovery, and serve authorized discovery by email. See Dkt. 90, PageID 1968-70.

Request for Production

Mr. Juravin provided only a few documents, mostly from August 2017, relating to sale of the SL550 in response to the FTC's request. As the FTC's opposition to Defendants' motion for authorization to sell frozen assets and its exhibits [Dkt. 182] explain, Juravin likely has other responsive documents that he has not produced. Contrary to his untimely objections,[3] there is no vagueness or ambiguity to the term "sale" as used in our request. The term does not require a special definition, just a reasonable and natural interpretation as required by the Federal Rules. *See Giroux v. Kangamiut Contras. ApS*, No. 10-cv-35, 2011 U.S. Dist. LEXIS 95428, *12-13 (M.D. Fla. Aug. 22, 2011) (defendant failed to interpret request for production "reasonably and naturally"; overruling defendant's evasive and incomplete response). Juravin's objection is particularly strained in light of the email from Juravin's counsel of August 10, 2017 – which precipitated the discovery at issue here – advising the FTC (see Dkt. 182-3, PageID 7633) that the vehicle was "sold." There is no mystery as to the denotation or connotation of the term "sale" in this context.

There is also no basis for the boilerplate objections that the FTC's document request is overly broad or unduly burdensome. *See Am. Humanist Ass'n v. City of Ocala*, No. 14-cv-651, 2016 U.S. Dist. LEXIS 63436, *5 (M.D. Fla. May 13, 2016) (objecting party must show specifically how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden); *Petralia v. McCormick & Schmick Rest. Corp.*, No. 13-cv-21, 2013 U.S. Dist. LEXIS 195737, *6-7 (M.D. Fla. Nov. 27,

---

[3] The Asset Freeze Order provides that Defendants may be required to respond to asset interrogatories within five days and produce documents upon ten days' notice. Dkt. 90, PageID 1969. The return date for the FTC's August 15, 2017 was request for production was August 25; the interrogatory return date was August 22. Defendant' responses to both were served August 29.

2013) ("party resisting discover must specifically demonstrate how the request is unreasonable or unduly burdensome"). Nor is there any basis for the improper objection that the documents are equally available to the parties and a matter of public record. *See Mayan v. Mayan*, No. 15-cv-2183, 2017 U.S. Dist. LEXIS 60920, *8-9 (M.D. Fla. Apr. 21, 2017) (merely because an item may be available from another source is not a proper objection); *Pepperwood of Naples Condo. Ass'n v. Nationwide Mut. Fire Ins. Co.*, No. 10-cv-753, 2011 U.S. Dist. LEXIS 96501, *10-11 (M.D. Fla. Aug. 29, 2011) (incorrect to assert that information in control of one party is equally available to another; not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record); *Cent. Transp. Int'l, Inc. v. Global Advantage Distrib.*, No. 06-cv-401, 2007 U.S. Dist. LEXIS 81664, *7 (M.D. Fla. Sept. 11, 2007) (merely because an item may be available from another source is not a proper objection).

<u>Interrogatories</u>

Juravin also failed to answer, and did not timely object to, the August 15, 2017 Second Vehicle Interrogatories. The untimely objections provided to every one of the interrogatories are meritless boilerplate. In addition to the improper "equally available" objection discussed above, Juravin repeatedly objects that the "information sought in the interrogatory has already been provided by Defendant in question." This assertion is simply untrue. Were it true, it would be an invalid objection absent any identification of what specific responsive information Juravin claims to have provided. *See Thompson v. Glenmede Trust Co.*, No. 92-5233, 1995 U.S. Dist. LEXIS 18780, *8-9 (E.D. Pa. Dec. 19, 1995) ("bare objection" that party "already provided" information did not satisfy its burden in resisting

discovery); *Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 119-20 (S.D. Ohio 1976) ("Due to the defendants' failure to specify what they have already provided, we can see no merit in defendants' objection."); *cf.* Fed. R. Civ. P. 33(d) (option to produce business records in response to an interrogatory requires the responding party to specify records to be reviewed). The fact that this objection is repeated, verbatim, in response to all of these interrogatories illustrates that it lacks any foundation. *See Everflow Tech. Corp. v. Millennium Elecs. Inc.*, No. 07-05795, 2009 U.S. Dist. LEXIS 24086, *6 (N.D. Cal. Mar. 13, 2009) (overruling repeated, blanket objection that information requested had already been provided). Accordingly, Mr. Juravin lacks any basis to resist answering the interrogatories in full, under oath.

The FTC therefore requests that the Court grant this Motion to Compel, and order Defendant Juravin to answer fully, the FTC's Mercedes interrogatories and request for production.

Respectfully submitted,

Dated:  October 6, 2017

/s/ *Carl H. Settlemyer, III*
CARL H. SETTLEMYER, III (Trial Counsel)
PAUL B. SPELMAN
MICHAEL J. DAVIS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
(202) 326-2019, -2487, -2458 (Tel.)
(202) 326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov
mdavis@ftc.gov
Attorneys for Plaintiff Federal Trade Commission

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on this 6th day of October 2017, I electronically filed the foregoing "Plaintiff's Motion to Compel Interrogatory Answers and Production of Documents Relating to Sale of Frozen Vehicle" with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to counsel for all parties of record.

/s/ *Carl H. Settlemyer, III*
Attorney