UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>ROCA LABS, INC., a corporation;<br>ROCA LABS NUTRACEUTICAL<br>USA, INC., a corporation; MUST<br>CURE OBESITY, CO., a corporation;<br>JURAVIN, INCORPORATED, a<br>corporation; ZERO CALORIE LABS,<br>INC., a corporation; DON JURAVIN,<br>individually and as an officer of Roca<br>Labs, Inc., Roca Labs Nutraceutical<br>USA, Inc., Must Cure Obesity, Co., and<br>Juravin, Incorporated; and GEORGE C.<br>WHITING, individually and as an<br>officer of Roca Labs, Inc., Roca Labs<br>Nutraceutical USA, Inc., and Zero<br>Calorie Labs, Inc.,<br><br>                    Defendants. | Case No.  8:15-cv-02231-MSS-TBM |

**PLAINTIFF'S OPPOSITION TO DON JURAVIN'S MOTION FOR PROTECTIVE ORDER ON INTERROGATORIES REGARDING PAYPAL TRANSACTIONS**

Defendant Don Juravin ("Juravin") has no justification for attempting to evade

answering seven targeted interrogatories, served pursuant to asset discovery provisions in this

Court's September 13, 2016 Asset Freeze Order (Dkt. 90),[1] about the nature, location, status,

and extent of his assets, an order to which he stipulated in a "counseled and conscious

decision . . . ." Dkt. 155, PageID 6223.

---

[1] The Asset Freeze Order authorizes this limited discovery, even though ordinary fact discovery has closed and the remaining case deadlines are stayed. Dkt. 90, PageID 1968-70 (FTC is granted leave "at any time after entry of this Order" to conduct limited, expedited asset discovery).

1

Rather than timely oppose the Federal Trade Commission's ("FTC") pending October 5, 2017 motion to compel answers to these interrogatories [Dkt. 184], Juravin belatedly filed the instant motion for protective order [Dkt. 188] ("Motion") on October 23, 2017. The FTC's motion (incorporated here by reference) spells out how each of these interrogatories – to which Juravin did not respond – is relevant and proportional to the needs of the case in order to maximize possible consumer redress. By contrast, much of Juravin's Motion is a collateral attack on the Asset Freeze Order's discovery provisions. It is mainly devoted to his self-serving (and misleading) description of his weight-loss supplement business (compare PageID 7871 with Dkt. 160, PageID 6244), and a superfluous recitation of previously debunked[2] case history. Compare PageID 7870, 7872-73 with Dkt. 96, PageID 1993-95; Dkt. 126, PageID 2311-13; Dkt. 152; Dkt. 155, PageID 6221-23. The Motion contains irrelevant, erroneous legal commentary,[3] and concludes by venturing objections to only a few of the challenged interrogatories. Juravin's untimely Motion fails to show specifically how each of the August 18, 2017 "PayPal" interrogatories is not relevant, or how each question is overly broad, burdensome, or oppressive. Answering such limited questions will not cause him annoyance, embarrassment, oppression, or undue burden or expense. There is no good cause

---

[2] The Motion adds the unattested accusation that the FTC "suggested that Defendant Juravin would be subject to federal prosecution (and the possible prison time attendant therewith), unless he agreed to a temporary restraining order that froze his assets . . . ." PageID 7872. This accusation is false.

[3] The Motion conflates FTC actions against "unfair and deceptive acts or practices" under Section 5 of the FTC Act (like this one), with actions targeting "unfair methods of competition" that the FTC can initiate under Section 5. *See* 15 U.S.C. §45(a). The FTC blog post cited in Juravin's Motion [PageID 7872 n.3] makes this statutory distinction clear in its first paragraph; yet, the text of his Motion ignores it.

under Fed. R. Civ. P. 26(c) entitling Juravin to a protective order that will allow him to evade answering them.

### A.  Juravin Does Not Show How Each Interrogatory Is Objectionable

A party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The interrogatories at issue seek basic information on approximately two-dozen PayPal transactions, totaling more than $100,000, and the existence and nature of certain business relationships between Juravin and several third parties. Juravin is uniquely suited to answer such limited questions, as he is the undisputed control person over the corporate defendants and by far the largest economic beneficiary of the common enterprise.[4] Given Juravin's apparent pattern of concealing significant monetary transactions (see Dkts. 69 and 182), which the Motion fails to mention, the FTC needs this discovery to determine whether he has concealed or dissipated assets, in violation of court orders in this case.

Juravin specifically discusses only the subset of the interrogatories dealing with his agent, Ms. Delicana-Lara. His objections to answering these interrogatories amount to the following: (1) the FTC knows something, in general, about her role, thus Juravin may withhold more specific information about his transactions with her that he previously failed to disclose; and (2) the FTC has misinterpreted low-value payments to her in Philippine currency as being high value U.S. Dollar payments. The first objection is unsound. The FTC

---

[4] See generally Dkt. 141, PageID 2969-71 and evidence cited therein (Juravin control of corporate defendants and accounts; his personal $7 million financial benefit from their 2009-15 activities).

is entitled under the Asset Freeze Order to seek information about Juravin's specific transactions with an individual even if her general involvement in the business was previously disclosed. His belated production of required reporting about those transactions, which thwarted the FTC's ability to inquire about them previously, is all the more reason for Juravin to answer basic questions about them now. The second objection illustrates why the FTC needs Juravin, in a verified answer, to clarify information about these payments from accounts he controls. References to Philippine currency in the spreadsheets Juravin produced showing payments to Ms. Delicana-Lara do not make clear, without explanation, whether the lines show the U.S. Dollar value of the payments or the Philippine Piso value of the payments, and some entries do not specify the currency. Juravin's answers (not his attorney's argument) may show the transactions to be of no moment, but his refusal to answer precipitated the need to litigate the point.

He fails to discuss, at all, the other interrogatories that deal with transactions with Core Ventures, LLC or Tejas Choksi, and other transfers, and that inquire into his control over other entities. He has thus failed to make a specific showing of why the Court should issue a protective order to allow him to avoid answering them, and he should be ordered to do so. *See City Furniture, Inc. v. Chappelle*, 2016 U.S. Dist. LEXIS 106889 at *7, No. 2:15-cv-748 (M.D. Fla. Aug. 12, 2016) (objections not argued in response to motion to compel are deemed abandoned; objections waived and failure to file response to motion to compel creates presumption that it is unopposed). There plainly is no good cause for Juravin's continued stonewalling on these interrogatories.

**B.  Juravin Has Not Been Subject to Undue Discovery Obligations**

In the Asset Freeze Order, the Court granted the FTC leave to serve interrogatories independent of the twenty-five interrogatory limit for the main issues in the case under Fed. R. Civ. P. 33(a)(1). [5] "Any expedited discovery taken pursuant to this [asset discovery] Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court." Dtk. 90, PageID 1970, Section VI.F. Not only is this a specific provision which Juravin willingly agreed to after his own misconduct in attempting to conceal assets was exposed (see Dkt. 69 and Dkt. 155, PageID 6222), the asset discovery provision serves several important functions. It enhances the FTC's ability to seek information about his assets quickly, minimizes the risk that asset discovery will interfere with the FTC's ability to obtain discovery for its case on the merits, and minimizes the opportunity for Juravin to use the discovery rules to forestall inquiry into his compliance with his obligations under the Court's injunctions relating to his assets. Thus, his over-counting of previously served interrogatories and their alleged discrete sub-parts [Dkt. 188, PageID 7873-74] is irrelevant to determining whether the FTC's asset discovery is relevant and proportional to the needs of the case.

Nevertheless, Juravin exaggerates the extent of the interrogatories, and the extent to which he has actually responded to them. Juravin has, in fact, actually only *answered* ten of the FTC's fact discovery interrogatories, and four of its asset interrogatories.

---

[5] The rule expressly permits the Court to do so. Fed. R. Civ. P. 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").

The FTC's first ten interrogatories,[6] served in January 2016, sought information about the allegations in the First Amended Complaint [Dkt. 48] and were hardly oppressive. See Dkt. 141-19. Juravin did not fully answer them until after the FTC filed a motion to compel. See Dkts. 108 and 113, PageID 2100 at ¶¶ 6-7. Contrary to Juravin's assertion that he "has already answered" three sets of interrogatories [Dkt. 188, PageID 7874], he failed entirely to respond to the FTC's second set of three fact discovery interrogatories, served in January 2017. See Dkt. 161-1, PageID 6323-24 ¶¶9-11, and PageID 6338.

The FTC's recent interrogatories served pursuant to the Asset Freeze Order have also been very limited. Apart from the "PayPal" interrogatories at issue here, the FTC served four interrogatories in June 2017 with simple questions about the whereabouts and ownership of a valuable frozen asset (a 2014 Mercedes SL550). He eventually answered these, see Dkts. 182 and 182-4, but the FTC later learned additional information that raised questions about the veracity of his answers. Therefore, the FTC served six more interrogatories relating to the car on August 15, 2017.[7] Juravin belatedly responded with boilerplate objections to all of these interrogatories, and failed to file an opposition to the FTC's pending motion to compel him to answer. See Dkt. 185.

Finally, Juravin protests that the FTC's asset discovery has been in addition to the October 2015 Preliminary Injunction [Dkt. 38] requirement that Juravin "create and maintain

---

[6] The FTC disagrees with Juravin's unsupported assertion that these ten interrogatories, and the others described in the Motion, include additional discrete subparts that should be counted separately.

[7] On August 16, 2017, Juravin filed a "Motion for Entry of an Order Authorizing the Sale of Frozen Assets (specifically a 2014 Mercedes-Benz)." Dkt. 180. That motion is currently pending. The FTC opposed it and supplied evidence that Juravin was seeking retroactive authorization for his sale of the car. Dkt. 182. The Court granted Juravin's motion [Dkt. 183] for leave to file a reply brief, and ordered that it be filed by November 6, 2017. Dkt. 191.

a monthly balance sheet and accounting" of any income and expenses. He has not, however, *actually done* this in the prescribed form. The FTC has consistently accepted, as an accommodation to Juravin, monthly bank, credit card, and other financial account statements in lieu of insisting that he create and maintain a detailed monthly balance sheet. It is misleading for Juravin to cite this obligation, from which he has largely been excused, as a pre-existing burden to which the asset discovery has been appended. Moreover, the fact that he has provided statements pursuant to the October 2015 Preliminary Injunction does not excuse him from answering reasonable questions about specific transactions shown in them.

### C.  Juravin's Motion is Untimely

The Middle District Discovery Handbook states the expectation regarding protective order motions that "[u]pon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due." Middle District Discovery (2015) section VII.B. Juravin flouted this expectation by filing his Motion many weeks after interrogatory answers were due, and after the time to oppose a pending motion to compel answers to them had already run. Juravin essentially failed to respond to the PayPal Interrogatories, failed to timely oppose the FTC's motion to compel answers to them, and has waived his right to object. *See ACE Am. Ins. Co. v. Ajax Paving Indus. of Fla., LLC*, 2017 U.S. Dist. LEXIS 48927, *4, No. 2:15-cv-629 (M.D. Fla. Mar. 31, 2017) (defendant waived objections to interrogatories by not timely raising them; defendant failed to oppose motion to compel, creating presumption that motion is unopposed; motion to compel interrogatories

granted).[8] The Court should not reward this conduct by allowing Juravin to use his Motion as a means to evade asset discovery obligations to which he, in a "counseled and conscious decision," (Dkt. 155, PageID 6223) voluntarily stipulated.

## CONCLUSION

Juravin's Motion weaves a false narrative that the FTC is persecuting and gratuitously imposing impermissible discovery burdens on him. It is an untimely attempt to evade narrow asset discovery obligations to which he voluntarily agreed. The FTC therefore requests that the Court deny Juravin's motion for protective order, deny his request for attorney fees, costs, or other relief, and order Juravin to answer fully the FTC's PayPal interrogatories.

Respectfully submitted,

Dated:  November 2, 2017

*/s/ Carl H. Settlemyer, III*
CARL H. SETTLEMYER, III (Trial Counsel)
PAUL B. SPELMAN
MICHAEL J. DAVIS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580
(202) 326-2019, -2487, -2458 (Tel.)
(202) 326-3259 (Fax)
csettlemyer@ftc.gov
pspelman@ftc.gov
mdavis@ftc.gov
Attorneys for Plaintiff Federal Trade Commission

---

[8] *See also City Furniture,* 2016 U.S. Dist. LEXIS 106889 at *7 (objections not argued in response to motion to compel are deemed abandoned; objections waived and failure to file response to motion to compel creates presumption that it is unopposed); *Poleon v. Estes Express Lines*, 2016 U.S. Dist. LEXIS 33082, *4, No. 6:14-cv-2034 (M.D. Fla. Mar. 15, 2016) (party failed to provide requested discovery, object, or otherwise respond; through inaction, party waived objections it might have had to interrogatories).

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 2nd day of November 2017, I electronically filed the

foregoing PLAINTIFF'S OPPOSITION TO DON JURAVIN'S MOTION FOR

PROTECTIVE ORDER ON INTERROGATORIES REGARDING PAYPAL

TRANSACTIONS with the Clerk of the Court by using the CM/ECF filing system, and this

document will be served electronically through same to counsel for all parties of record.

/s/ *Carl H. Settlemyer, III*
Attorney