UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROCA LABS, INC., a corporation; ROCA LABS NUTRACEUTICAL USA, INC., a corporation; MUST CURE OBESITY, CO., a corporation; JURAVIN, INCORPORATED, a corporation; ZERO CALORIE LABS, INC., a corporation; DON JURAVIN, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Must Cure Obesity, Co., and Juravin, Incorporated; and GEORGE C. WHITING, individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc.,<br><br>Defendants. | Case No.  8:15-cv-02231-MSS-TBM |

**PLAINTIFF'S LIMITED RESPONSE TO SUGGESTION OF BANKRUPTCY
FOR DEFENDANT ROCA LABS, INC.**

Defendant Roca Labs, Inc. ("RLI") filed a suggestion of bankruptcy [Dkt. 195] stating that section 362(a) of the Bankruptcy Code provides that RLI's filing of its voluntary petition for chapter 7 bankruptcy relief [Dkt. 195-1] operates as a stay, applicable to all entities, of judicial actions against RLI. PageID 7904. Plaintiff, Federal Trade Commission ("FTC") files this limited response to advise the Court that <u>the FTC's action is exempt from the stay, per 11 U.S.C. § 362(b)(4)</u>. This action is brought under the FTC Act's Section 5(a) regulatory powers, 15 U.S.C. § 45(a), to protect consumers from RLI's deceptive and unfair

1

acts or practices. As set forth below, it is well established that such actions are exempt from section 362(a) automatic stays.

### A. Background

In this action, the FTC alleges that Defendants (including RLI) engaged in acts and practices that violated Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45, 52, in connection with the advertising and sale of weight-loss supplements and the use of contract provisions and legal threats to bar purchasers from posting negative commentary. The FTC seeks injunctive and equitable monetary relief, including restitution for consumers who purchased Defendants' supplements. See Dkts. 1 (Complaint), 48 (First Amended Complaint). For brevity, the FTC incorporates the procedural history set forth in the Court's April 13, 2017 Order [Dkt. 155] denying Defendants' motion to vacate. The parties have fully briefed their cross motions for summary judgment [Dkts. 141, 143], and the Court has stayed all remaining deadlines pending resolution of the dispositive motions. Dkt. 178.[1]

### B. Section 362(b)(4) Exemption Applies to This Action

FTC enforcement actions are exempt from automatic stays, per the bankruptcy code, which provides that "[t]he filing of a petition . . . does not operate as a stay" of several specific types of actions including:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

---

[1] Motions relating to disposition of individual defendant Don Juravin's assets (subject to preliminary injunctions entered in this case [Dkts. 38, 90]) are also pending. *See* Dkts. 180, 184, 185, 188.

11 U.S.C. § 362(b)(4).[2]

This "police-regulatory" exception to the automatic stay "recognizes that the government must be able 'to enforce its laws uniformly without regard to the debtor's position in the bankruptcy court.'" *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (quoting *Donovan v. TMC Indus., Ltd.*, 20 B.R. 997, 1001 (N.D. Ga. 1982)). For example, SEC civil actions to enforce statutes prohibiting fraud and deception in the sale of securities are exempt from the automatic stay provision. *SEC v. First Fin. Grp.*, 645 F.2d 429, 437-38 (5th Cir. May 20, 1981)[3] (SEC's continuing civil action and request for preliminary injunction against debtor defendant not stayed under section 362(a)).

Courts in this district have held that federal regulatory enforcement actions, including those brought by the FTC, are not stayed by the filing of a bankruptcy petition. *See, e.g.*, *In re Dolen*, 265 B.R. 471, 481 (Bankr. M.D. Fla. 2001) (action to enjoin illegal conduct and obtain restitution falls within exception; automatic stay does not preclude FTC from enforcing conduct provisions of preliminary injunction) (collecting FTC cases); *see also Bilzerian v. SEC*, 146 B.R. 871, 873 (Bankr. M.D. Fla. 1992) (SEC enforcement action not stayed). Courts in other circuits have also repeatedly held that FTC actions seeking injunctive relief for FTC Act violations fall within the police-regulatory exception and may proceed notwithstanding the filing of a bankruptcy petition. *See, e.g.*, *FTC v. Consumer Health*

---

[2] Even if RLI's bankruptcy petition stayed this matter as to RLI, it would not stay claims against the other defendants. *See Cosulich v. Specialty Fuels Bunkering, LLC*, 2014 U.S. Dist. LEXIS 79183 at *16-17, No. 13-545 (S.D. Ala. June 11, 2014) (section 362(a) generally does not stay claims against non-debtor defendants).

[3] *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions from before October 1, 1981).

*Benefits Ass'n*, No. 10-cv-3551, 2011 WL 2341097, at *4 (E.D.N.Y. June 8, 2011); *FTC v. AmeriDebt, Inc.*, 343 F. Supp.2d 451, 458-59 (D. Md. 2004); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107-09 (9th Cir. 2005); *In re First Alliance Mortg. Co.*, 264 B.R. 634, 645-51 (C.D. Cal. 2001). Similarly, the RLI bankruptcy filing does not impact any motions now pending before the Court. *See Dolen*, 265 B.R. at 481 (FTC could "engage in discovery, participate at trial to obtain an adjudication of its claims on the merits, and, if the debtor is found to have engaged in illegal conduct, determine and fix restitution damages for that conduct"; only enforcement of monetary judgment was stayed by bankruptcy).

## CONCLUSION

Because the section 362(b)(4) exemption applies to this case by operation of law, no court ruling is required for the FTC to continue this action. *See Lockyer*, 398 F.3d at 1107 (government units need not seek relief from the automatic stay to continue action subject to the 362(b)(4) exemption). This Court, however, has jurisdiction to decide whether the automatic stay applies. *Id.* at 1106-07. Should the Court believe it would be helpful, the FTC requests the opportunity to file additional briefing on these and any other relevant issues.[4]

---

[4] The impetus for the bankruptcy filing is unclear. The filing states that RLI owes $35,000,000 for "Licensed Intellectual Property" to defendant Don Juravin [Dkt. 195-1, PageID 7917], who has controlled RLI since 2009, and operated it as part of a common enterprise. See Dkt. 141, PageID 2968-71. The filing also lists a "disputed" debt to the FTC of $25,246,000 and a $100,000 undisputed claim in a class action. Dkt. 195-1, PageID 7917.

                                              Respectfully submitted,

Dated:  November 21, 2017       /s/ *Carl H. Settlemyer, III*
                                              CARL H. SETTLEMYER, III (Trial Counsel)
                                              PAUL B. SPELMAN
                                              MICHAEL J. DAVIS
                                              Federal Trade Commission
                                              600 Pennsylvania Avenue, NW
                                              Mail Drop CC-10528
                                              Washington, DC 20580
                                              (202) 326-2019, -2487, -2458 (Tel.)
                                              (202) 326-3259 (Fax)
                                              csettlemyer@ftc.gov
                                              pspelman@ftc.gov
                                              mdavis@ftc.gov
                                              Attorneys for Plaintiff Federal Trade Commission

## **CERTIFICATE OF SERVICE**

      I CERTIFY that on this 21st day of November 2017, I electronically filed the foregoing PLAINTIFF'S LIMITED RESPONSE TO SUGGESTION OF BANKRUPTCY FOR DEFENDANT ROCA LABS, INC. with the Clerk of the Court by using the CM/ECF filing system, and this document will be served electronically through same to counsel for all parties of record.

                                              /s/ *Carl H. Settlemyer, III*
                                              Attorney