UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                                            Case No: 8:15-cv-2231-T-35CPT

**ROCA LABS, INC., a corporation, ROCA LABS NUTRACEUTICAL USA, INC., a corporation, DON JURAVIN, individually, DON JURAVIN, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. Must Cure Obesity, Co and Juravin, Inc., GEORGE C. WHITING, individually, GEORGE C. WHITING, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. and Zero Calorie Labs, Inc., MUST CURE OBESITY, CO., a corporation, JURAVIN, INCORPORATED, a corporation, and ZERO CALORIE LABS, INC., a corporation,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion for Relief from Failure to Timely Respond, or in the Alternative, Motion for Extension of Time to Respond ("Motion") (Dkt. 154), and Plaintiff's Response in opposition thereto. (Dkt. 161) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court GRANTS Defendants' Motion.

In January 2017, Plaintiff served requests for admission on Defendants. (Dkt. 154 at 2) Defendants' previous counsel failed to submit responses or objections prior to the

close of discovery on February 24, 2017.  (Id.; Dkt. 161 at 2)  On March 7, 2017, one week after Defendants' current counsel filed a notice of appearance, Defendants' prior counsel was permitted to withdraw.  (Dkts. 114, 116)  On March 24, 2017, the Parties filed cross motions for summary judgment.  (Dkts. 141, 143)  On April 10, 2017, Defendants filed the instant motion seeking to withdraw the admissions or to permit additional time to respond to the requests for admissions.

A party served with a written request for admission has thirty days after service to respond.  Fed. R. Civ. P. 36(a)(3).  If the served party fails to respond timely, the "matter is admitted."  Id.  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  In ruling on a motion to withdraw admissions pursuant to Federal Rule of Civil Procedure 36(b), the Court may permit withdrawal or amendment after considering (1) the effect that allowing any specific admission to stand would have on the merits of the litigation, and (2) the prejudice that the opposing party would suffer if the admissions were withdrawn.  Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1264–65 (11th Cir. 2002) (holding "a district court must abide by the two-part test Rule of 36(b)" and finding that the withdrawal of admissions was necessary under the test). Under the first part of the two-part test, the Court is to determine whether the presentation of the merits of the case will be promoted if the admissions are withdrawn or amended.  Id. at 1266.

Here, of the 660 requests for admission, Defendants cite a sample of thirteen requests for admission that they argue would eliminate any presentation of the merits of the case if the admissions were upheld.[1]  This sample relates to the use of a clinical trial

---

[1]  Plaintiff served 660 requests for admission to all Defendants, except Defendant George Whiting, who was served with 131 requests for admission.  (Dkts. 161, 141-30) None of the Defendants

to substantiate weight loss claims. For example, one request was: "Typically, a weight-loss trial should have at least 80 participants, 40 for the active group and 40 taking a placebo." (Dkt. 154 at 4) Substantiation of Defendants' claims is a necessary element of some of Plaintiff's claims. Thus, an admission as to the (lack of) substantiation of Defendants' weight loss claims would be dispositive and would hinder a presentation of the claims on the merits. Because Defendants did not respond to any of Plaintiff's requests for admissions, Defendants' admissions could be dispositive of the entire case. Accordingly, Defendants have satisfied the first part of the two-part test to permit withdrawal of admissions.

The Court also finds that Plaintiff would not be prejudiced by the withdrawal of the admissions. Despite Defendants' failure to respond to the requests for admissions, it is clear that there is ample discovery, including depositions of Defendants Don Juravin and George Whiting, depositions of employees and an independent contractor, and declarations from customers. (Dkts. 141, 167) Further, in response to the instant Motion, Plaintiff stated that it is prepared to revise its summary judgment motion and related exhibits should the Court grant the withdrawal. (Dkt. 161 at 22–23) Plaintiff also requested that its page limit for the revised motion for summary judgment be expanded from the previously granted 45 pages to 50 pages, if the Court were to permit the withdrawal. (Dkts. 119, 161 at 23)

Under the standard articulated in <u>Perez</u>, the Court is constrained to permit Defendants to be relieved from the admissions they made. However, the Court declines to permit Defendants an extension of time to amend their responses to the requests for

---

filed answers.

admissions. Defendants attached to the instant Motion proposed responses to the requests for admissions. (Dkt. 154-1–154-13) With overwhelming frequency, Defendants' proposed responses state that the related documents have been produced, deposition testimony has been taken, or the public record speaks for itself. (Dkt. 154-1–154-13) Defendants' proposed responses suggest that they are prepared to proceed on the basis of the discovery taken to date. As such, the Court rejects Defendants' proposed responses, in light of the extensive discovery developed to date and the Parties' reliance upon it thus far. Instead, the Court will permit the Parties to submit amended motions for summary judgment based on the discovery already taken. The Court recognizes that it may be beneficial to the Parties to file their amended motions after the Court has resolved Plaintiff's Motion to Exclude Expert Testimony of Dr. Jay Hoffman. (Dkt. 140) That matter has been taken under advisement.

Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion for Relief from Failure to Timely Respond, or in the Alternative, Motion for Extension of Time to Respond (Dkt. 154) is **GRANTED**, and the admissions are **STRICKEN** in their entirety.

2. Plaintiff's Motion for Summary Judgment Against All Defendants (Dkt. 141) is **DENIED WITHOUT PREJUDICE**. Plaintiff shall file an amended motion for summary judgment within thirty (30) days after the Court's resolution of Plaintiff's Motion to Exclude Expert Testimony of Dr. Jay Hoffman. (Dkt. 140) Plaintiff's amended motion for summary judgment shall be no more than fifty (50) pages.

3. Defendants' Motion for Partial Summary Judgment as to Count Three of the Amended Complaint (Dkt. 143) is **DENIED WITHOUT PREJUDICE.** Defendants shall file an amended motion for summary judgment within thirty (30) days after the Court's resolution of Plaintiff's Motion to Exclude Expert Testimony of Dr. Jay Hoffman.   (Dkt. 140)

4. Because the court has expanded the Plaintiff's page limit to fifty (50) pages for its amended motion for summary judgment, Defendants shall have an equivalent fifty (50) pages to respond.  Plaintiff's response to Defendants' amended motion for summary judgment shall not exceed twenty (20) pages.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of March, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person