UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.  Case No.: 8:15-cv-02231-MSS-TBM

**ROCA LABS, INC.,** a corporation; **ROCA LABS NUTRACEUTICAL USA, INC.,** a corporation; **MUST CURE OBESITY, CO.,** a corporation; **JURAVIN, INCORPORATED,** a corporation; **ZERO CALORIE LABS, INC.,** a corporation; **DON JURAVIN,** Individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Must Cure Obesity, Co., and Juravin, Incorporated; and **GEORGE C. WHITING,** Individually and as an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc.,

Defendants.

_____/

### DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

COME NOW Defendants DON JURAVIN ("Juravin") and JURAVIN, INC. ("Juravin, Inc."), by and through the undersigned counsel and pursuant to this Court's Order entered March 1, 2018 requiring the defendants to show cause, "why they should not be held in civil contempt for their failure to comply with the Court's previous Orders," files this response to order to show cause and in support thereof states:

1. That Juravin recognizes and accepts the finding of this Court in the Court's Order entered on March 1, 2018 (Dkt. 204) as irresponsible acts of disobedience to the previous Orders of this Court.

2. That Juravin has enjoyed an active and frequent business relationship with the sales staff of Mercedes-Benz of Tampa involving numerous vehicle purchases and trades. However, Juravin never discussed with any member of the staff at Mercedes-Benz of Tampa the terms or existences of the 2015 Asset Preservation Order (Dkt. 38) and the 2016 Asset Freeze Order. (Dkt. 90)

3. That Juravin unilaterally and improperly attempted to expand the terms of the 2015 Asset Preservation Order (Dkt. 38) and the 2016 Asset Freeze Order. (Dkt. 90)

4. That Juravin failed to avail himself to the benefit of legal counsel regarding the sale and purchase of the vehicles discussed in the Court's Order (Dkt. 204) by failing to contemporaneously inform the undersigned counsel of said negotiations with Mercedes-Benz of Tampa.

5. That after the ill-advised sales and purchase of the motor vehicles on August 10, 2017, Juravin was fully advised by legal counsel, he attempted to recapture the spirit of the asset Orders (Dkt. 38; Dkt. 90) by tendering funds in the total amount of $34,840.67 in the form of cashier's checks to be held in trust by the undersigned.

6. That the plaintiff was advised of said funds held in trust.

7. That said funds continue to be held in trust.

8. That the trade of the 2014 Kia was included to allow the purchase of the desired 2018 model purchased and reduce the number of automobiles owned by Juravin. Additionally,

the infusion of value from the Kia was applied to the value of the 2018 purchase, a vehicle which Juravin believed would come under the freeze Order.

9. That Juravin did not understand the necessity to report and the manner in which he should report the Mercedes-Benz of Tampa $16,000.00 credit. Additionally, Juravin assumed once the credit was applied to the equity of a motor vehicle, that asset would come under the freeze.

10. That upon communication by the plaintiff, Mercedes-Benz of Tampa voluntarily froze the credit of $16,000.00.

11. That Juravin proactively placed funds in trust and recognizes the continued freeze of said funds, the credit with Mercedes-Benz of Tampa, and the vehicle purchased in the agreement on August 10, 2017.

12. That the aforementioned measures will continue to preserve the defendants' assets and render the defendants' malfeasance harmless as to the intended purpose of the asset Orders.

13. That Juravin committed a series of bad judgments and loose interpretations of the asset Orders.

14. That Juravin respects the authority of this Court and understands the need for full compliance with same.

15. That Juravin admits, regrets and prays for leniency from this Court for failing to explicitly follow the Orders of this Court.

<u>Response Verification</u>

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this pleading and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

_____
Don Juravin
Individually and as an
Officer of Juravin, Inc.

STATE OF FLORIDA
COUNTY OF LAKE

Sworn to or affirmed and signed before me on this the 15th day of March, 2018 by Don Juravin who (is personally known to) me or produced the following identification_____.

_____ 3/15/2018
NOTARY PUBLIC

MARILYN IZZO
Notary Public - State of Florida
Commission # GG 023124
My Comm. Expires Aug 24, 2020

[Print, type, or stamp commissioned name of notary]

WHEREFORE, the Defendants respectfully requests this Court to enter an Order sparing the Defendants from a finding of civil contempt, freezing the Defendants' $16,000.00 credit with Mercedes-Benz of Tampa, freezing the funds in the amount of $34,840.67 in cashier's checks

currently held in trust by undersigned counsel and providing ten days to supplement funds held in trust in the amount of $81.00 to equal the amount concern by this Court.

*Glenn A. Reid*
GLENN A. REID
Attorney for the Defendants
Florida Bar # 0629898
Post Office Box 950554
Lake Mary, Florida 32795
(386) 235-1920
glenn@thereidlawoffice.com
attorneygreid@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Defendant's Response to Order to Show Cause** was electronically filed with the Clerk of Court by using the CM/ECF filing system thereby causing the instant document to be electronically served upon the following attorneys of record on this the 15th day of March, 2018:

Carl H. Settlemyer, III, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: csettlemyer@ftc.gov
Attorney for the Plaintiff

Michael Davis, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: mdavis@ftc.gov
Attorney for the Plaintiff

Paul B. Spelman, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: pspelman@ftc.gov
Attorney for the Plaintiff

*Glenn A. Reid*
GLENN A. REID
ATTORNEY