# PX13

# Defendant Don Juravin's Responses to Plaintiff's Interrogatories

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **ROCA LABS, INC.**, a corporation; **ROCA LABS NUTRACEUTICAL USA, INC.**, a corporation; **DON JURAVIN**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.; and **GEORGE WHITING**, individually and as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. <br><br> Defendants. | Civ. No. 8:15-cv-02231-MSS-TBM |

**DEFENDANT DON JURAVIN'S RESPONSES TO
PLAINTIFF'S FIRST INTERROGATORIES**

Defendant, Don Juravin ("Juravin"), submits the following responses to the Plaintiff's

First Interrogatories to Don Juravin, pursuant to Rule 33 of the Federal Rules of Civil

Procedure and Local Rule 3.03:

**GENERAL RESPONSES AND OBJECTIONS**

Each of Juravin's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive Juravin's general responses and objections.

A. The following responses reflect the current state of Juravin's knowledge, understanding and belief respecting matters about which inquiry has been made. Juravin expressly reserves his right to supplement or modify these responses with such pertinent information as he may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. Juravin expressly reserves the right to rely on, at any

time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

B.  Juravin objects to any interrogatory that seeks information constituting or containing information concerning communications between the Defendants and their counsel, which are protected by the attorney-client privilege.

C.  Juravin objects to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

D.  If Juravin inadvertently produces or discloses information or documents that are protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, such production or disclosure shall not constitute a waiver of such privileges with respect to that information or those or any other documents.  In the event that inadvertent production occurs, Plaintiff shall return all inadvertently produced documents to and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

E.  Juravin objects to any interrogatory to the extent that it purports to impose upon him any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

F.  Juravin objects to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

G.  Juravin objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

H.  Juravin objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is a matter of public record, already in the Plaintiff's possession, or otherwise readily available to Plaintiff, and, therefore, may be accessed and obtained by the Plaintiff with less burden than Juravin can identify and provide requested information.

I.  None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Plaintiff's First Set of Interrogatories. Juravin's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

J.   Juravin objects to any interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), Juravin objects to any such interrogatory on the grounds that it is premature in light of the present early stage of discovery.  Juravin expects to receive documents through discovery that will concern and provide information responsive to such interrogatories. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with such interrogatories requires Juravin to continually supplement their responses each time they receive an additional document or information concerning the subject contention on which the interrogatory seeks information. Doing so would cause Juravin to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. Accordingly, in response to any such contention interrogatory, Juravin will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserve the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

K.  Juravin objects to any interrogatory that seeks information that is already in the Plaintiff's possession.

L.   Juravin states that the answer to many of Plaintiff's interrogatories may, in substantial part, be derived or ascertained from Juravin's records as well as documents produced by Juravin in discovery. Pursuant to Fed. R. Civ. P. 33(d), as the burden of deriving or ascertaining the answer to such interrogatories from such records and documents is substantially the same for Plaintiffs, so Juravin will respond to such interrogatories by identifying the documents and records from which the answer may be ascertained.

PX13-3

## INTERROGATORIES

1. For each advertisement disseminated or published at your direction relating to a Covered Product, specify the substantiation you possessed for any performance, success, efficacy, or benefit claims about the Covered Product, including claims regarding (a) weight loss, food intake reduction, or safety or (b) scientific, clinical, medical, or other evidence proving such performance, success, efficacy, or benefit.

   **ANSWER:**

   First of all, Roca Labs claims in general that the Roca Labs regimen helps customers (1) eat less and (2) crave less. I relied on various and numerous sources of information in making performance, success, efficacy, or benefit claims about Roca Labs' products, including:

   (1) Widely published clinical studies and scholarly articles. Examples of clinical studies and scholarly articles that I relied upon are attached as **Exhibit A**;

   (2) Recommendations from at least six (6) medical doctors who advised Roca Labs: Dr. Ross B. Finesmith, Dr. Frances Ilozue; Dr. Glenn Bock; Dr. Dave David; Dr. Ahmed Badawy; and Dr. James DeStephens;

   (3) Clinical studies provided by raw material suppliers for materials used in Covered Products;

   (4) Roca Labs' personal experience with over 80,000 customers as well as my own personal experience using the Roca Labs regimen.

PX13-4

2.  Without limitation of time frame, describe all activities engaged in by each Defendant and each Affiliated Company relating to any Covered Product or to RocaLabs.com, including any formulation, testing, manufacture, packaging, delivery, advertising, marketing, promotion, web design, sale, fulfillment, customer support, management, accounting, or legal services, noting any change in the nature or scope of such activities or services over time.

**ANSWER:**

Juravin objects to this interrogatory because it is unlimited in time and scope, overly broad and unduly burdensome.  Further, Juravin also objects to the extent this interrogatory calls for information that from other defendants and third parties that is not in his possession, custody or control.   Juravin objects because this interrogatory calls for disclosure of privileged information.  Subject to and without waiving those objections, Juravin states as follows:

Roca Labs, Inc. – owned by George Whiting. Activities included producing Covered Products, obtaining FDA approval, packaging, fulfillment, sales and marketing of the Roca Labs products/regimen. Roca Labs provided customer support through its independent contractors.

Roca Labs Nutraceuticals USA, Inc. (RLN) – owned by George Whiting.  Formed to transition over operations of Roca Labs, Inc., which transition was never fully completed. Activities were essentially overlapping with those of Roca Labs, Inc.

George Whiting – Legal owner of Roca Labs and RLN. Minimal participation in day-to-day activities; delegated sales and marketing duties to Juravin.  Participated in legal proceedings as required.

Zero Calorie Labs – function was to hire and pay independent contractors, but was rarely used.

Don Juravin – Primary responsibility for day-to-day operations, marketing and sales.

Juravin, Inc. – Owned by Don Juravin. Juravin, Inc. is a holding company for certain trademarks and financed advertising for Roca Labs for a short time (around 2015). Juravin, Inc. has no other active role.

3. Identify, and detail the services provided by, all persons that any Defendant or Affiliated Company has directly or indirectly employed or retained on an independent contractor basis relating to any Covered Product or to RocaLabs.com, including formulation, testing, manufacture, packaging, delivery, advertising, marketing, promotion, web design, sale, fulfillment, customer support, management, accounting, or legal services.

**ANSWER:**

Juravin objects to this interrogatory to the extent this interrogatory calls for information from other defendants and third parties that is not in his possession, custody or control. Juravin objects because this interrogatory calls for disclosure of privileged information. Juravin objects because this interrogatory is overbroad. Subject to and without waiving those objections, Juravin states as follows:

Roca Labs has no employees, only independent contractors. The following is a list of key personnel who work or have worked for Roca Labs:

Sharon King – administrative/secretarial duties

Don Juravin – sales/marketing; created and sold formula for Roca Labs regimen to Roca Labs

Anna Juravin – shipping

Paul Berger – Legal counsel

April Goodwin – Legal counsel

Jack Uddin – advertisement and web development; managed 8 to 10 of his own employees in running advertisements, creating and managing web presence, and developing accounting software.

Peter Patil – worked with Jack Uddin

In addition to the above, Roca Labs contracted with hundreds of customer support staff and Success Coaches.

PX13-6

4. For each advertisement relating to a Covered Product, identify the person(s) who created, reviewed, and authorized its dissemination or publication.

   **ANSWER:**

   Writing and producing advertisements was totally delegated to Jack Uddin's team. However, as the individual who executed the company's general direction on a daily basis, I am responsible for all matters involving Roca Labs, including advertisements.

PX13-7

5. For each advertisement relating to a Covered Product, identify every advertising network, affiliate network, blogger, search engine, or search optimization service with which or through which such advertisements have been disseminated or published.  For each such entity or person, provide your user ID, affiliate ID, account number, or other unique number or identifying information assigned to or used by you.

**ANSWER:**

To my knowledge, Jack Uddin and his team only disseminated advertisements online through Facebook, Google Ads, Yahoo, and Bing. We also disseminated a radio advertisement through Cumulus Media.

Specific information regarding Roca Labs' advertisements for the Roca Labs regimen is attached as **Exhibit B**, including the account numbers and URLs of Roca Labs' Facebook advertisements, the account numbers, text, and visuals of Roca Labs' Google, Yahoo, and Bing advertisements, and the audio recording of Roca Labs' radio advertisement disseminated through Cumulus Media.

PX13-8

6. For each notice, form, agreement, or policy (including any privacy policy) provided to purchasers or prospective purchasers of any Covered Product, identify the person(s) who created, reviewed, authorized its use, or authorized any steps to enforce it.

**ANSWER:**

Any and all such policies and agreements were done by our attorneys listed below. I only made minor, non-substantive edits in some cases:

- Michael Schloss

- Dennis Myers

- Whitney Coyne

- John Degiralamo

- Paul Berger

- Rachel Himan

7. Identify each purchaser of a Covered Product with whom you, or persons at your direction, have communicated about any legal action, possibility of legal action, or potential legal or financial liability relating to any comment, internet posting, or other statement about any Covered Product, any Defendant, or any Affiliated Company.

**ANSWER:**

First, all sales were made online. There was no direct customer contact outside of isolated instances.

We occasionally received refund demands or threats to sue Roca Labs based on alleged non-performance of the Roca Labs regimen. We responded to all of these communications with a form template email. A copy of the form template email is attached as **Exhibit C**. Our general policy is to give no money back in response to refund demands, because we know Roca Labs' products are successful if used properly. Limited exceptions were made by Sharon King, in her discretion. To my knowledge, the following is a complete list of email accounts to which the form template was sent, with the relevant dates:

Lisabeth Goodheart EMAIL REDACTED       Feb 19, 2014
C. Damon EMAIL REDACTED   Feb 2, 2014
Theodore Gersdorf EMAIL REDACTED   Dec 27, 2013
Yvonne Meek EMAIL REDACTED   Dec 21, 2013
Bonnie Mueller EMAIL REDACTED   Nov 19, 2013
Natalie Bruno EMAIL REDACTED   Nov 6, 2013
Lorrie Zuzek EMAIL REDACTED   Oct 7, 2013
Edward Jones EMAIL REDACTED   Oct 7, 2013
Diane Kolleck EMAIL REDACTED   Sep 5, 2013
Mary Abo-kurshien EMAIL REDACTED   Sep 11, 2013
Cheri Lee EMAIL REDACTED   Sep 1, 2013
Nicole Stocker EMAIL REDACTED   Jul 16, 2013
Teri Quigley EMAIL REDACTED   Jun 19, 2013
Shannon Horn EMAIL REDACTED   Jul 2, 2013
Emilio Garcia EMAIL REDACTED   Jul 19, 2013
Michael Brown EMAIL REDACTED   Jun 7, 2013
Jenny Sanchez EMAIL REDACTED   Apr 30, 2013
Elisa Schoepke EMAIL REDACTED   Apr 26, 2013
Latonya Buggs EMAIL REDACTED   Feb 24, 2013
Saba Kassab-Matti EMAIL REDACTED   Feb 19, 2013
Majed Alani EMAIL REDACTED   Feb 15, 2013
Kawanna Dixon EMAIL REDACTED   Feb 8, 2013
Alfred Newman EMAIL REDACTED   Jan 6, 2013
María José Villarroel EMAIL REDACTED   Dec 12, 2012
Sandy Jordan EMAIL REDACTED   Dec 10, 2012

PX13-10

8. For each advertisement that included or linked to actual or purported testimonials relating to a Covered Product, identify the testimonialist and state the URLs or other identifiers of any videos in which the testimonialist discussed the Covered Product.

**ANSWER:**

Juravin objects to this interrogatory to the extent that it is overbroad. Juravin further objects to this interrogatory to the extent that it requests information that is not in his possession, custody or control. Without waiving these objections, Juravin states as follows:

Many customers would unilaterally upload videos online describing their success stories with the Roca Labs regimen. Roca Labs would then find these organically generated videos and add them to its website if the weight loss appeared to be genuine. Roca Labs would also contact customers who re-ordered the Roca Labs regimen and offer a discount (usually 50%) on their re-order if they made a video documenting their success and posted it online. Nobody was ever paid for their testimonials, except at the very beginning actors were used in 2-3 testimonials to inspire new users and jump-start the brand. Each of these early testimonials have since been removed.

In rare success-story cases, such as where users lost 100 pounds or more, Roca Labs sent independent videographers to their homes to film them. I would estimate that there were 8-10 of these "Star" users. Roca Labs never paid them to say anything in their videos.

Roca Labs does not have contact or other identifying information for the vast majority of the testimonialists in the above-described videos, because the videos were organically generated by successful users, not by Roca Labs. Even where Roca Labs would find these videos and link to them on its website, typically it did so without seeking out or otherwise receiving contact or other identifying information from the relevant customer.

PX13-11

9. For each advertisement that included or linked to actual or purported testimonials relating to a Covered Product, detail the circumstances in which the testimonial was obtained, including any payments, free product, or other consideration provided, whether by you or through a third party, documents exchanged and mode(s) of communication, dates of interactions, duration of use of the Covered Product, and the means, if any, used to determine whether the testimonialist actually achieved the claimed results.

**ANSWER:**

Juravin objects to this interrogatory to the extent that it is overbroad. Without waiving this objection, Juravin restates and incorporates by reference his answer to Interrogatory #8 above.

In particular with respect to compensation paid to testimonialists, Juravin restates that frequently when customers re-ordered the Roca Labs regimen, Roca Labs would contact these customers and offer a discount (usually 50%) on their re-order if they made a video documenting their success and posted it online. Other than that, <u>nobody</u> was ever paid for their testimonials, except at the very beginning actors were used in 2-3 testimonials to inspire new users and jump-start the brand. Each of these early testimonials have since been removed.

PX13-12

10. Identify each person answering these interrogatories and identify any documents reviewed in responding thereto.

   **ANSWER:**

   Don Juravin

PX13-13

## VERIFICATION

I, Don Juravin, have read the foregoing Responses, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Responses are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to under the penalties of perjury this 26 day of February 2016.

_____
Don Juravin

As to Objections:


s/Suzette Marteny
Suzette Marteny
(Trial Counsel)
FBN: 668591
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd. Ste 2800
Tampa FL 33602
813-227-2272 (Direct)
813-229-7600 (Main)
813-229-1660 (Fax)
smarteny@slk-law.com (primary)
mschwalbach@slk-law.com (secondary)
*Attorneys for Defendants Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., Don Juravin, and George C. Whiting*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 29th day of February, 2016, I served the foregoing **Defendant Don Juravin's Response to Plaintiff's First Interrogatories** electronically by email to counsel for Plaintiff, Carl H. Settlemyer csettlemyer@ftc.gov and Paul Bryan Spelman pspelman@ftc.gov.

s/Suzette Marteny
Attorney

-14-

PX13-14