UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

ROCA LABS, INC., a corporation;
ROCA LABS NUTRACEUTICAL
USA, INC., a corporation; MUST
CURE OBESITY, CO., a corporation;
JURAVIN, INCORPORATED, a
corporation; ZERO CALORIE LABS,
INC., a corporation; DON JURAVIN,
individually and as an officer of Roca
Labs, Inc., Roca Labs Nutraceutical
USA, Inc., Must Cure Obesity, Co.,
and Juravin, Incorporated; and
GEORGE C. WHITING,
individually and as an officer of Roca
Labs, Inc., Roca Labs Nutraceutical
USA, Inc., and Zero Calorie Labs, Inc.,

    Defendants.
_____/

Case No. 8:15-cv-2231-T-35CPT

## ORDER

Before the Court are (1) *Plaintiff's Motion to Compel* Defendant Don Juravin (Juravin) to answer seven interrogatories (Motion to Compel); and (2) *Defendant Don Juravin's Motion for Protective Order on Plaintiff's Interrogatories to Defendant Don Juravin Regarding PayPal Transactions* (Motion for Protective Order). *See* (Docs. 184, 188). For the reasons below, the Motion to Compel is granted and the Motion for Protective Order is denied.

## BACKGROUND

The Plaintiff initiated this action in September 2015, alleging that Juravin and the other defendants had violated and continued to violate Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52, in connection with the advertising and sale of weight-loss products and the use of contractual provisions prohibiting purchasers from providing negative commentary. (Doc. 1).

In October 2015, the Court entered a *Preliminary Injunction and Order for Other Relief* (October 2015 Order) restraining Juravin and three of the defendants from "directly or indirectly" disposing of any assets owned, controlled or held by, or for the benefit of, these defendants, other than those assets used for actual, ordinary, and necessary business or living expenses. (Doc. 38 at 11). The October 2015 Order further prohibited Juravin and these defendants from "[c]reating, operating, or exercising any control over any business entity . . . without first providing the [Plaintiff] with a written statement disclosing" certain information regarding the business entity and its officers, directors, principals, managers, and employees. *Id.* at 13-14.

Almost a year later, in September 2016, the Court entered a *Stipulated Preliminary Injunction Freezing Assets with Other Equitable Relief* (September 2016 Order) against Juravin and certain defendants (collectively, Asset Freeze Defendants), who the Plaintiff named in an Amended Complaint filed in February 2016. *See* (Docs. 48, 90). The September 2016 Order was prompted by evidence that Juravin had

attempted to conceal, dissipate, transfer, or dispose of assets owned, controlled, or held by, or for the benefit of, himself or the other defendants. (Doc. 90 at 3-5).

Of significance here, the September 2016 Order authorized the Plaintiff to conduct limited expedited discovery "at any time" for the purpose of "discovering and confirming the nature, location, status, and extent" of Juravin's assets or those of the other Asset Freeze Defendants. *Id.* at 14-16. The September 2016 Order made clear that the authorized discovery included the use of interrogatories, providing:

> The [Plaintiff] may serve interrogatories upon [Juravin and the other] Asset Freeze Defendants, and [Juravin and the other] Asset Freeze Defendants shall respond within five (5) days after the [Plaintiff] serves such interrogatories. The service of interrogatories pursuant to this Section, notwithstanding Rule 33(a)(1) of the Federal Rules of Civil Procedure, shall not preclude the [Plaintiff] from serving any future interrogatories upon [Juravin and the other] Asset Freeze Defendants in this action.

*Id.* at 15.

Pursuant to the September 2016 Order, the Plaintiff served Juravin with seven interrogatories seeking information regarding the nature, location, status, and extent of Juravin's assets since the initiation of this litigation. (Doc. 184 at 5-7). When Juravin failed to answer these interrogatories, the Plaintiff filed its Motion to Compel. (Doc. 184). In response to the Motion to Compel, Juravin filed his Motion for Protective Order. (Doc. 188). The Plaintiff, in turn, responded in opposition to the Motion for Protective Order. (Doc. 192).

## DISCUSSION

In its Motion to Compel, the Plaintiff maintains that the challenged interrogatories are necessary to determine whether Juravin has concealed or dissipated assets, in violation of the Court's October 2015 and September 2016 Orders. (Doc. 184 at 1-2). In support of this contention, the Plaintiff asserts that three of the interrogatories seek information about business relationships that Juravin is already obligated to disclose to the Plaintiff pursuant to the Court's October 2015 Order, while the remaining four interrogatories request "targeted, basic information about approximately two dozen transactions and documents relating to them." *Id.* at 7.

In response, Juravin argues that the Plaintiff's interrogatories are untimely, exceed the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1), and seek information regarding areas of inquiry that have already been explored in prior depositions conducted in this case. (Doc. 188 at 5-8).

Upon due consideration of the matter, the Court finds Juravin's objections to the Plaintiff's interrogatories unavailing. As even Juravin tacitly acknowledges, the Court's September 2016 Order specifically authorizes the Plaintiff to utilize the type of interrogatories challenged here. *See* (Doc. 188 at 8). Furthermore, as required by the Court's September 2016 Order, these interrogatories are limited to "discovering and confirming the nature, location, status, and extent" of Juravin's assets. *See* (Doc. 90 at 14). And, for the reasons set forth in the Plaintiff's Motion to Compel and its opposition to Juravin's Motion for Protective Order (Doc. 192),

4

the interrogatories are proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).

For essentially the same reasons, the Court finds that Juravin has failed to demonstrate good cause for the issuance of a protective order under Rule 26(c). *See* Fed. R. Civ. P. 26(c); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (party seeking Rule 26(c) protective order "has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order") (citation omitted).

In light of all of the above, it is hereby ORDERED:

1) The Plaintiff's Motion to Compel (Doc. 184) is GRANTED;

2) Defendant Juravin's Motion for Protective Order (Doc. 188), including his request for an award of fees and costs, is DENIED; and

3) Within five (5) days of the date of this Order, Juravin shall provide full and complete responses to the Plaintiff's seven interrogatories.

DONE and ORDERED in Tampa, Florida, this 21st day of May 2018.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record