UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.                                            Case No: 8:15-cv-2231-MSS-TBS

ROCA LABS, INC., a corporation;
ROCA LABS NUTRACEUTICAL USA,
INC., a corporation; DON JURAVIN,
individually and as an Officer of Roca
Labs, Inc. and Roca Labs Nutraceutical
USA, Inc.; and, GEORGE C. WHITING,
individually and as an Officer of Roca Labs,
Inc. and Roca Labs Nutraceutical USA, Inc.;

    Defendants.

_____/

## ATTORNEY GLENN A. REID'S MOTION TO WITHDRAW
## AS ATTORNEY FOR DEFENDANTS

COMES NOW attorney of record in this matter, Glenn A. Reid, ("Reid" or "Attorney"), pursuant to Rules 4-1.16 (a) (3), (b)(1) and (b)(2) of the *Rules Regulating the Florida Bar* and Local Rule 203(b), hereby files this, his Motion to Withdraw as Attorney for Defendants Roca Labs, Inc., Roca Labs Nutraceuticals USA, Inc., Juravin Incorporated, Must Cure Obesity Co., Don Juravin, George Whiting, and Zero Calorie Labs, Inc., (collectively, "Defendants"), and moves this Court to enter an Order allowing Reid to withdraw as attorney for Defendants upon the expiration of 10 days from the date of this pleading, and in support thereof states as follows:

1. Attorney Reid seeks leave of Court through the instant Motion to Withdraw from the instant matter and released of all responsibilities of same.

2. Attorney Reid entered his appearance notice as, "additional," counsel on February 28, 2017. (Dkt. 114)

3. The instant case was already a long pending matter since 2015 and was near or at the scheduled closure of discovery.

4. Attorney Reid was never intended to be the lead counsel in this matter but an addition for the sole purpose to address tangential issues while lead counsel, Suzette Marteny, focussed on the deadlines for possible dispositive motions at the end of March 2017.

5. Upon Attorney Marteny's receipt of the Order granting her withdrawal motion filed approximately 45 days prior, Attorney Reid unexpectedly inherited the de facto mantle of sole counsel for Defendants in this case.

6. Throughout the remainder of the calendar year of 2017, there had come to exist numerous conflicts and impediments of communication between Attorney and the Defendants.

7. Subsequent to the withdrawal of Attorney Marteny and the rapid deterioration of the attorney and clients relationship, Reid's responsibilities were reduced and the Defendants retained the services of Attorney Andrew Hill in October of 2017.

8. Attorney Hill entered his appearance and swiftly assumed the duties as lead counsel.

9. Attorney Hill has served in the capacity of lead counsel for more than 6 months.

10. At present, the relationship between attorney and clients has become irretrievably broken with numerous irreconcilable conflicts.

11. Due to the capable and prodigious practice currently provided by Mr. Hill, the granting of this motion allowing Attorney Reid to withdraw and be released from all responsibility in

    this case will not result in any prejudice to any of the parties to this matter as the Defendants are and will continue to be well served.

12. Pursuant to Local Rule 3.01(g), the undersigned conducted a conference with Plaintiff Counsel for the purpose of discussing the content of the instant motion and seek Plaintiff's position as to the relief sought.

13. Plaintiff's Counsel has no objection to the relief sought in the instant motion so long as the granting of said motion does not result in prejudicing the Plaintiff such as use of such an Order for the purpose of a delay in the case.

14. Additionally, Plaintiff's Counsel stated that their response to the instant motion will be filed shortly.

15. The undersigned attempted numerous times to contact Attorney Hill to schedule his involvement with the aforementioned conference under Local Rule 3.01(g).

16. Hill failed to respond to those numerous attempts and the conference was scheduled unilaterally.

17. Further, Hill was notified of the scheduled date and time of the conference and was invited to attend.

18. Hill, again, failed to respond and did not attend the conference with Plaintiff's Counsel scheduled by the undersigned.

19. Without prior consultation or notification to the undersigned, Defendants filed this afternoon a pleading (Dkt. 224) in which it is clearly articulated that Attorney Reid has been discharged by the Defendants.

20. In said pleading, Defendants maintain that the withdrawal requested herein would not result in the prejudice of the Defendants as Attorney Hill has been acting in the capacity as lead counsel for a number of months.

WHEREFORE, Attorney Reid prays this Court, upon the expiration of 10 days from the date of the instant pleading, enter an Order granting Attorney Glenn A. Reid's Motion to Withdraw as Attorney for the Defendants allowing Reid to withdraw from this matter, relieve Attorney Reid from the responsibilities associated with this case and further relief this Court deems just and proper.

       /s/ Glenn A. Reid_____
       GLENN A. REID
       Attorney for the Defendants
       Florida Bar # 0629898
       Post Office Box 950554
       Lake Mary, Florida 32795
       (386) 235-1920
       glenn@thereidlawoffice.com
       attorneygreid@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Attorney Glenn A. Reid's Motion to Withdraw as Attorney for the Defendants** by electronic mail to the following attorneys of record on this the 6th day of June, 2017:

Carl H. Settlemyer, III, Esquire
Electronic Mail: csettlemyer@ftc.gov
Paul B. Spelman, Esquire
Electronic Mail: pspelman@ftc.gov
Michael Davis, Esquire
Electronic Mail: mdavis@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Attorneys for the Plaintiff

Andrew C. Hill, Esquire
Electronic Mail: legal8@gastric.care
6136 Cypress Hill Road
Winter Garden, Florida 34787
Attorney for the Defendants

       /s/ Glenn A. Reid_____
       GLENN A. REID
       ATTORNEY