UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.                                                  Case No: 8:15-cv-2231-MSS-TBM

ROCA LABS, INC., a corporation;
ROCA LABS NUTRACEUTICAL USA,
INC., a corporation; MUST CURE OBESITY CO.,
a corporation; JURAVIN, INCORPORATED,
a corporation; ZERO CALORIE LABS, INC.,
a corporation; DON JURAVIN, individually
and as an officer of Roca Labs, Inc.,
Roca Labs Nutraceutical USA, Inc.,
Must Cure Obesity, Co., and Juravin, Incorporated;
and, GEORGE C. WHITING, individually
and as an officer of Zero Calorie Labs, Inc.,
of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc.;

    Defendants.

_____/

## DEFENDANTS' MOTION TO ALTER, AMEND, AND/OR CLARIFY ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

COME NOW the Defendants, ROCA LABS, INC., a corporation; ROCA LABS NUTRACEUTICAL USA, INC., a corporation; MUST CURE OBESITY, CO., a corporation; JURAVIN, INCORPORATED, a corporation; ZERO CALORIE LABS, INC., a corporation; DON JURAVIN, and GEORGE C. WHITING, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 59(e), file this, their Motion to Alter, Amend, and/or Clarify Order Granting Summary Judgment for Plaintiff (the "Motion"), and in support thereof state as follows:

1

**FACTS AND PROCEDURAL BACKGROUND**

On September 14, 2018, this Court entered an Order (the "Order") (Dkt. 234) addressing Plaintiff's Amended Motion for Summary Judgment Against All Defendants (Dkt. 210); Defendants' response in opposition thereto (Dkt. 221); Plaintiff's reply (Dkt. 228); Defendants' [Amended] Motion for Partial Summary Judgment as to County Three of the Amended Complaint (Dkt. 212); and Plaintiff's response in opposition thereto (Dkt. 216). The Order granted Plaintiff's Amended Motion for Summary Judgment (Dkt. 210), and denied Defendants' [Amended] Motion for Partial Summary Judgment (Dkt. 212).

In the Order, this Court ruled in favor of the Plaintiff, against all Defendants, on all counts. (Dkt. 234, p. 41). Additionally, this Court ruled that disgorgement was the proper remedy, measured "by the amount of gross sales revenue minus the amount of customer refunds returned to consumers." (Id., p. 37). While the Order fixed the amount of gross sales at $26.6 million, the Order held that the Plaintiff's "reasonable approximation" of $1,354,000.00 as the customer refund amount was not supported anywhere in the record. (Id.). Accordingly, the Court took the amount of damages "under advisement" and ordered the parties to file supplemental memoranda addressing the appropriate amount of customer refunds. (Id., p. 41).[1]

**THE NECESSITY OF AMENDING OR ALTERING THE ORDER**

Under federal procedural rules, the timeliness of Defendants' submissions seeking review of the Order, at both the trial and appellate level, are tied to when this Court issues its judgment or order. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no

---

[1] Plaintiff's supplemental memorandum is due no later than October 5, 2018. Defendants' response is due fourteen (14) days after Plaintiff's submission. (Dkt. 234, p. 41).

later than 28 days after the entry of the judgment")[2] and Fed. R. App. P. 4(a)(1)(B)(ii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is a United States agency[.]"). Based upon the specific language in the Order, it is unclear to the Defendants if a motion for rehearing on issues of liability must be filed by October 12, 2018 (28 days after issuance of the Order), or within 28 days after this Court has resolved the issue of damages. Similarly, for purposes of seeking appellate review of this Court's determination of liability, it is unclear whether the 60 days afforded to Defendants to file a notice of appeal has already begun to run as of September 14, 2018, or if it will only begin after this Court determines an amount of damages, and issues an order regarding the same.

## MEMORANDUM OF LAW

"A motion to clarify an order as to the court's intent regarding the continuation of… proceedings is considered a motion to alter or amend the judgment, under Rule 59(e), Federal Rules of Civil Procedure." Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. Nov. 12, 1993); Perkie v. Group Technologies, Inc., 1995 WL 91379, *2 (M.D. Fla. Feb. 27, 1995); Prince v. Stewart, 580 F.3d 571, 573 (7th Cir. 2009) (motion for clarification of order denying motion to reopen dismissed case, for procedural purposes, is a motion to alter or amend judgment under 59(e)); Birdsong v. Wrotenbery, 901 F.2d 1270, 1272 (5th Cir. 1990); *see, also* Barry v. Bowen, 825 F.2d 1324, 1328-1329 (9th Cir. 1987).

---

[2] Fed. R. Civ. P. 59(e) is the proper procedural vehicle for a motion for reconsideration of an order granting summary judgment. Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1021 (11th Cir. 1988).

In the instant case, altering, amending, and/or clarifying the Order will not prejudice the Plaintiff in any way. On the contrary, granting the instant motion will only serve to avoid prejudice to the Defendants, by clearly establishing when the time period for seeking review of the Order (by this Court, the appellate court, or both) begins, thus safeguarding the Defendants' rights, and ensuring that the Defendants do not unintentionally waive these rights through a procedural technicality.

WHEREFORE, Defendants respectfully request this Court enter an Order amending, altering, and or clarifying its Order of September 14, 2018, and for such further relief as this Court deems just and proper.

/s/ Andrew C. Hill
Andrew C. Hill
Attorney for the Defendants
Florida Bar # 46755
6136 Cypress Hill Road
Winter Garden, Florida 34787
(813) 410-1648
legal8@gastric.care
pleadings@gastric.care

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court utilizing the CM/ECF this the 27th day of September, 2018 and which will electronically transmit an electronic copy to:

Carl H. Settlemyer, III, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: csettlemyer@ftc.gov
Attorney for the Plaintiff

Paul B. Spelman, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: pspelman@ftc.gov
Attorney for the Plaintiff

Michael Davis, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W., CC-10528
Washington, D.C. 20580
Electronic Mail: mdavis@ftc.gov
Attorney for the Plaintiff

        */s/ Andrew C. Hill*
        Andrew C. Hill
        ATTORNEY

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that on September 24, 2018, he conferred, in good faith, with Carl Settlemyer, attorney for Plaintiff, regarding the instant motion. While the Plaintiff does not oppose the Court clarifying when the time period for seeking review of the Order begins, the Plaintiff intends to file a response explaining its view that the Order is not final and appealable.

        */s/ Andrew C. Hill*
        Andrew C. Hill
        ATTORNEY