UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                    **Case No: 8:15-cv-2231-T-35TBM**

**ROCA LABS, INC., a corporation, ROCA LABS NUTRACEUTICAL USA, INC., a corporation, DON JURAVIN, individually, DON JURAVIN, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. Must Cure Obesity, Co and Juravin, Inc., GEORGE C. WHITING, individually, GEORGE C. WHITING, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. and Zero Calorie Labs, Inc., MUST CURE OBESITY, CO., a corporation, JURAVIN, INCORPORATED, a corporation, and ZERO CALORIE LABS, INC., a corporation,**

    **Defendants.**
_____/

## ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Emergency Motion to Partially Maintain Asset Freeze Pending Turnover of Frozen Funds, (Dkt. 242), and the Supplement to Plaintiff's Emergency Motion.[1] (Dkt. 244) Plaintiff FTC requests

---

[1] The Court notes that in Plaintiff FTC's Supplement to Plaintiff's Emergency Motion to Partially Maintain Asset Freeze Pending Turnover of Frozen Funds, the FTC states that Defendants' counsel of record, Andrew Hill, communicated via telephone that "he had not been able to access the [emergency] motion, could not take a position on behalf of the Defendants because he no longer represents them, and that he plans to file a motion to withdraw as counsel in this case." (Dkt. 244 at 1-2) Pursuant to Local Rule 2.03(b):

    No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of

the extension of the Parties' Stipulated Preliminary Injunction Freezing Assets, (Dkt. 90), to "prevent the dissipation of those funds that the Court's prior orders have preserved for consumer redress. . . ." (Dkt. 242 at 1)  Plaintiff additionally "seeks leave to file a proposed order" to modify the Court's Order for Permanent Injunction and Monetary Judgment, (Dkt. 241), that would include a "Permanent Injunction to effectuate the transfer of these frozen funds in partial satisfaction of the monetary judgment."  (Dkt. 242)

Upon consideration of all relevant filings, case law, and being otherwise fully advised, it is hereby **ORDERED** as follows:

1. The Parties' Stipulated Preliminary Injunction Freezing Assets, (Dkt. 90), shall be extended up to and including **twenty-eight (28) days** from the date of this Order.

2. The Court **DIRECTS** Plaintiff FTC to confer with Defendants' counsel and, if appropriate, file an agreed upon proposed order to modify the Court's Order for Permanent Injunction and Monetary Judgment, (Dkt. 241).  In the event counsel is unable to agree on a proposed order, the Court **DIRECTS** Plaintiff FTC to file a motion for the requested relief.

**DONE and ORDERED** at Tampa, Florida this 9th day of November, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party

---

Court obtained after giving 10 days' notice to the party or client affected thereby, and to opposing counsel.

Local Rule 2.03(b).  Consequently, Mr. Hill is the counsel of record on behalf of all Defendants in this matter and shall counsel of record until he notifies the Court of his intent to withdraw his appearance, and thereafter, obtains written leave of the Court to withdraw, in accordance with the Middle District of Florida local rules.