**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.   Case No: 8:15-cv-2231-T-35TBM

**ROCA LABS, INC., a corporation, ROCA LABS NUTRACEUTICAL USA, INC., a corporation, DON JURAVIN, individually, DON JURAVIN, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. Must Cure Obesity, Co and Juravin, Inc., GEORGE C. WHITING, individually, GEORGE C. WHITING, as an officer of Roca Labs, Inc. and Roca Labs Nutraceutical USA, Inc. and Zero Calorie Labs, Inc., MUST CURE OBESITY, CO., a corporation, JURAVIN, INCORPORATED, a corporation, and ZERO CALORIE LABS, INC., a corporation,**

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Alter or Amend Order for Permanent Injunction and Monetary Judgment ("Motion to Alter"), (Dkt. 246), and Plaintiff's Motion to Further Extend Asset Freeze. (Dkt. 251)

In the Motion to Alter, Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") seeks to alter or amend the Court's Order for Permanent Injunction and Monetary Judgment ("Permanent Injunction"), (Dkt. 241), by entering the proposed Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Proposed Order"), attached as Exhibit A to the Motion to Alter. (Dkt. 246-2)  The FTC asserts that while "the

Permanent Injunction enjoins the specific conduct alleged in the FTC's complaint, it does not include turnover provisions for funds in the hands of third parties" or "specify how the FTC may dispose of the funds collected, including for consumer redress or disgorgement to the Treasury if redress is not feasible." Id. at 1.  The FTC contends that "the Proposed Order includes the necessary asset turnover provisions" and "language specifying how the FTC may dispose of the funds it collects." Id.

On December 4, 2018, the Court extended the Stipulated Preliminary Injunction Freezing Assets, (Dkt. 90), until January 7, 2019.  (Dkt. 247)  In the Order, the Court directed Defendants' new counsel to enter appearance on the record[1] and to file a response to Plaintiff Motion to Alter, (Dkt. 246), within fourteen (14) days of the date on which the Motion was filed.  (Id.)  Defendants' response to the Motion to Alter was due on December 18, 2018.  To date, Defendants have failed to respond to Plaintiff's Motion to Alter and no attorney has entered appearance on behalf of the Defendants since Mr. Andrew Hill's appearance entered over a year ago.  (Dkt. 198)   Therefore, the Court

---

[1] In the Motion to Alter, Plaintiff's counsel represents that he "conferred with attorneys for the Defendants (not Defendants' counsel of record) regarding the Proposed Order prior to filing th[e] motion." (Dkt. 246 at 21)  In the Motion to Extend, Plaintiff's counsel represents that he attempted to contact Defendants' counsel of record, Andrew Hill, prior to filing the Motion "by sending an email and telephoning his office, but has not received a response." (Dkt. 251 at 2)  Plaintiff's counsel further represents that he contacted a different "attorney for Defendants (not Defendants' counsel of record)" who  "stat[ed] that she was no longer working with Defendants in any capacity but that she had forwarded [Plaintiff's counsel's] email to Defendant Don Juravin and to another attorney who was working with Defendants."  Pursuant to Local Rule 2.03(b):

> No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving 10 days' notice to the party or client affected thereby, and to opposing counsel.

Local Rule 2.03(b).  Consequently, Mr. Hill is the counsel of record on behalf of all Defendants in this matter and shall remain counsel of record until he notifies the Court of his intent to withdraw his appearance, and thereafter, obtains written leave of the Court to withdraw, in accordance with the Middle District of Florida Local Rules.

construes the Motion to Alter as unopposed. On January 3, 2019, Plaintiff FTC filed a Motion to Further Extend Asset Freeze. (Dkt. 251) In the Motion, FTC seeks to further extend the asset freeze pending resolution of the Motion to Alter. (Id.)

Accordingly, upon consideration of all relevant filings, case law, and being otherwise fully advised, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Alter or Amend Order for Permanent Injunction and Monetary Judgment, (Dkt. 246), is **GRANTED**. The form of judgment is entered contemporaneously herewith, as set forth in the Proposed Order attached as Exhibit A to the Motion. (Dkt. 246–2)
2. Plaintiff's Motion to Further Extend Asset Freeze, (Dkt. 251), is **DENIED AS MOOT**.

**DONE and ORDERED** at Tampa, Florida this 4th day of January, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party